2:06-CV-833-MEF

## FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

*Robert Twyman, Jr*

Name

*147435*

Prison Number

2006 SEP 18 A 11:01

*Bibb County Correctional Facility*

Place of Confinement

United States District Court *Middle* _____ District of *Alabama*

Case No. _____

(To be supplied by Clerk of U. S. District Court)

*Robert Twyman, Jr.* _____ , PETITIONER

(Full Name) (Include name under which you were convicted)

*Alabama Department of Corrections; Richard Allen, Prison*

*Commissioner; and Kathy Holt, Director of Central Record; Et al.* , RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF *Alabama, Troy King*

*Kim Thomas, ALDOC Legal Division* _____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be
served in the <u>future</u>, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the <u>future</u>
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
## STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material fact
may serve as the basis for prosecution and conviction for perjury. All
questions must be answered concisely in the proper space on the form.

N955

. The Judicial Conference of the United States has adopted, effective 1/1/ 83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack *Bibb County Circuit Court ; P.O. Box 185 ; Centreville, Al. 35042*

2. Date of judgment of conviction *April 4, 2005, denial of Habeas Corpus*

3. Length of sentence *N/A*  Sentencing Judge *Thomas a.R. Jones*

4.. Nature of offense or offenses for which you were convicted: *Petitioner filed a State Habeas Corpus, alleging the respendents Violated, his Constitution Rights*

5. What was your plea?   (check one)
   (a) Not guilty  (X)
   (b) Guilty     ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

   _____
   _____

6. Kind of trial:    (Check one)
   (a) Jury  ( )     *The Bibb Co. Cir. Ct. would not grant an Evidentiary*
   (b) Judge only  (X)   *hearing*

7. Did you testify at the trial?  Yes ( )   No (X)

8. Did you appeal from the judgment of conviction?    Yes (X)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court *Alabama Court of Criminal Appeals*
   (b) Result *Affirmed*
   (c) Date of result *October 21, 2005*
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: *November 2, 2005 petitioner filed for Application for Rehearing. Overruled Nov. 10, 2005. Nov. 22, 05, petition for Writ of Certiorari to the Alabama Supreme Court. Writ denied March 10, 2006*

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes ( )   No (X)

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____

        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No ( )
        (5) Result _____
        (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc.            Yes ( )    No ( )

(2) Second petition, etc.           Yes ( )    No ( )

(3) Third petition, etc.            Yes ( )    No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

## FACTS OF THE CASE

Petitioner not challenging any decision of the Alabama
Board of Pardons and Paroles. Petitioner's challenging the procedure
(warrant) which placed him in the custody of the Alabama Department
of Corrections, in march of 2004, and the matter (dead time)
to prolong his present incarceration in the Alabama Department
of Correction, until 2015.

On May 27, 1996, petitioner was released from the ALDOC
to the Alabama Board of Pardons and Paroles. Petitioner was
paroled to Talladega County, Al., under the superviser of a
Rita Haywood. Haywood applied petitioner for a transfer of parole
to Cobb County, Ga., and a pardon from his conviction of Attempt
Assault in the First Degree. **NOTE:** Petitioner's the only person
on record, in the history of the State of Alabama to be indicted,
trialed and convicted of a felony for Attempt Assault in the
First Degree.

Petitioner's parole transfer was approved he proceeded
to Marrietta, Ga., where he was supervised by the State of Georgia.
Petitioner started a law care service, and become involved with
a Verconia Evans. After a period of time petitioner knew Evans
had no intention of doing him self or anyone else any good,
she only cause problems. Evans had petitioner arrested, with
false charges more than once. She never appeared in Court. While
petitioner was in jail, Evans had no means of supporting herself
or her kids, so shw would notify her family in other states,
(she would not work). Evans family would send for her so she
would go live with them. Each time upon petitioner release,
Evans would return to Ga., with a sad story, petitioner (being
a fool) would take her back. Petitioner's parole officer, two
Ga. attorney and a Cobb County Judge all told petitioner to
stay away from Evans.

