IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| ROBERT TWYMAN, JR., #147 435 | * |
| Petitioner, | * |
| v. | *   2:06-CV-833-MEF |
| | (WO) |
| ALABAMA DEPARTMENT OF | * |
| CORRECTIONS, *et al.*, | |
| | * |
| Respondents. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a petition for writ of habeas corpus filed by Petitioner, an inmate in the custody of the Alabama Department of Corrections. Although Petitioner filed this action on a form for use in filing a habeas application under 28 U.S.C. § 2254, it is clear from the allegations contained therein that this case is more appropriately filed under the provisions of 28 U.S.C. § 2241. Specifically, Petitioner seeks to challenge the validity of his current confinement based on the manner in which his current sentence is being executed rather than challenge the validity of a state court judgment. The Petitioner contends that after returning to prison following revocation of his parole on a void warrant, correctional officials added "an additional 5 years, 8 months and 5 day (sic), without a complaint, warrant, indictment or trial . . . " all in violation of his constitutional rights.

**DISCUSSION**

A 28 U.S.C. § 2241 petition for habeas corpus relief must be filed in the district court

in which a petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Petitioner is presently incarcerated at the Bibb County Correctional Facility located in Brent, Alabama. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, this court lacks jurisdiction to consider the habeas corpus petition filed by Petitioner. *Rumsfeld*, *supra*; *Plain*, 748 F.2d at 621. However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama for all further proceedings.

---

[1] A decision on Petitioner's application for *in forma pauperis* status is reserved for ruling by the United States District Court for the Northern District of Alabama.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before October 10, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of September, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE