IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Robert Twyman, Jr., | § | |
| Petitioner | § | |
| Vs. | § | 2:06-CV-833-MEF (WO) |
| Alabama Department of Corrections, et al., | § | |
| Respondents. | § | |

## PETITIONER'S OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE

Comes Now, Petitioner Robert Twyman, Jr., Pro-se moves this Honorable Court with his objection to the Magistrate Judge Recommendation to transfer this case to the United States District Court for the Northern District of Alabama, and shows good cause in the following, to-wit:

1.      On April 7, 2004, petitioner challenged his present physical confinement, by filed a Federal Habeas Corpus, 2241 2:04-CV-341-F, from the Kilby Correctional Facility (KCF), in Montgomery County Alabama, before being revoked by the Alabama Board of Pardon and Paroles, April 14, 2004. **NOTE;** Petitioner was incarcerated in the Alabama Department of Corrections (ALDOC), for a period of time before being revoked by the Parole Board. The appropriate forum would be in this district court, this is, where petitioner alleges his illegal incarceration arose. Cause of the ALDOC transfering petitioner from KCF to Bibb County Correctional Facility (BBCF) does not deprive this District Court of jurisdiction.

"Jurisdiction of petitioner's habeas corpus action lines in the district where the prisoner Commissioner whom issued the Fugitive Warrant is located, and interest of justice require that action which if brought in any other jurisdiction should be transferred to that district. See Matthews v. Meese, 644 F.Supp. 380 (D.C. 1984).

"Petitioner relies upon, In re Green, 39 F.3d 582 (5th Cir. 1994) and 28 U.S.C. §2241(d), '"... in the district court for the district within which the State Court was held which convicted and sentenced him..."' The fugitive warrant and the additional 5 years, 8 months and 5 days sentence were issued/imposed by the ALDOC Central Records Division in Montgomery Alabama, within the jurisdiction of the United States District Co urt for the Middle District of Alabama.

2. On June 4, 2004, 2:04-CV-341-F, Magistrate Judge Charles S. Coody Recommended petitioner 2241, be dismissed without prejudice to afford petitioner an opportunity to exhaust all available state court remedies

"[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies." See Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003).

"Petitioner should be allowed to reopen the case, rather than requiring him to file habeas petition over. See Masselli v. United States Parole Comm., 631 F.Supp. 1442 (S.D. NY 1986).

3. Petitioner filed a State Writ of Habeas Corpus, which was denied without an Evidentiary Hearing and without a finding of facts. The Alabama Court of Criminal Appeals, affirmed, and the Alabama Supreme Court denied, Writ of Certiorari.

4. Cause of the State court's failure to allow an Evidentiary Hearing or a finding of fact in the state procedure, Petitioner is due an Evidentiary Hearing by the Federal courts.

5. Upon, granting petitioner an Evidentiary Hearing, which is required by the Rules and Case Law, petitioner will be transfere d to KCF in Montgomery County, regardless whether the Middle District or the Northern District hold the hearing, by the ALDOC.

6. The Middle District Court hold's Evidentiary Hearing at KCF. The respondents all reside in the Montgomery County area. The Attorney General Office and the ALDOC Legal Division office are both in Montgomery County. It will be more convenience to all parties for this court to hold the hearing at KCF.

7. If, the Northern District hold the hearing, petitioner will be transfered to KCF  then Correctional Official must transfer him to Birmingham, Al., the day of the hearing. Also, the respondents their attornies must leave the Montgomery area an travel to

Birmingham, Ala.. That would inconvenience all parties. Petitioner has knowledge of this procedure, for he has been to an evidentiary hearing in the N.D., before.

8. Furthermore, all the allegation set-forth in the petition occured in Montgomery County, the void warrant, and the official which added the additional sentence, occured in the ALDOC Centeral Record Division, located im Montgomery.

9. In the interest of justice and for the convenience of all parties this cause should proceed in the United States District Court for the Middle Distict of Alabama.

## CONCLUSION

WHEREFORE, Premises Considered, Petitioner Pray's that Magistrate Judge Coody, will reconsider his Recommendation of September 27, 2006 and allow this procedure to continue in this Court.

Done this the 5 day of October, 2006.

*Robert Twyman, Jr.*
Robert Twyman Jr.
147435    E-1-16T
565 Bibb Lane
Brent, Alabama 35034