Upon the advise of the Ga. State appointed attorney petitioner
plead guilty to certain misdemeanor charges, with the understanding
from the Cobb County Court that his parole would not be violated.

Prior to pleading to the misdemeanor charges, petitioner had been beaten while in custody of CCDC by 10-12 member of a gang, while in jail. Each of petitioner eyes had 10 to 18 stitiches over them. One of the gang member received an assault charge for his behavior in the beating. Petitioner was under the doctor care, and tried of being lock-up, on the false charges. Petitioner law car service was going broke, he wanted out of jail.

At the time respondents so-called issued the Fugitive Warrants petitioner was in the custody of the CCDC. The warrant was never served upon the petitioner. In fact petititoner Ga., parole officer stated the day of the arrest, no detainer would be placed against him.

In February 2004, in Talladega Al., a Linda Hill approached petitioner at the jail, upon some unrelated charges claiming petitioner was a parole violater, with a so-called copy of the warrant, but would not allow petitioner to view the document.

In a prior 28 U.S.C. § 2241, in this Court, the Middle District of alabama, which was dismissed without prejudice, Twyman v. Campbell, 2:04 CV-341-F, the Alabama Board of Pardons and Paroles stated, "The Georgia parole officer subsequently recommended that Twyman be continued on parole supervision. The Alabama Board of Pardons and Paroles accepted this recommendation and voided its declaration of delinquency. For some reason, unknown to the Board, the fugitive warrant issued by the Department of Corrections wan not voided."

The respondents stated in the State Habeas Corpus procedures; "it is the responsibility of the Alabma Department of Correction and not the Alabama Pardons and Parole Board to issdue warrants of the retaking and return of prisoners."

WHEREAS, IT"S THE DUTIES OF THIS Court, to ensure that the petitioner is not deprivated of his constitutional or federally rights by the fact or length of his incarceration.

The respondents placed a so-called Fugitive Warrant in their computer on June 9, 1998, but did nor remove it when the Alabama Board of Pardons and Paroles acknowledge there was no need for such a warrant. That warrant was never forward to the place of petitioner confinement, the NCIC, or to the Alabama

Department of Public Safety. The warrant supposely was signed
by the Commissioner of the ALDOC, (executive power), without
a State Seal. The Constitution requires a netural and detached
Judge or Magistrate to issue warrants (judicial power), not
a prison Commissioner. This procedure violates the Federal Constitution.

In 2004, petitioner was returned to prison soley upon a
warrant which should have been voided in 1998, by the respondents.
Petitioner has been incarcerated since 2004, now 2006 and remains
in custody in violation of his Constitution Rights.

Respondents Kathy Holt (executive department ) Director
of ALDOC Central Records has stated petitioner was declared
delinquent from June 8, 1998, until February 13, 2004, for a
total of 5 years 8 months and 5 days of dead time. This respondents
has added this dead time to petitioner original sentence. However
this official is not a member of the (judicial Department).
Petitioner has never been indicted, trial or convicted of escape,
or any other felony offense since 1988.

The respondents has clearly violated the Constitution of
Alabama , 1901, and the Federal Constitution, by sentencing
petitioner to an additional 5 years, 8 months and 5 day, without
a complaint, warrant, indictment, or trial before a Judicial
Court.

A. Ground one: _____

   Supporting FACTS   (tell your story briefly without citing cases or law): _
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

B. Ground two: _____

   Supporting FACTS   (tell your story briefly without citing cases or law): _
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

C. Ground three: _____

   Supporting FACTS   (tell your story briefly without citing cases or law): _
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

D. Ground four: _____

Supporting FACTS   (tell your story briefly without citing cases or law): .

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )  No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____
(b) At arraignment and plea _____
(c) At trial _____
(d) At sentencing _____
(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (X)

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____

(b) And give date and length of sentence to be served in the future: _____
_____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    No (X)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on *September 14, 2006* .
(date)

*Robert Guzman, Jr.*
Signature of Petitioner