## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **ROBERT TWYMAN, JR. (#147435),** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) CIVIL ACTION NO. 2:06-CV-833-MEF |
| | ) |
| **ALABAMA DEPARTMENT** | ) |
| **OF CORRECTIONS, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## RESPONSE

Come now the Respondents in the above styled cause, by and through undersigned counsel, and submit their response to the Petitioner's habeas corpus, pursuant to this Court's Orders of October 13, 2006 (Doc. 9) and October 31, 2006. (Doc. 13). The Respondents state as follows:

## PETITIONER'S ALLEGATIONS

The Petitioner contends that the Commissioner of the Alabama Department of Corrections was not authorized to issue a fugitive warrant for his arrest. The Petitioner further contends that he was never indicted, tried or convicted for escape or any other felony offense; thus, he should not have accumulated dead time. (Petitioner's Complaint).

## STATE REMEDIES EXHAUSTED

The proceedings in state court are as follows:

The Petitioner filed a habeas corpus in the Circuit Court of Bibb County, Alabama, case number CV-2005-6 on January 6, 2005. (Ex. 1:7-22). On March 10, 2005, Warden Cheryl Price filed a motion to dismiss that included the affidavit of Central Records Director, Kathy Holt, and documents from the Petitioner's central records file.

(Ex. 1:27-38).  On April 4, 2005, the Circuit Court of Bibb County dismissed the petition. (Ex. 1:47).  On May 16, 2005, the Petitioner filed a notice of appeal. (Ex. 1:54-59).  On October 21, 2005, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the lower court's decision. (Ex. 3).  On March 10, 2006, the Alabama Supreme Court denied the Petitioner's petition for writ of certiorari. (Ex. 4).

## RESPONDENTS' CONTENTIONS

The Respondents contend: (1) that the Commissioner of the Alabama Department of Corrections is authorized to issue a warrant to retake a prisoner who has lapsed on his parole; and (2) that the "dead time" that he accumulated was and is appropriate.

Ala. Code §15-22-31(a) (1975) states:

> If the parole officer having charge of a paroled prisoner or any member of the Board of Pardon and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer or board member shall report such fact to the Department of Corrections, which shall thereupon, issue a warrant for the retaking of such prisoner and his return to the prison designated.

This statute specifically authorizes the Commissioner of the Alabama Department of Corrections to issue a warrant to retake a prisoner who has lapsed on his parole.

In the case at bar, the Petitioner was granted parole on May 27, 1996. (Ex. 1:31). He was declared delinquent on June 8, 1998. (Ex. 1:32).  The fugitive warrant was issued on June 9, 1998 by the Commissioner of the Alabama Department of Corrections, pursuant to §15-22-31. (Ex. 1:35).  Therefore, the Petitioner's claim is without merit.

The Respondents contend that the Petitioner has accumulated dead time in the amount of 5 years 8 months 5 days.

*Ala. Code* §15-22-32(a) (1975) states:

Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the prisoner to be delinquent, and time owed shall date from the delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole. ... Upon revocation of parole, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, calculated from the date of delinquency or the part thereof as it may determine. The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee.

Therefore, when the Petitioner was declared delinquent, the time ran from that date until he was rearrested or recaptured. In *Ivy v. State of Alabama*, 381 F. Supp. 503, 504 (S.D. Ala. 1974), it was held that "[b]y State law the time spent on parole is credited to one's prison term." (Citing *Summers v. State*, 31 Ala. App. 264, 15 So. 2d 500). "However, once a parolee is declared delinquent he is no longer serving his sentence in any capacity." (*Ivy* at 504; citing *Anderson v. Corall*, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247). In *State v. Thomas*, 833 So.2d 104 (Ala. Crim. App. 2002), it was held that once a parolee is declared delinquent, the delinquency acts an interlocutory revocation of the parole. This action tolls the parolee's time served until a revocation hearing can be held to determine is the parolee should have his parole revoked. (Ex. 3).

In this present case, the Petitioner was declared delinquent on June 8, 1998, (Ex. 1:32), with a fugitive warrant issued on June 9, 1998. (Ex. 1:35). The Petitioner was not recaptured until February 13, 2004. (Ex. 1:33). Thus, there is 5 years 8 months 5 days of dead time. The Petitioner was returned to the Alabama Department of Corrections to serve the remainder of his initial sentences and said dead time was properly computed into the minimum release date of the Petitioner, which is September 4, 2015. (Ex. 1:37) Therefore, the Petitioner's claim is without merit.

Wherefore these premises considered, the Respondents pray that this Honorable Court will find that the Petitioner's claims are without merit and dismiss this cause with prejudice.

Respectfully submitted,

Kim T. Thomas (THO115)
Deputy Attorney General
General Counsel

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX: (334)353-3891

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Robert Twyman, Jr.
AIS #147435
Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 35025

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

4



COURT OF CRIMINAL APPEALS NO. _CR 04-1744_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF _Bibb_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CV 2005-6_

CIRCUIT JUDGE _Hon. Thomas ap R. Jones_

Type of Conviction / Order Appealed From: _Petition For Writ of Habeas Corpus_

Sentence Imposed: _N/A_

Defendant Indigent: ☒ YES  ☐ NO

_Robert Twyman, Jr._

NAME OF APPELLANT

(Appellant's Attorney)
_BCCF 5165 Bibb Lane_
(Address)
_Brent_ _AL_ _35034_
(City) (State) (Telephone No.) (Zip Code)

V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

**(For Court of Criminal Appeals Use Only)**

EXHIBIT ___1___

# **INDEX**

|  | **PAGE NO.** |
|---|---|
| CASE ACTION SUMMARY | 1-2 |
| CIVIL COVER SHEET | 3 |
| AFFIDAVIT OF SUBSTANTIAL HARDSHIP | 4-6 |
| PETITION FOR WRIT OF HABEAS CORPUS | 7-19 |
| SUMMONS SHOWING SERVICE | 20-22 |
| MOTION FOR EVIDENTIARY HEARING | 23-24 |
| REQUEST FOR DISCOVERY | 25 |
| NOTE FROM JUDGE ON MOTION | 26 |
| MOTION TO DISMISS | 27-38 |
| MOTION TO STRIKE | 39-40 |
| PETITIONER'S TRAVERSE TO RESPONDENTS MOTION TO DISMISS | 41-43 |
| AFFIDAVIT IN SUPPORT | 44-45 |
| PETITIONER'S 2ND REQUEST FOR PRODUCTION | 46 |
| ORDER OF DISMISSAL | 47 |
| MOTION FOR ORDER COMPELLING DISCOVERY | 48-49 |
| MOTION FOR RECONSIDERATIONS/NEW TRIAL | 50-52 |
| NOTE FROM JUDGE ON MOTION | 53 |

NOTICE OF APPEAL                                    54

NOTICE OF APPEAL BY TRIAL COURT CLERK              55

DOCKETING STATEMENT                                56-57

REPORTER'S TRANSCRIPT ORDER                        58

CERTIFICATE OF COMPLETION                          59

```
AVS0351                                              CV 2005 000006.00

                                        JUDGE: TOMMY R JONES

                    ALABAMA JUDICIAL DATA CENTER
                       CASE ACTION SUMMARY
                         CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF    BIBB     COUNTY

   ROBERT TWYMAN JR VS ALA DEPT OF CORRECTIONS, ETAL
 FILED: 01/06/2005 TYPE: HABEAS/MAND/PROHIBI TYPE TRIAL: NON-JURY  TRACK:
```

```
*****************************  *********************************
 DATE1:            CA:               CA DATE:
 DATE2:            AMT:       1.00  PAYMENT:
 DATE3:
*****************************  *********************************
 PLAINTIFF  001: TWYMAN ROBERT JR #147435
                 BIBB CORRECTIONAL FACILIT  ATTORNEY: *** PRO SE ***
                 565 BIBB LANE   D-1 44B
                 BRENT, AL  35034-0000
                 PHONE: (205)000-0000
 ENTERED:  01/11/2005 ISSUED:              TYPE:
 SERVED:              ANSWERED:             JUDGEMENT:
```

```
 DEFENDANT  001: ALABAMA DEPT OF CORRECTIONS
                 301 SOUTH RIPLEY ST       ATTORNEY: Andrew W. Redd

                 MONTGOMERY, AL  36130-0000
                 PHONE: (205)000-0000
 ENTERED:  01/11/2005 ISSUED:              TYPE:
 SERVED:              ANSWERED:             JUDGEMENT:
```

```
 DEFENDANT  002: CAMPBELL DONAL, COMMISSIONER
                 301 SOUTH RIPLEY ST       ATTORNEY: Same

                 MONTGOMERY, AL  36130-0000
                 PHONE: (205)000-0000
 /ERED:    01/11/2005 ISSUED:              TYPE:
 SERVED:              ANSWERED:             JUDGEMENT:
```

```
 DEFENDANT  003: PRICE CHERYL, WARDEN
                 565 BIBB LANE             ATTORNEY: Same

                 BRENT, AL  35034-0000
                 PHONE: (205)000-0000
 ENTERED:  01/11/2005 ISSUED:              TYPE:
 SERVED:              ANSWERED:             JUDGEMENT:
```

| Date | Action |
|---|---|
| 1-6-05 | Affidavit of Substantial Hardship + Order |
| 1-11-05 | Summons + Petition For Writ of Habeas Corpus to: |
| | Ala Dept of Corrections - ex 1-19-05 |
| | Donal Campbell - ex 1-19-05 |
| | Cheryl Price - ex 1-18-05 |
| 2-11-05 | Motion for Evidentiary Hearing (Copy to Judge) |
| 2-16-05 | Request for Discovery |
| 3-10-05 | Motion to Dismiss (Copy to Judge) |
| 3-18-05 | Motion to Strike (Copy to Judge) |
| " | Petitioner's Traverse to Respondents Motion to Dismiss |
| | Affidavit in Support |

```
 IT       01/11/2005                       CV 2005 000006.00
```

1

```
IVS035I                              CASE: CV 2005 000006.00
                                     JUDGE: TOMMY R JONES

                       ALABAMA JUDICIAL DATA CENTER
                     CASE ACTION SUMMARY CONTINUATION
                               CIRCUIT CIVIL

     IN THE CIRCUIT  COURT OF    BIBB       COUNTY

     ROBERT TWYMAN JR VS ALA DEPT OF CORRECTIONS, ETAL
     FILED: 01/06/2005 TYPE:  HABEAS/MAND/PROHIBI TYPE TRIAL:  NON-JURY   TRACK:

     *****************************************************************
     DATE1:            CA:               CA DATE:
     DATE2:            AMT:        .00   PAYMENT:
     *****************************************************************
```

3-8-05 Petitioners 2nd Request for Production of documents
4-5-05 Order: Case dismissed (Copy to pea + atty)
4-20-05 Motion for Order Compelling Discovery
4-29-05 Motion for Reconsideration/New Trial (Copy to Judge)
5-17-05 Notice of Appeal
5-24-05 Notice of Appeal by Trial Clerk
5-26-05 Docketing Statement
   "    Reporters Transcript Order

```
MI    01/11/2005
```

State of Alabama
Unified Judicial System

Form ARCivP-93  Rev. 5/99

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number:
CIV **2005 6** . 

Date of Filing:
**01 06 2005**
Month  Day  Year

Judge Code:
**TRD**

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _Bibb County_ , ALABAMA
(Name of County)

_Robert Twyman, Jr._ v. _Alabama Department of Corrections_
Plaintiff                                          Defendant

First Plaintiff  ☐ Business  ☒ Individual     First Defendant  ☐ Business  ☐ Individual
                 ☐ Government ☐ Other                           ☐ Government ☒ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
           Enforcement of Agency Subpcena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
           Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☒ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellanous Circuit Civil Case

**ORIGIN** *(check one)*:  F ☒ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER: _____

                          R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES ☒ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED     ☒ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: _____      _1-5-05_                    _Robert Twyman, Jr._
                           Date                       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☐ UNDECIDED

**FILED IN OFFICE**

JAN 0 6 2005

JOHN H. STACY

3

| State of Alabama Unified Judicial System | AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER | Case Number |
|---|---|---|
| Form C-10 Page 1 of 2            Rev. 2/95 | | CV 2005-6 |

TRJ

IN THE _Circuit_ (Circuit, District, or Municipal)   COURT OF _Bibb County_ (Name of County or Municipality), ALABAMA

STYLE OF CASE: _Robert Twyman, Jr_ Plaintiff(s)   v. _Ala Dept of Corrections_ Defendant(s)

TYPE OF PROCEEDING: _____   CHARGE(s) (if applicable): _Hebeas Corpus_

☑ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

☐ CRIMINAL CASE-- I am financially unable to hire an attorney and request that the court appoint one for me.

☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appoint one for my child/me.

---

## SECTION I.

### AFFIDAVIT

1. **IDENTIFICATION**
   Full name _Robert Twyman, Jr_   Date of birth _July 27, 1956_
   Spouse's full name (if married) _N/A_
   Complete home address _147435 D-1-44B; 565 Bibb Lane; Brent, Ala 35034_

   Number of people living in household _N/A_
   Home telephone number _N/A_
   Occupation/Job _N/A_   Length of employment _N/A_
   Driver's license number _____   *Social Security Number _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_
   Employer _N/A_   Employer's telephone number _N/A_
   Employer's address _N/A_

2. **ASSISTANCE BENEFITS**
   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which apply.) _NO_

   ☐ AFDC   ☐ Food Stamps   ☐ SSI   ☐ Medicaid   ☐ Other _____

3. **INCOME/EXPENSE STATEMENT**
   Monthly Gross Income:

   | | |
   |---|---|
   | Monthly Gross Income | |
   | Spouse's Monthly Gross Income (unless a marital offense) | $ -0- |
   | Other Earnings: Commissions, Bonuses, Interest Income, etc. | -0- |
   | Contributions from Other People Living in Household | -0- |
   | Unemployment/Workmen's Compensation, Social Security, Retirements, etc. | -0- |
   | Other Income (be specific) _____ | -0- |
   | | -0- |
   | **TOTAL MONTHLY GROSS INCOME** | $ 0.00 |

   Monthly Expenses:
   A. Living Expenses

   | | |
   |---|---|
   | Rent/Mortgage | $ -0- |
   | Total Utilities: Gas, Electricity, Water, etc. | -0- |
   | Food | -0- |
   | Clothing | -0- |
   | Health Care/Medical | -0- |
   | Insurance | -0- |
   | Car Payment(s)/Transportation Expenses | -0- |
   | Loan Payment(s) | -0- |

**FILED IN OFFICE**

**JAN 0 6 2005**

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

*OPTIONAL

4

Form C-10 Page 2 of 2    Rev. 2/95          AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)
   Credit Card Payment(s)                 – 0 –
   Educational/Employment Expenses      – 0 –
   Other Expenses (be specific) _____   – 0 –

         Sub-Total                     A $ – 0 –

B.    Child Support Payment(s)/Alimony     $ – 0 –

         Sub-Total                     B $ – 0 –

C.    Exceptional Expenses            $ – 0 –

     TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)   $ – 0 –

Total Gross Monthly Income Less total monthly expenses:

### DISPOSABLE MONTHLY INCOME         $ – 0 –

4.   LIQUID ASSETS:
   Cash on Hand/Bank (or otherwise available such as stocks,    $ 0.01
     bonds, certificates of deposit)
   Equity in Real Estate (value of property less what you owe)   – 0 –
   Equity in Personal Property, etc. (such as the value of
   motor vehicles, stereo, VCR, furnishing, jewelry, tools,    – 0 –
   guns, less what you owe)
   Other (be specific)
   Do you own anything else of value? ☐ Yes ☒ No
   (land, house, boat, TV, stereo, jewelry)         – 0 –
   If so, describe _____ – 0 –

     TOTAL LIQUID ASSETS             $ – 0 –

5.   Affidavit/Request
I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or answer to
any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized representative to obtain
records of information pertaining to my financial status from any source in order to verify information provided by me.  I further
understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of
the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

16 day of December 2004.

_____      _Robert Twyman, Jr_
Judge/Clerk/Notary  Com. Exp. 10-16-06      Affiant's Signature

                                     _Robert Twyman, Jr_
                                     Print or Type Name

### ORDER OF COURT

SECTION II.
IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
☐ Affiant is not indigent and request is DENIED.
☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
    $_____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise
    ordered and disbursed as follows:
☐ Affiant is indigent and request is GRANTED.
☑ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that _____, is hereby appointed as counsel to represen[t]
affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees a[nd]
expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this _____ day of _____.

_____
Judge

5

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BIBB COUNTY CF

AIS #: 147435        NAME: TWYMON, ROBERT JR                    AS OF: 12/17/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| DEC   | 14        | $0.00             | $0.00            |
| JAN   | 31        | $0.00             | $0.00            |
| FEB   | 28        | $0.00             | $0.00            |
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $10.91            | $40.00           |
| JUN   | 30        | $9.64             | $30.00           |
| JUL   | 31        | $4.53             | $30.00           |
| AUG   | 31        | $6.33             | $10.00           |
| SEP   | 30        | $2.01             | $0.00            |
| OCT   | 31        | $1.23             | $0.00            |
| NOV   | 30        | $0.01             | $0.00            |
| DEC   | 17        | $0.01             | $0.00            |

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    Petitioner,

Vs.
                             Case No. CV 2005-6
                             (To Be Supplies By Clerk)
ALABAMA DEPARTMENT OF
CORRECTIONS; DONAL CAMPBELL,
Commisoner; CHERYL PRICE
Warden; et al;
    Respondents.

## PETITION FOR A WRIT OF HABEAS CORPUS

Comes Now, Petitioner Robert Twyman, Jr., Pro-se, pursuant to the
Code of Alabama, section 15-21-1, moves this Honorable Court with his Writ
of Habeas Corpus, for being imprisoned/restrained of his liberty by the
above named respondents in violation of the Fourth, Eighth and Fourteenth
Amendments of the United States Constitution and the Constitution of Alabama
of 1901, and shows good cause in the following, to-wit;

### STATEMENT OF JURISDICTION

1. Petitioner's an inmate of the Alabama Department of Corrections (ADOC)
being restrained of his freedom by Commissioner Donal Campbell.

2. Petitioner's imprisoned at the Bibb County Correctional Facility, mail-
ing address 565 Bibb Lane; Brent Alabama 35034, under the supervision of Warden
Cheryl Price.

3. According to the Code of Alabama, section 15-21-6(b), the proper
venue for this petition lies in the Bibb County Circuit Court.

4. Upon examination of the petition and the exhibits annexed,
this court should grant without delay the relief sought, pursuant
to the Code of Alabama, section 15-21-8(a) and 15-21-21.

5. This court has the authorization , pursuant to the
Code of Alabama, section 15-21-21 to hold a hearing on the writ,
and if no legal cause for imprisonment is shown, petitioner must

FILED IN OFFICE

JAN 0 6 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

be discharged.

6. According to the Code of Alabama, section 15-21-24(3), the process in which petitionerwas imprioned is void in consequence of some defect in matter.

7. The writ of habeas coprus is granted in order to enable a citizen, who is restrained of his leberty, to have a speedy investigation into the cause of his detention and to secure his release, unless he is lawfully detained.  Alabama Constitution, Article I, section 17.

### STATEMENT OF THE CASE

A) May 27, 1996, petitioner was paroled from the ADOC by the Alabama Board of Pardons and Paroles, to Talladega County, Alabama. A few month later, petitioner was allowed under the Interstate Compact Agreement, to live in Cobb County, Georgia.

B) While living in Ga., petitioner became involved with a Veronia M. Evans.  On/or abourt March 27, 1998, Evans had petitioner arrested for Aggravated Assault (Evans left Marriatte Ga. and resided in Washington D.C., never appearing in court).  On the day of the arrest, petitioner's Ga. parole officer Walker proceed to the Cobb County Jail, spoke with petitioner stating he would not place a detainer against petitioner, cause Evans had done the same act before.

C) On/or about September 15, 1998 upon agreement of court appointed attorney, and the Cobb County Superior Court JUdge, petitioner plead guilty to (2) misdemeanor charges, to have no contact with Evans and to continue upon parole.

D) February 13, 2004, petitioner was illegal arrested by the Lincoln Alabama, City Police Department, cause no charges were ever filed by the Lincoln Police Department.  Petitioner was later transported to the Talladega County Jail, for a Child Support Contempt Order issued August 4, 1997.

E) March 1, 2004, a Talladega County Probation Officer Linda

F. Hill approached petitioner claiming he was a furgitive from

since June 6, 1998.  Hill proceed to request a warrant from theAlab.

Board of Pardons and Paroles.  However, the Board never forward

Hill any such warrant.

F) March 9, 2004 a Reider H. Blount and Hill conducted a Parole

Revocation Hearing, at the Talladega County Jail without a warrant,

and without authorization form the Al. Bd. of Pardons and Paroles.  Blount

the hearing officer saw-fit to file-out a Re-instatement Program form

for petitioner.

G) On/or about March 24, 2004 official of the Talladega County Jail

transported petitioner to Kilby Correctional Facility (KCF).  When the

transporting officer, ( a white female deputy, aka Jane Doe) (petitioner was

the only person transfered), questioned official at the Tall. Co. Jail protainig

to documents for the transport of petitioner to prison, she was given a teleype

copy.  Jane Doe stated to petitioner, "it seems you are a fugitive from justice."

H) After petitioner had been held at KCF, a few weeks, he

petition the Federal Courts for relief.  On/or about April 26,

2004 the U.S. District Court for the Middle District of Alabama,

ordered the respondents to show cause of petitionrr detention.

The next day the ADOC began to process petitioner with a NEW institutional

file.  Upon being interviewed by a MS. Jackson (a Psychiatric),

petitioner question her concerning, a warrant, parole board decision,

as to how and why he was imprisoned.  She acknowledge the documents

in the NEW file were not correct, but stated "I do not want to talk

about this anymore, you can go."

I) After classification wascomplete at KCF, petitioner was transfered

to the Bibb County Correctional Facility (BBCF) on May 5, 2004, without the approval of ADOC Central Records Division. As of this date, petitioner has not spoken with anyone in classification at the BBCF, to address the matter as to how, and why he's incarcerated. Petitioner has written Donal Campbell, Cheryl Price, the Director of Central Records, (Kath y Holt), BBCF classification, etc., several times. Once the Commissioner address petitioner letter, but stated he was forwarding a copy of the letter to the BD. of Pardons and Paroles. No ones else answered.

## STATEMENT OF THE FACTS

I. When petitioner was arrested in Cobb County, Ga., petitioner's parole officer Walker, did not place a hold against him. Upon petitioner release from the Cobb County Jail the Alabama Board of Pardons and Paroles, oranyother agenices never place a detainer against him. September 15, 1998, the Cobb County Superior Court released petitioner. The Code of Alabama section 15-22-1 states "... he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprison-ment for such offense." No agenices in the State of Alabama or the State of Ga., requested petitioner to be retaken.

II. While being housed at the Talladega County Jail, probation officer Hill stated petitioner was a parole violater. February 25, 2004, petitioner requested from the Cbhief jailer Flower, "warrants etc. which were pending against him. See Exhi bit "A". which shows petitioner was being held for so-called child support. March 1, 2004, Hill requested from the Board of Pardons and Paroles, "If declared delinqiuent forward warrant to..." The Board did not forward any such warrant. See Exhibit "B".

III. March 9, 2004, Blount and Hill both acted without the authorqation of the Board of Pardons and Paroles an conducted a revocation hearing. At the conclusion of the hearing Blount saw-fit to fill-out a re-instatement form.

See "Exhibit "C".

IV. Talladega Deputy Jane Doe was told to transport petitioner to KCF,
she knew the documents were not correct. The officer at the back-
gate of KCF, paid no attention to the teletype, just excepted petitioner.
After the U.S. District Court ordered the respondents (one was the
Warden at KCF) to show why petitioner was detented, petitioner was classified
with a NEW institutional file, being prepared to be transfered immedialy.
Ms. Jackson acknowledge the records were not correct, but refused to assist
petitioner. At this point petitioner was supposely a parole violater,
however no warrant had been issued. According to the Code of Alabama, section
15-22-31(b) "... however, that in no case shall a parolee be
held longer than 20 days on the order of the parole officer awaiting
the arrival of the warrant..."

V. Exhibit "D" an Inmate Summary Sheets shows that a parole
detainer was supposely loged against petitioner, but there's no case
number. It shows that petitioner has been forfeited 5 years, 8 months,
5 days of time served. The date on this sheet's March 29, 2004, but
it does not show a date of parole revocation. Exhibit "E", Display
Warrant Information, shows a attempt by someone to show a parole
warrant was issued. This document shows no case number, issuing agency,
BOC/CRO. Information of a valid warrant is not available on this document.
Exhibit "F" Inmate Request Slip to a Ms. Holmes, an official at KCF, whom
process detainer loged against inmates. Ms. Holmes states "I do not have
a P V warrant for you." Each of these exhibits came from the ADOC. Exhitbits
D &F shows where someone in the ADOC has pertended tahat a parole warrant
was issued for petitioner, but the information is incomplete to request a
valid warrant, existed.

VI. Petitioner Federal Habeas Corpus, in the U.S. District Court for
the Middle District of Alabama Case No. 2:04-CV-2341F, alleged Donal Campbell

11

and Terrance McDonnell, (Warden KCF), as respondents but the petition was answered by the Board of Pardons and Paroles, only.  The board stated, "The Georgia parole officer subsequently recommended that Twyman be continued on parole supervision.  The Alabama Board of Pardons and Paroles accepted this recommendation and voided its declaration of delinquency.  For some reason, unknown to the Board, the fugitive warrant issued by the Department of Corrections was not voided." Note: the federal petition was dismissed for failure to exhaust state remedies.

VII. Petitioner's being held by the respondents, without the authorization of the Board of Pardons and Parole.  It is without question, petitioner's incarcertion is solely pursuant to the wrongful determination of the ADOC, as petitioner being a parole violater.  Even though, the actions of Hill and Blount were unauthories by the Board.  The ADOC's subjecting petitioner to cruel and unusual punishment for restraining him of his freedom, housing petitioner in the Department of Correction.  Ms. Jackson notice the incorrect document, but made no effect to invesitagate.  The respondents failed to address petitioner's letter to them concerning his false incarceration.  Even more uncommon, petitioner would be housed at BBCF for a year or more, before seeing classification face-toface to address this matter.  Petitioner needs a speedy investigation into the cause of his detention, a Writ of Habeas Corpus, will grant the relief he seeks.

## STATEMENT OF RELIEF SOUGHT

Petitioner respectfully request this Honorable Court to  examine State v. Thomas 833 So.2d 104 (Ala.Crim.App. 2002), a similar situtation of the same violations which accorede to the petitioner.  As in Thomas and this case neither were ever violated by the Board of Pardons and Paroles

but both were wrongfully incarcerated by the ADOC.

WHEREAS, petitioner seeks his released imediately, the same as the Alabama Court of Criminal Appeals ordered, in Thomas, supra at 108.

CONCLUSION

WHEREFORE, the premised considered, Petitioner Prays that the Court order that an answer to the petition be filed by respondents and the petition be granted, ordering Robert Twyman, Jr., be released from the custody of the Alabama Department of Correction.

IT IS SO PRAYED:

Done this the ___5___ day of January, ~~December~~, 2005.

Robert Twyman, Jr.
147435   D-1-44B
565 Bibb Lane
Brent Alabama 35034

NOTARY STATEMENT

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on __12-30-04__

Robert Twyman Jr.
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 30th day of December, 2004.

Deborah A. Toney
Notary Public

DEBORAH ANN TONEY
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES
MAY 17, 2006

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correcty copy of the foregoing on the Legal Division for the ADOC, Andrew W. Redd, general counsel, by placing the same in the U.S. Mail postage prepaid and properly addressed.

Robert Twyman Jr.

13

Exhibit "H"    Receive 2/25/07

# TALLADEGA COUNTY JAIL
## INMATE GRIEVANCE FORM

Name _Robert Twyman_ Day Room _170_ Cell _146_ Date _2-23-04_

**INSTRUCTIONS:** Briefly outline your Grievance or Complaint. Give as much information as possible. List the names of all persons involved, the date or dates of any relevant events or conditions. List the names of witnesses to the events. When you have finished filling out the form, give it to one of the Jail Staff Members.

Ch. Flower, according to Ms. Hall I'm a ADOC inmate
where fore, I Demand my 2 free letters, yard    A Bu.
time, excess to law library, etc. If your facility
can not or will Not prove me with the excess
required, PLEASE Ship ME. I request
a complete Phys, Records of Warrants
and all tanigble object hold me in the
Tall. Co. Jail. This Also notification as of
you + your staff as defendants in a future

_Robert Twyman_                    I request a reply!    Lawsuit.
**Inmate Signature**

**Received by the Grievance Coordinator/Management:**          Date: _____

You Are in Here For Failure To Pay Child

Support. You Are NOT A D.O.C. Inmate As yet.

You May use the LAW Library. We Really Dont

care About your threats or You Will get the Same

privileges As Any Other Inmate.

Signature: _Chy Flw_                    Date: _2/25/04_

FILED IN OFFICE

JAN 0 6 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

Exhibit "B"

# STATE BOARD OF PARDONS & PAROLES
# MONTGOMERY, ALABAMA

## REPORT OF PAROLE VIOLATION

DATE: MARCH 1, 2004

FIELD OFFICE: TALLADEGA

Name of Parolee    Robert Twymon Jr.                          No.   147,435

Race, Sex, & Age   B/M 47                 County of Conviction      Talladega

Offense    Attempted Assault I          Sentence    20 years 1 day

Date Convicted    5-18-1989              Date of Parole    5-27-96

Date Sentence Expires    12-25-2009

IF DECLARED DELINQUENT FORWARD WARRANT TO:

Linda F. Hill
Probation Officer

Talladega
County Probation Office

Supervised by the State of Georgia
Supervision Level at Time of Delinquency

PO Box 1111
PO Box or Number and Street

Talladega, AL  35161
City, State, and Zip Code

## CHARGE NO. 1
## VIOLATION OF CONDITION NO. 7 New Offense:   Criminal Attempt Aggravated Assault

### Legal Facts:

Twymon was arrested on March 27, 1998 and charged with Aggravated Assault.  On September 15, 1998 the case was disposed of by a negotiated plea.  It appears that Twymon was convicted of reckless conduct.  Twymon was sentenced to 12 months and was released time served.

### Details:

**Twymon was arrested on March 26, 1998 and charged with aggravated assault in Cobb County Superior Court.**

## CHARGE NO. 2
## VIOLATION OF CONDITION NO. 2 Change in Residence without Permission

15

Exhibit "C"

# RE-INSTATEMENT PROGRAM

Parolee's Name: _Robert Twymon, Jr._

AIS#: _147,435_ Institution: _Talledega Co. Jail_

Home Plan:   I will live with: _____

Relationship: _____

Address: _No home plan to submit at dis time._

Phone Number: _____

Job Plan:   I will be employed with: _Precision_

Address: _Oxford_

Contact Person: _None_

Phone Number: _None_

Alternate Plan if first plan is deemed unsatisfactory:

Home: _____

Job: _____

Inmate's Signature: _X Refused to sign_

Date: _3-9-04_

PB Form 105B (revised 9-99)

16

*************************************************************************

: 00147435    INMATE: TWYMON, ROBERT JR                RACE: 8  SEX: M

INST: 017 = RCC                         DORM:  00  JAIL CR: 000Y 00M 05D

DOB: 07/27/1956  SSN: 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

ALIAS: TWYMAN, ROBERT JR

ADM DT: 08/28/1987 DEAD TIME: 005Y 08M 05D

ADM TYP: NEW COMIT FROM CRT W/O REV OF        STAT: RECAPTURED

CURRENT CUST: REC=A   CURRENT CUST DT: 02/13/2004  PAROLE REVIEW DATE: = NONE =

SECURITY LEVEL: (2) TWO

SERVING UNDER ACT446 LAW IN TURED          CURRENT CLASS DATE:    12/28/1989
INMATE IS EARNING : PAROLE VIOLATOR - STRAIGHT TIME

| COUNTY | SENT DT | CASE NO | CRIME | | JL=CR | TERM |
|--------|---------|---------|-------|---|-------|------|
| TALLADEGA | 06/30/87 | N87000124 | POSS CONTROL SUBSTANCE | * | 0005D | 005Y 00M 00D CS |
| | COURT COSTS | : $0000158 | FINES : $0000000 | | RESTITUTION : $0000075 | |
| TALLADEGA | 06/30/87 | N87000123 | POSS CONTROL SUBSTANCE | * | 0005D | 005Y 00M 00D C0 |
| | COURT COSTS | : $0000178 | FINES : $0000000 | | RESTITUTION : $0000025 | |
| TALLADEGA | 05/18/89 | N89000070 | ASSAULT I | | 0000D | 020Y 00M 01D CS |
| | | | ATTEMPT TO COMMIT | | | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS | : $0000430 | FINES : $0000000 | | RESTITUTION : $0000025 | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|------------|------------|---------------|---------------|-----------|
| 025Y 00M 01D | 09/04/2015 | 000Y 00M 00D | 000Y 00M 00D | 02/28/2018 |

INMATE LITERAL:
*************************************************************************

DETAINER WARRANTS SUMMARY

>DET WRT 03/29/2004 TYPE COUNTY WARRANT          TALLADEGA COUNTY S.O.
    LITERAL: CONTEMPT CT/FTA/OWES CHILD SUP    SEQ #: 03    CASE #: CS#87-339

>DET WRT 06/08/1998 TYPE PAROLE VIOLATION WARRANT CENTRAL RCD OFF/DEPT OF CORR
    LITERAL: 00000000000000000000000000000000  SEQ #: 02    CASE #: 000000000
*************************************************************************

ESCAPEE=PAROLE SUMMARY

PAROLED FRM  009:05/27/96 RVK:00/00/00 DELQ:06/08/98 RECAP:02/13/04 RTN:02/13/0

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

CONTINUED ON NEXT PAGE

```
                        DISPLAY WARRANT INFORMATION              ** PRODUCTION **
   19/APR/2004        13:19:08     CDDWD      393      008MH        CDDWD01    453
-------------------------------------------------------------------------------
P
    S NUMBER: 00147435          COMMITMENT NAME: TWYMON, ROBERT JR
SEQUENCE #: 03              LTD DATE: 03/29/2004
RECVD DATE: 03/29/2004 DW TYPE : 7      COUNTY WARRANT
NOTIF DATE: 00/00/0000 OFFENSE : 000    UNKNOWN
CANC  DATE: 00/00/0000 REASON  : 0      NOT CANCELLED
COMMENTS  : CONTEMPT CT/FTA/OWES CHILD SUP                 2-19-04
AGENCY NAME : TALLADEGA COUNTY S.O.
STR ADRESS  : 148 NORTHEAST STREET, RM 108
CITY        : TALLADEGA                    STATE: AL    ZIP : 351600000
CASE NUMBER : CS#87-339
```

*You Still have this Detainer Pending*

```
          ******  MORE DATA AVAILABLE ******
```

```
                        DISPLAY WARRANT INFORMATION              ** PRODUCTION **
   19/APR/2004        13:20:59     CDDWD      393      008MH        CDDWD01    453
-------------------------------------------------------------------------------
PAGE
A    S NUMBER: 00147435          COMMITMENT NAME: TWYMON, ROBERT JR
    JENCE #: 02              LTD DATE: 03/30/2004
    VD DATE: 06/08/1998 DW TYPE : 6      PAROLE VIOLATION WARRANT
NOTIF DATE: 00/00/0000 OFFENSE : 916    PAROLE VIOLATION
CANC  DATE: 03/24/0004 REASON  : 1      WITHDRAWN BY ISSUING AGENCY  X
COMMENTS  : 000000000000000000000000000000
AGENCY NAME : BOC/CRO/AUTO CANCEL
STR ADRESS  :
CITY        : MONTGOMERY                   STATE: AL    ZIP : 361170000
CASE NUMBER : 0000000000
```

```
          ******  MORE DATA AVAILABLE ******
```

Exhibit "F"

## INMATE REQUEST SLIP

Name Robert Twymon, Jr. Quarters N-34 Date 4-16-

AIS # 147435

( ) Telephone Call    ( ) Custody Change    ( ) Personal Problem
( ) Special Visit    ( ) Time Sheet    (X) Other 6/21/2005

Briefly Outline Your Request - Then Drop In Mail Box

Ms. Holmes

Would you please forward me
a copy of the Parole Violation
warrant.

Thank You.

Robert Twymon

Do Not Write Below This Line - For Reply Only

I do not have a parole violation for
you. The prelimins only to 15 April 2005 so
P.O. however you do have a release on
a copy so attached.

RECEIVED

Approved    Denied    Pay Phone    Collect Call

Request Directed To: (Check One)

( ) Warden    ( ) Deputy Warden    ( ) Captain
( ) Classification Supervisor    ( ) Legal Officer - Notary    ( ) Record Office
                                        Public

19

111004

ORIGINAL

AVS0300

ALABAMA JUDICIAL DATA CENTER
BIBB      COUNTY

SUMMONS

CV 2005 000006.00
TAMMY R JONES

IN THE CIRCUIT COURT OF    BIBB    COUNTY

ROBERT TWYMAN JR VS ALA DEPT OF CORRECTIONS, ETAL

SERVE ON: (D002)

C/o Dept of Corrections                    PLAINTIFF'S ATTORNEY

CAMPBELL DONAL, COMMISSIONER              *** PRO SE ***
301 SOUTH RIPLEY ST

MONTGOMERY    ,AL  36130-0000

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

(X)  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 01/11/2005                    CLERK:JOHN HARPER STACY    BY: MO
                                    P O BOX 185
                                    CENTREVILLE  AL  35042
                                    (205)926-3103

  RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
     COMPLAINT TO _ELOISE__URQUHART_
     IN _MONTGOMERY_ COUNTY, ALABAMA ON (DATE) _____

DATE _01 - 19 - 05_                SERVER SIGNATURE

SERVER ADDRESS                     TYPE OF PROCESS SERVER

OPERATOR: MIS
PREPARED: 01/11/2005

ORIGINAL

AVS0300

ALABAMA JUDICIAL DATA CENTER
BIBB     COUNTY

SUMMONS

2005 JUL 14  P 4: 24

CV 2005 000006.00
TOMMY R JONES

IN THE CIRCUIT  COURT OF  BIBB     COUNTY

ROBERT TWYMAN JR VS ALA DEPT OF CORRECTIONS, ETAL

SERVE ON: (D001)

PLAINTIFF'S ATTORNEY

ALABAMA DEPT OF CORRECTIONS        *** PRO SE ***
301 SOUTH RIPLEY ST

MONTGOMERY     ,AL  36130-0000

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

 (X)   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
       4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
       YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
       COMPLAINT IN THIS ACTION UPON DEFENDANT.

 ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
       WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
       OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 01/11/2005                    CLERK:JOHN HARPER STACY    BY: mo
                                          P O BOX 185
                                          CENTREVILLE  AL  35042
                                          (205)926-3103

  RETURN ON SERVICE:

 ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
       (RETURN RECEIPT HERETO ATTACHED)

 ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

       COMPLAINT TO _KIOSE__ URQUHARD_____

       IN MONTGOMERY_____ COUNTY, ALABAMA ON (DATE) _____

  _01-19-05_____                   _L M Arlaw_____
  DATE                               SERVER SIGNATURE

  _____                _____
  SERVER ADDRESS                     TYPE OF PROCESS SERVER

OPERATOR: MIS
PREPARED: 01/11/2005

21

**ORIGINAL**

VS0300

ALABAMA JUDICIAL DATA CENTER
BIBB        COUNTY

SUMMONS

CV 206 1C0006.00
TOMMY R JONES

IN THE CIRCUIT COURT OF   BIBB    COUNTY

ROBERT TWYMAN JR VS ALA DEPT OF CORRECTIONS, ETAL

SERVE ON: (D003)

PLAINTIFF'S ATTORNEY

PRICE CHERYL, WARDEN              *** PRO SE ***
565 BIBB LANE

BRENT       ,AL  35034-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

(X)   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
      4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
      YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
      COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
      WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
      OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 01/11/2005                    CLERK: JOHN HARPER (STACY)
                                    P O BOX 105
                                    CENTREVILLE  AL  35040
                                    (205)926-3103
                                          JAN 1 1 2004

RETURN ON SERVICE:

( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE)
      (RETURN RECEIPT HERETO ATTACHED)

(✓)   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
      COMPLAINT TO *Warden Price C/o Cindy Fowler*
      IN *Bibb*               COUNTY, ALABAMA ON (DATE) *1-18-05*
      *1-18-05*
DATE                               SERVER SIGNATURE
                                          DEPUTY SHERIFF

SERVER ADDRESS                     TYPE OF PROCESS SERVER

OPERATOR: MIS
PREPARED: 01/11/2005

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    Petitioner,

Vs.

Case No. CV 2005-6
(To Be Supplied By Clerk)

Alabama Department Of
Corrections; et al.,
    Respondents.

FILED IN OFFICE

FEB 1 1 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

MOTION FOR EVIDENTIARY HEARING

    Comes Now, the petitioner Robert Twyman, Jr., Prosse, moves this Court for an evidentiary hearing, and shows good cause in the following to-wit:

    On/or about January 5, 2005, petitioner placed into the U.S. Mail a Petition for a Writ of Habeas Corpus, to this Court and a Copy to the Legal Division for the ADOC.

    As of this date, the respondents have not responsed to the petition. Those facts not refuted by the State are deemed true. Because the allegations of the petitioner are meritorious and are not refuted by the State, he is entitled toan evidentiary hearing. See Temple v. State, 555 So.2d 282 (Ala.Cr.App. 1989).

    The writ of habeas corpus is granted in order to enable a citizen who is restrained of his liberty, to have a speedy investigation into the cause of his detention and to secure his release, unless he is lawfully detained. Ala. Const. Art. I, section 17; Ala. Code sections 15-21-1 through 34. The suspension of the writ, which is prohibited by our constitution, means the denial to the citizen of the right to demand an investigation into the cause of his detition. When this right is accorded him, all that he has a right to demand is that his cas be investigated, according to the usual mode of procedure in the Courts of justice, and that justice shall be administered, without sale, denial, or delay. The writ cannot be bound down by technical pleading nor its swift and effective relief hindered by captious objection or finespun theoriesof procedure. See Luckie v. State, 502 So.2d 870, 872 (Ala.Crim.App. 1986).

CONCLUSION

WHEREFORE, premises considered, Petitioner Prays that this Court will order a Evidentiary Hearing immedtaly.


IT IS SO PRAYED:


Done this the _10_ day of Feburary, 2005.

*Robert Twyman, Jr.*

147435  D-1-22B
565 Bibb Lane
Brent, Alabama 35034


CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Legal Division for the ADOC, Andrew W. Redd, General Counsel, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twyman, Jr.*

ROBERT TWYMAN, JR.,
    Petitioner,

Vs.                         Case No. CV-2005-06

ALABAMA DEPARTMENT OF
CORRECTIONS; et al.,
    Respondents.

**FILED IN OFFICE**
**FEB 1 6 2005**
**JOHN H. STACY CLERK**

### REQUEST FOR DISCOVERY

Comes Now, Petitioner Robert Twyman, Jr., Pro-se, pursuant to A.R.

Civ.P., Rule 26(a), and moves the aboved named rewpondents to produce

CERTIFIED/TRUE copies of the following documents.

    1. Copies of the Fuigtive Warrant/Parole Violation Warrant and/or any

other tangible objects which authorizes petitioner arrest, and/or for petitioner

to be placed in the custody of the respondents.

    2. Copies of the dicision from the Alabama Board of Pardons and

Paroles declares petitioner a parole violater which authorizes the respondents

to incarcerated the petitioner.

### CONCLUSION

    WHEREFORE, premises considered, Petitioner Prays the respondents product

these documents to this Honorable Court and to the petitioner.  This request is

taken in good-faith, for petitioner has been incarcerated for over 10 (ten) months

as of this date.  However,petitioner has not received copies of the above requested

documents but certain DOC official claim they do exist.  Petitioner's rights to due

process, according to the U.S. Constitution, the Alabama Constitution and the Code

of Alabama have clearly been violated, without proof of these documents.

IT IS SO PRAYED:

Done this the 15 day of Febuary, 2005.

                              *Robert Twyman*
                          147435 D-1-22B
                          565 Bibb Lane
                          Brent, Alabama 35034

### CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the
foregoing on the Legal Divsion for the ADOC, by placing the same in the U.S. Mail pos
prepaid and properly addressed.    *Robert Twyman*

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    Petitioner,

Vs.

Alabama Department Of
Corrections; et al.,
    Respondents.



Case No. CV 2005-6
(To Be Supplied By Clerk)

**FILED IN OFFICE**

FEB 1 1 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

### MOTION FOR EVIDENTIARY HEARING

Comes Now, the petitioner Robert Twyman, Jr., Pro se, moves this

Court for an evidentiary hearing, -     good cause in the following

to-wit:

On/or about Jan         placed into the

U.S. Mail a          us, to this

Court and a            v.

As of t          nsed to the

petition. Tho          eemed true.

Because the alle         us and are not

refuted by the Sta         earing.  See

Temple v. State, 55         89).

The writ of habe        ted in order to enable a citizen

who is restrained of hi     erty, to have a speedy investigation into

the cause of his detention and to secure his release, unless he is lawfully

detained.  Ala. Const. Art. I, section 17; Ala. Code sections 15-21-1

through 34.  The suspension of the writ, which is prohibited by our constitution,

means the denial to the citizen of the right to demand an investigation into

the cause of his detition.  When this right is accorded him, all that he has

a right to demand is that his cas be investigated, according to the usual mode

of procedure in the Coutts of justice, and that justice shall be administered,

without sale, denial, or delay.  The wait cannot be bound down by technical pleading,

nor its swift and effective relief hindered by captious objection or finespun

theoriesof procedure.  See Luckie v. State, 502 So.2d 870, 872 (Ala.Crim.App. 1986).

IN THE CIRCUIT COURT FOR
BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR. AIS#147435,    )
       PETITIONER    )
           )
v.    )    Case No.: CV-05-06
           )
CHERYL PRICE    ,    )
       RESPONDENT    )

## MOTION TO DISMISS

    Comes now the Respondent, by and through undersigned counsel, and moves that this Petition be denied and dismissed because the Petitioner has failed to state sufficient grounds upon which the requested relief can be granted.  Respondent states further as follows:

    Petitioner, a convicted felon serving, has filed a pleading entitled "PETITION FOR WRIT OF HABEAS CORPUS" in which he alleges that he is being unlawfully detained Petitioner allges that on May 27, 1996, he was paroled from Department of Corrections' custody by the Board of Pardons and Paroles and allowed to live in Georgia under Interstate Compact Agreement.

    Petitioner alleges that while living in Georgia, he became involved with one Veronica Evans who had him arrested on assault charges on March 27, 1998.  Petitioner alleges that his Georgia parole officer advised him that he would not place a detainer on him.

    Petitioner alleges that on September 15, 1998, he pled guilty to two (2) misdemeanor charges in connection with the assault on Veronica Evans.

FILED IN OFFICE
MAR 1 0 2005
JOHN H. STACY CLERK

27

Petitioner alleges that on February 13, 2004, he was illegally arrested in Lincoln, Alabama, then transferred to the Talladega County Jail for a child support contempt order issued August 4, 1997. Petitioner alleges that Talladega County Probation officer Hill claimed that he was a fugitive and requested a warrant from the Board of Pardons and Paroles. Petitioner alleges that a warrant never was issued.

Petitioner alleges that on March 9, 2004 a parole revocation hearing was conducted at the Talladega County Jail, without a warrant, and that on March 24, 2004, he was transported to Kilby Correctional Facility. In April 2004, the Petitioner filed a petition for writ of habeas corpus in Federal Court.

Petitioner has since been transferred to the Bibb County Correctional Facility where he remains. Petitioner seeks an investigation as to the reason for his detention and release.

Exhibit 1                           Affidavit of Kathy Holt

According to Kathy Holt, Director of Central Records, the petitioner was paroled on May 27, 1996, was declared delinquent on June 8, 1998, recaptured on February 13, 2004 and revoked on April 14, 2004. The amounts to a total of 5 years 8 months and 5 days dead time which the petitioner is obliged to serve. The Fugitive warrant for the petitioner was issued on June 9, 1998 by the Alabama Department of Corrections which, under Title 15-22-31, is responsible for its issuance. The Board of Pardons and Paroles is not responsible for this activity.

As reflected in the affidavit of Ms. Holt and the accompanying documents, the petitioner was properly returned to the custody of the Alabama Department of Corrections to serve the remainder of his sentences. The dead time referenced above has been accounted for in the computation of his minimum release date.

Petitioner avers that he has raised this issue in Federal Court; however, he fails to state

whether his federal petition remains pending or has been denied. If this matter remains pending,

maintenance of this petition constitutes a waste of judicial economy and this matter should be

dismissed; petitioner can refile if necessary. If this issue has been decided adversely to the

petitioner in the federal forum, Respondent argues that such a decision is dispositive of the issue

presented herein and this matter should be dismissed.

Petitioner has failed to demonstrate that he is entitled to the relief that he seeks and is

clearly not entitled to immediate release from his lawful sentences. This petition for writ of

habeas corpus is due to be denied and dismissed.

Respectfully submitted,

Andrew W. Redd
Assistant General Counsel
Assistant Attorney General
301 South Ripley Street
Montgomery, Alabama 36014

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon:

Robert Twyman, Jr. AIS#147435
Bibb County Correctional Facility
565 Bibb Lane
Brent, Alabama 35034

by placing a copy of same in the United States Mail, first class postage prepaid and
properly addressed this the ____ day of _____, 2005.

Andrew W. Redd

IN THE CIRCUIT COURT OF
BIBB COUNTY

| | |
|---|---|
| Robert Twyman, Jr.,  AIS #147435 | ) |
| Plaintiff | ) |
| | ) |
| vs. | )      CASE NO. CV-2005-6 |
| | ) |
| Alabama Department of Corrections, | ) |
| Defendant | ) |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared one Kathy Holt, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Kathy Holt.  I am presently employed by the State of Alabama, Department of Corrections, as Correctional Records Director, 301 South Ripley Street, Montgomery, Alabama 36104.

This is to certify that Robert Twyman, #147435, was paroled May 27, 1996 (See Attachment #1), declared delinquent June 8, 1998 (See Attachment #2), recaptured February 13, 2004 (See Attachment #3) and revoked April 14, 2004 (See Attachment #4), for a total of 5 years 8 months and 5 days of dead time.

The Fugitive Warrant for Inmate Twyman was issued June 9, 1998 (See Attachment #5) by the Alabama Department of Corrections.  Pursuant to Code of Alabama, 1975 §15-22-31, it is the responsibility of the Alabama Department of Corrections and not the Alabama Pardon and Parole Board to issue warrants for the retaking and return of prisoners.

KATHY HOLT
Director of Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 3RD DAY OF MARCH 2005

MARY ANN LITTLE, NOTARY PUBLIC
State of Alabama at Large
My Commission Expires July 19, 2006

cc:  ICRF

TO:  Albert S. Butler , Legal Division

30



# State Board of Pardons and Paroles

### Montgomery, Alabama

# Certificate of Parole

KNOW ALL MEN BY THESE PRESENTS:

It having been made to appear to the Alabama State Board of Pardons and Paroles that

Robert Twymon, Jr.        #147,455

is eligible to be PAROLED. and that there is a reasonable probability that said prisoner WILL REMAIN AT LIBERTY WITHOUT VIOLATING THE LAWS. and it being the opinion of the said State Board of Pardons and Paroles that the release of this prisoner is not incompatible with the welfare of society. and it appearing further that the Board is satisfied that this prisoner will not become a public charge on release. but will be suitably employed at _____

_____ to secure

and will live at ___ 806 Ola Ave., Talladega, AL ___

and shall continue in the same until he obtains the permission of his Parole Officer to make a change. He shall go directly to ____ Talladega ____ and report immediately upon arrival to his Parole Officer at ____ Room 204, Judicial Building ____

It is therefore ORDERED that said prisoner be. and is, hereby paroled pending good behavior under supervision subject to the specific conditions of parole listed on the reverse side of this Order.

In witness whereof this Certificate bearing the seal of the State Board of Pardons and Paroles is issued this the ___27th___ day of ___May___ 19 ___95___ .

By Order of:

STATE BOARD OF PARDONS AND PAROLES

_William C. Young_
Executive Director

ATTACHMENT H.

## STATE OF ALABAMA

## BOARD OF PARDONS AND PAROLES
### Montgomery, Alabama 36130

_6/6/95_
### Date

## DECLARATION OF DELINQUENCY

### TO THE DEPARTMENT OF CORRECTIONS:

ROBERT TWYMON JR.                                    NUMBER  147,435

who has heretofore been paroled, having this day been declared delinquent, you are directed to take said parolee into custody pending revocation hearing.

### VIOLATION OF CONDITION NUMBER:

7    AGGRAVATED ASSAULT

7    DC

STATE BOARD OF PARDONS AND PAROLES

By: _____
Executive Director

Distribution:
Original - Bd. File
Field Office -  GEORGIA
Dept. of Corrections
Control Book

CO Form 011 (Rev. 6-90)

NAME: TWYMON, ROBERT JR          SEX: M RACE: B DOB: 07/27/56 HAIR: BLK
    *R.OA  2/3/04*                    *Talladega County Jail*
HGT: 5/08 WGT: 178 OFF:      ITY:  PIC:  OCA: 00147435   DOW: 06/09/98 EYES: BR

FBI: 753419X11 SSAN: 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 OLN:          OLS:      OLY:      SKN: DR

FPC:              SMT: 082/SC R HND    070/SC        ,              POB: A
SMT:          ,          ,          ,          ,          ,
SMT:          ,          ,          ,          ,          ,
SMT:          ,          ,          ,          ,          ,
SMT:          ,          ,          ,          ,          ,          *Delinquent 6/81*

MIS: 809C/UNLAWFUL POSSESSIO *809C/UNLAWFUL POSSESSIO *021B/ASSAULT I

SID: 00750062    PAROLE DATE: 05/27/96 FROM: CATTLE RANCH

AKA: TWYMAN, ROBERT JR     ,  /              ,  /
                           ,  /              ,  /
                           ,  /              ,  /
                           ,  /              ,  /
                           ,  /              ,  /

OLN:    /  /          ,    /  /      ,    /  /      ,    /  /

DOB:   /  /  ,    /  /  ,    /  /  ,    /  /  ,    /  /  ,    /  /

AIN:                        NIC:                    PRODUCT: CJP07!

## ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT

PAROLEE: __Robert Twymon__                                   AIS # __147435__

Parole Court was held before _____Reida Blount_____, Hearing Officer, on __3-9-04__
at __Talladega__, Alabama. The Hearing Officer has filed a Report and Recommendation, as required by
statute, and this Board has reviewed the detailed statement of evidence, the findings, and the reasons supporting those findings, which
were:

_____ CHARGES PROVEN. The Hearing Officer has determined that Charge(s) #_____ was/were
proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as
the evidence that conditions of parole were violated. The record further reflects that an acceptable parole plan is in place which offers
the parolee a reasonable possibility of living and remaining at liberty without violating the law. It is, therefore, recommended that
Parolee be RE-INSTATED to a satisfactory program.

It is recommended that the following additional conditions be imposed to improve the likelihood that the parolee will remain at liberty
without violating the law:

_____
_____
_____

__X__ CHARGES PROVEN. The Hearing Officer has determined that Charge(s) # __1-3__ was/were
proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as
evidence that conditions of parole were violated. It is, therefore, recommended that parole be REVOKED in this case.

Comes now the Board of Pardons and Paroles at Open Public Meeting, and after considering all evidence from Parole Court, including
mitigating circumstances, orders:

## BOARD INITIALS

___ ___ ___   Continued to _____.
                          (date)

___ ___ ___   Taken under advisement

_SW_ _NM_ ___   That parole be REVOKED and given further consideration in __5-05__.

___ ___ ___   That parole be revoked since a satisfactory plan has not been submitted within a
              reasonable amount of time and for reasons addressed in parole court and given
              further consideration in _____.

___ ___ ___   That the order of delinquency is void and parolee is RE-INSTATED on parole
              with the following SPECIAL CONDITIONS:_____
              _____
              _____

Distribution Date __4-15-04__ to:

APR 16 2004

_____  4-14-04
Chairman of the Board           Date

_____  4-14-04
Member of the Board             Date

Original – Board File
Parole Office __Talladega - Hill__
Parolee   Robert Twymon
DOC
ACJIC
Control Book
PP Form 917-A (Rev. 10-98)

_____
Member of the Board             Date

34

# DEPARTMENT OF CORRECTIONS

## FUGITIVE WARRANT

): ANY PEACE OFFICER.

. WHEREAS TWYMON, ROBERT JR, SERIAL NUMBER 00147435, WAS CONVICTED
= THE OFFENSES SPECIFIED ON PAGE 2 OF THIS WARRANT; THAT THE SAID CONVICT
AS SENTENCED TO IMPRISONMENT IN THE ALABAMA STATE PENITENTIARY FOR A TERM OF
25 YEARS,  0 MONTHS, AND  1 DAYS; THAT THE SAID CONVICT WAS THEREUPON CONFINED
N SAID PENITENTIARY IN ACCORDANCE WITH SAID SENTENCE:  THAT THE SAID CONVICT
HEREAFTER AND TO WIT:  ON THE 27TH DAY OF MAY, 1996, THE SAID CONVICT
AS PAROLED BY THE STATE BOARD OF PARDONS AND PAROLES, PENDING GOOD BEHAVIOR:
HEN ON THE  5TH DAY OF JUN, 1998, THE STATE PARDONS AND PAROLE BOARD, HAVING
EASONABLE CAUSE TO BELIEVE THAT SAID PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE,
NTO CRIMINAL WAYS OR COMPANY OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN
MPORTANT RESPECT, ORDERED SAID PAROLEE ARRESTED AND RETURNED TO THE CONFINE OF
HE PENITENTIARY TO APPEAR BEFORE THE STATE BOARD OF PARDONS AND PAROLES WHO
ILL DETERMINE THE PAROLE STATUS OF SAID PAROLEE.

. WHEREFORE, THE UNDERSIGNED OF THE DEPARTMENT OF CORRECTIONS BY VIRTUE OF THE
UTHORITY CONFERRED UPON HIM BY THE STATE OF ALABAMA, DOES HEREBY AUTHORIZE AND
IRECT YOU TO RETAKE THE SAID PAROLE VIOLATOR WHEREVER  HE MAY BE FOUND, FOR HIS
ETURN TO THE SAID STATE DEPARTMENT OF CORRECTIONS, SITUATED IN MONTGOMERY IN
HE STATE OF ALABAMA.

N TESTIMONY THEREOF, I HAVE HEREUNTO SET MY HAND AND THE SEAL OF THE DEPARTMENT
F  ORRECTIONS THIS  9TH DAY OF JUN, 1998.

JOE S. HOPPER, COMMISSIONER
ALABAMA DEPARTMENT OF CORRECTIONS

PLEASE COMPLETE THE SECTION BELOW AND DELIVER TO AGENT(S) RECEIVING PRISONER.

==============================================================================

TATE OF              COUNTY OF              THIS WRIT CAME TO HAND            ,
ND NOTIFYING THE STATE DEPARTMENT OF CORRECTIONS BY WIRE THAT THE PRISONER WAS
VAILABLE FOR TRANSFER TO THE STATE OF ALABAMA, DEPARTMENT OF CORRECTIONS, AND
HAT EXTRADITION WAS    /WAS NOT         NECESSARY.

HE ABOVE LISTED CONVICT NAMED IN THIS WRIT WAS DELIVERED TO
                                  , AGENT(S) OF THE STATE DEPARTMENT OF
ORRECTIONS ON          , 19   FOR REMOVAL TO THE STATE OF ALABAMA.


    ARRESTING OFFICER                          IDENTIFICATION OFFICER

ECEIVED OF
AMED IN THIS WRIT.  THIS THE      DAY OF      , AGENT(S) THE CONVICT, AIS # 00147435 ,
                                    , 19  .

ATE: 09 JUN, 1998 NAME: TWYMON, ROBERT JR                    SERIAL NUMBER: 00147435
    ********      OFFENSES FOR WHICH THIS FUGITIVE WAS CONVICTED    ********
================================================================================

| .><><>      OFFENSE      <><><> | SENTENCE DATE | SENTENCE TERM | SENTENCING COUNTY | CS/CC |
|---|---|---|---|---|
| NLAWFUL POSSESSION CONTROL SUBSTANCE | 06/30/87 | 5/00/00 | TALLADEGA | CC |
| SSAULT I | 05/18/89 | 20/00/01 | TALLADEGA | CS |
| NLAWFUL POSSESSION CONTROL SUBSTANCE | 06/30/87 | 5/00/00 | TALLADEGA | CS |

        * * * * * * * * * *  E N D    P A G E  2  * * * * * * * * * *

AL AMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 01/24/2005       CODE: CRSUM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

/   00147435     INMATE: TWYMON, ROBERT JR       RACE: 3 SEX: M

INST: 017 — RCC                DORM:   CT   JAIL CR: 000Y 00M 05D

DOB: 07/27/1956   SSN: 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

ALIAS: TWYMAN, ROBERT JR

ADM DT: 08/28/1987 DEAD TIME: 005Y 08M 05D

ADM TYP: NEW COMIT FROM CRT W/O REV OF     STAT: PAROLE REVOKED

CURRENT CUST: MED-9    CURRENT CUST DT: 05/03/2004   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV       CURRENT CLASS DATE:   12/23/1989
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM |
|---|---|---|---|---|---|
| TALLADEGA | 06/30/87 | N87000124 | POSS CONTROL SUBSTANCE | * 000SD 005Y 00M 000 CS | |
| | COURT COSTS : $0000158 | | FINES : $0000000 | RESTITUTION : $0000075 | |
| TALLADEGA | 06/30/87 | N87000123 | POSS CONTROL SUBSTANCE | * 000SD 005Y 00M 000 CC | |
| | COURT COSTS : $0000178 | | FINES : $0000000 | RESTITUTION : $0000025 | |
| TALLADEGA | 05/18/89 | N89000070 | ASSAULT I | 00000 020Y 00M 010 CS | |
| | | | ATTEMPT TO COMMIT | | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | |
| | COURT COSTS : $0000645 | | FINES : $0000000 | RESTITUTION : $0000025 | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| 025Y 00M 01D | 09/04/2015 | 000Y 00M 000 | 000Y 00M 000 | 02/23/2018 |

INMATE LITERAL:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY

>DET WRT 03/29/2004 TYPE COUNTY WARRANT       TALLADEGA COUNTY S.O.
    LITERAL: CONTEMPT CT/FTA/OWES CHILD SUP    SEQ #: 03     CASE #: CS#87-339
    OFFENSE: 000   - UNKNOWN
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

PAROLED FRM   009:05/27/96 RVK:04/14/04 DELQ:06/08/98 RECAP:02/13/04 RTN:02/13/04

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING 3

CONTINUED ON NEXT PAGE

Case 2:06-cv-00833-MEF-CSC   Document 14-2   Filed 11/08/2006   Page 41 of 62

```
*********************************   CONTINUATION   *********************************
```

: 00147435   INMATE: TWYMON, ROBERT JR                    RACE: B  SEX: M

```
*********************************************************************************
```

## DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 02/23/1993  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                    AT INST: 069    RULE NUMBER: 56
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: FAIL TO OBEY A DIRECT ORDER OF 00

>GOOD TIME 06/19/1989  AMT GT RESTORED   00Y02M00D   CUST FROM MED3 TO MED3
   GOOD FROM  00/00/0000 TO 00/00/0000   SEQ #: 03

>GOOD TIME 03/09/1989  AMT GT RESTORED   00Y02M00D   CUST FROM MED3 TO MED3
   GOOD FROM  00/00/0000 TO 00/00/0000   SEQ #: 02

>> DISCIPLINE: 05/02/1988  TIME LOST: 00Y04M00D   CUST FROM COM2 TO COM5
   DISCIPLINE TYPE: MAJOR                    AT INST: 161    RULE NUMBER: E7
   RETAINED DAYS: 0180   SEQ #: 01   RULE LIT: BEING ARRESTED/CONVICTED OF A FEL

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    Petitioner,

Vs.                         Case No. CV-05-06

ALA. DEPT. OF CORRECTION, et al.,
    Respondents.

## MOTION TO STRIKE

    Comes Now, Petitioner in the aboves styled casuse, pursuant to

A.R.Civ.P, Rule 12(f), moves this Court for an Order Stri ken Responsents

Attachment #5, an insufficient defense, scandalous documents, as not

duly authoritied by State Law, and shows good cause in the following,

to-wit:

## FACTS

    Respondents Attachment #5 should be stri ken form the records cause;

    1. The attachment states, "I have hereunto set my hand and the Seal

of theDepartment of Correction this 9th day of Jun, 1998.' There's no seal

of the Department of Correction, compare to attachment #1 "Certificate of

Parole", which shows the seal of Board of Pardons and Paroles.  See Code of Ala.

section 15-6-60. Warrant for fugitive from Alabama.  Even the Governor of this

State must issue a warrant under the seal of the State.

    2. The attachment does not show that a deliver agent ever received the compute

print-out and complied with the request.  Petitioner was in the custody of the

Cobb County Georgia Jail, under the supervision of Ga. parole officer Walker on

the date in question.  See Steadman v. State, 36 Ala.App. 253, 54 So.2d 633 (1951).

    3. This attachment's not a warrant, according to the Code of Ala., section 15-

7-4, which must be signed by a judge or magistrate.

    Warrant must be signed officially. _ A paper in the form of warrant not

bearing the signature of any judge or magistrate is not a warrant but a mere nullity

see Grissom v. Lawler, 10 Ala. App. 540, 65 So.705 (1914).

FILED IN OFFICE

MAR 1 8 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLER

4. Since this so-called Fugitive Warrant in this case was not duly authenticated by any authority for the State of Alabama it was a nullity and conferred not authoriting the Department of Correction to incarcerate petitioner.  See Barnes v. State, 337 So.2d 22,28 (Ala.Crim.App. 1976).

5. If this attachment, was a Fugitive Warrant, WHICH IT IS NOT, the statute of limitations may have tolled, according to Code of Alabama, sections 15-3-1 and 15-3-2.

Inas much as fugitive warrants are but anticipatory of a formal demand from the quisition state, they laspe after passage of a reasonable time.  Merrell v. Quarles, 35 Ala. 544.  However, this estimated span should be set in the first instance by the judge of the  committing court to which the sheriff return the initial Alabama warrant under section 15-9-40 accusing the prisoner as a fugitive.  See State v. Spark, So.2d 469. 44 Ala.App. 531 (1968).

CONCULUSION

WHEREFORE, Premises Considered, Petitioner Prays  attachment #5 of the respondents be stri ken from the reords from it is not a FUGITIVE WARRANT.

IT IS SO PRAYED:


Done this the 14 day of March, 2005


*Robert Twynman Jr.*
147435  D-1 22B
565 Bibb Lane
Brent, Alabama

IN THE CIRCUIT COURT OF BIBB COURT, ALABAMA

Robert Twyman, Jr.,
     Petitioner,

Vs.                                              Case No. CV-05-06

ALA. DEPT. OF CORRECTIONS, et al.-
     Respondents.

PETITIONER'S TRAVERSE TO RESPONDENTS MOTION TO DISMISS

Comes Now, Petitioner Robert Twyman, Jr., Pro-se, moves this
Court with his Traverse to the Respondents Motion To Dismiss with his Motion
to Strike, and Request for Discovery, and Affidavit in Support, requesting
the Petition for Writ of Habeas Corpus, be GRANTED, and shows good cause in
the following, to-wit:

FACTS

1. In the respondents motion to dismiss Kathy Holt states petitioner was
paroled on May 27, 1996, giving the Board of Pardon and Paroles custody of

petitioner. Attachment #2 shows where Executive Director of the Board Declared
petitioner delinquency, for2 violations. However, the same Director voided his warra
according to statement of Boards Chief Counsel, Gregory O. Griffin, Sr., in CV-2:04
-CV-341-F, (M.D. of Ala. 2004), dismissed for failure to exhaust state remedies.

2. Holt claims petitioner was recaptured Februay 13, 2004. Petitioner requests
Court to supoena his Ohio ID and Alabama Driver Permit from his institutional file.
shows that the State of Ohio and Ala-ama has no knowledge of a Fugitive Warrant.
Petitioner's Exhibit "A" shows the Chief Jailer of Talladega County
jail in Alabama on February 25, 2004 had no knowledge of petitioner being
recaptured for the ADOC. Flower, the Chief Jailer, stated petitioner was
being held for failure to pay child support. See Code of Alabama section
15-9-38. Right of Arrestee to be informed; Application for writ of habeas
corpus; penalty for violation of section.

FILED IN OFFICE

MAR 1 8 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

3. Holt claims petitioner was revoked April 14, 2004, but was incarcerated at Kibly Correctional Facility March24, 2004. Attachment #4 alleges petitioner was violated for charge #1-3, but attachemnt #2 shows petitioner had only 2 charges. Attachment #4 also show petitioner supposely reconsidered fro parole 5-05, however Holt the Director of Central Records has not acknowledge this as to appling the reconsideration date to petitioner Inmate Summary of 1/24/2005.

4. Holt claims petitioner has 5 years 8 months and 5 days dead time. Attachment #2 does not show the Board requesting any dead time. The ADOC has violated petitioner rights to the 5th, 6th, 8th, and 14th amendment of of the U.S. Constitution in this act. The respondents does not have the power to impose a sentence to the petitioner,the Circuit Court of Talladega sentenced petitioner to prison. Petitioner Exhibit "D" shows this 5 year 8 month and 5 day sentence was imposed by therespondents, before petitioner was so-called revoked by the Board. See Daniels v. Alabama Board of Pardons and Paroles 876 So.2d 1180 (Ala.Crim.App. 2003); also Code of Alabama, section 15-22-32.

5.Holt has allowed scandalous information to be placed upon petitioner inmate summary sheet; A child support detainer case no. Gs-87-339. Petitioner has been released from prison twice since 1987, the date of this so-called case; Holt has allowed petitioner Security Level 2 see petitioner's exhibit "D" to be raised to Secur Level 4,                              without any notification to petitioner , or hea ing. Petitioner has not had a progress review while at the Bibb County Correctional Facility.

6. Holt claims a Fugitive Warrant was issued on June 9, 1998. Respondents have submitted a compute print-out alleging itx's a Fugitive Warrant. The respondents does not have the power to issue a warrant alone, but could request a warrant to be issued through the Judicial System of Alabama. See Petitioner's Motion to Stri ke.

7. Respondents have not lawfully shown how/or why petitioner has been incarcerated. Attachment #4 and #5 has never been producted to petititoner until now. Petitioner's Federal Habeas Corpus was answered by the Board of Pardons and Paroles, being dismissed without prejudice, in order to exhaust state remedies. The Board stated they voided their Declaration of Delinquency. The respondents have shown petitioner's incarceration was not under the issusing of a valid warrant, according to the Code of Alabama. Respondents have violated petitioner's 4th Amendment right to the U.S. Constitution, by the false arrest and imprisonment. PETITIONER'S DUE HIS IMMEDIATELY RELEASE.

The warrantless arrest was invalid and did not meet the requirement of section 15-9-40 and this section were the authorities did did not have a fugitive from justice warrant before making the arrest.." See Ex parte Morgan, 642 So.2d $40 (Ala.1994).

CONCLUSION

WHEREFORE, Premises Considered, Petitioner Prays this Writ be GRANTED, for the respondants have not shown their actions were legal. Whereas, if this Court does not to GRANT this writ this moment, Petitioner requests an Efidentiary Hearing be schedu immediately, with appointment of counsel, to assist at the hearing.

IT IS SO PRAYED:

Done this 14 day of March, 2005.

Robert Twyman Jr.
147435  D-1-22F
565 Ribb Lane
Brent, Alabama 35034

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing alone with a Motion to Strike, 2nd request for discover, and affidavit in support on the legal division for the ADOC, by placing the same in the U.S. Mail postage prepaid and properly addressed.

43

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
      Petitioner,

Vs.                                    Case No. CV-0506

ALA. DEPT. OF CORRECTIONS, et al.,
      Respondents.

      STATE OF ALABAMA:

      BIBB COUNTY, ALABAMA:

                    AFFIDAVIT IN SUPPORT

      I Robert Twyman, Jr., in sound mind and body, swore that the following
is true to the best of my knowledge;

      I've been incarcerated in the ADOC since March 24, 2004, as
an alleged parole violater. A Probation Officer Linda F. Hill, claimed
first I was a parole violater in February 2004. Hill had a document,
which was similar to the document the respondents, says a Fugitive
Warrant. Hill would not allow me to read the document, nor have a copy.

      Upon receipt of the pleading from the respondents, was the first time,
I've received a copy of the compute print-out, alleged Fugitive Warrant.
The document is not authorized by the laws governing the State of Alabama
concerning warrants, it has no force or effect of law.

      This was also the first time I've received a copy of the Board decision,
declare me a parole violater. Now, I'm confused as to what happen to my application
for pardon, that was supposely granted.

      I will pursue the issue of the pardon, for in Twyman v. Evans, 9 F.3d
1559 (11th Cir. 1993) unpublished, the Eleventh Circuit Court of Appeals stated
my criminal conviction possibly had a 8th amendment violation and the indictment was
defected, but I had used the wrong petition to received relief and free to
file the proper petition. I've presently addressed the N.D. of Alabama, concerning
those issues.

FILED IN OFFICE

MAR 1 8 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

44

However the issues before this Court today, the respondents have not produced a validwarrant, without one, I AM DUE MY IMMEDIATE RELEASE FROM THE CUSTODY OF THE ADOC.

I swear (or affrim) under penalty of perjury that the foregoing is true and correct.

Executed on   3/14/05      .

                                        _Robert Twyman, Jr._
                                        Affiant

SWORN TO AND SUBSCRIBED before me this the _14_ day of March, 2005.

                        _Juan D. Horton_
                        Notary Public.

                        JUAN D. HORTON
                        NOTARY PUBLIC
                        ALABAMA STATE AT LARGE
                        MY COMMISSION EXPIRES
                        SEPT. 20, 2008

45

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.
     Petitioner,

Vs.                  Case No. CV-05-06

ALA. DEPT. OF CORRECTION, et al.,
     Respondents.

PETITIONER'S 2nd REQUEST FOR PRODUCTION OF DOCUMENTS

Comes Now, petitionr in the above styled cause, pursuant to A.R.Civ.P.,

Rule 34(a)(b), request the respondents to produce the following documents;

1. Petitioner requested in his first dicscovery for the CERTIFIED/TRUE

copies of Fugitive Warrant/Parole Violation Warrant. The respondents submitted

a compute print-out, not duly signed by a judge or magistrate.

Whereas, petitioner re quest copies of the authenticated warrant be

produce to this Court and Petitioenr; or admission to the fact a warrant was not

duly issued. See Motion to Strike and Affidavit in Support.

2. The respondents stated, "The Board of Pardons and Paroles is not responsible

for this activity." Respondents Motion to Dismiss, pp. 2 par. 4.. However the

respondents have submitted attachment #1 "Certificate of Parole" and attachment #4

"Action of the Board Subsequent to Parole Court."

Whereas, respondents submitted certain document from the Board of Pardon and

Paroles, petitioner request the respondents to produce copies fro this Court and

petitioner of petitioner's application to the Board for a Pardon, submitted by parole

Officer Haywood of Talladega Alabama in June or July of 1996. The decision submitted

Parole Officer Walker, of Cobb County, Ga., in the fall of 1999, and a

Certified/true copies of the documtnent

from Executive Director William C. Young of the Board voiding the Declaration of

FILED IN OFFICE

MAR 1 8 2005

Delinquency.

JOHN H. STACY

Done this 14 day of March, 2005 CIRCUIT/DISTRICT CLERK *Robert Twyman, jr.*

46

## IN THE CIRCUIT COURT FOR
## BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.  AIS#147435,    )
      PETITIONER               )
                                 )
v.                           )    Case No.: CV-__-05-06
                                 )
CHERYL PRICE,               )
      RESPONDENT            )

### ORDER

This Court, having reviewed the Petition for Writ of Habeas Corpus and the Respondent's Motion to Dismiss, and after having considered same, is of the opinion that the Respondent's motion is well-taken and due to be granted.  Specifically, the Court finds that the Petitioner has failed to show and prove that he was denied due process in connection with his return to the Department of Corrections' custody subsequent to parole revocation or that he is being illegally restrained.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that this petition be and is hereby **DISMISSED.**

The Alabama Department of Corrections is ordered to withhold 50% of the monies the inmate presently has or will accrue in his prisoner account until the total $311.00 filing fee has been collected.  The money collected should then be forwarded to the Circuit Clerk of Bibb County, Alabama.

DONE and ORDERED this the ___4___ day of ___April___ 2005.

**FILED IN OFFICE**

APR 0 5 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

_____
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.
    PETITIONER,

VS
                                    CASE NO. CV-05-06

ALA. DEPT. OF CORRECTION, ET AL.,
    RESPONDENTS.

FILED IN OFFICE

APR 2 0 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

## MOTION FOR ORDER COMPELLING DISCOVERY

    COMES NOW, PETITIONER IN THE ABOVE STYLED CAUSE, PURSUANT TO A.R.CIV.P., RULE 37(a)(1), MOVES HONORABLE JUDGE TOMMY R. JONES, FOR AN ORDER TO THE RESPONDENTS TO COMPLY WITH "PETITIONER'S 2nd REQUEST FOR PRODUCTION OF DOCUMENTS, AND SHOWS GOOD CAUSE IN THE FOLLOWING, TO-WIT:

### FACTS

    1. ON/OR ABOUT MARCH 8, 2005, RESPONDENTS SUBMITTED THEIR RESPONSE TO PETITIONER'S HABEAS CORPUS PETITION.

    2. THE RESPONDENTS ATTACHMENT # 5, (SUPPOSELY A FUGITIVE WARRANT) DOES NOT COMPLY WITH THE LAWS OF THE STATE OF ALABAMA, CONCERNING THE ISSUSING OF WARRANTS.  **IF RESPONDENTS CANNOT PRODUCE A VALID WARRANT, PETITIONER MUST BE RELEASED, FROM PRISON.**

    3 PETITIONER REQUESTED RESPONDENT TO PRODUCE HIS APPLICATION TO THE BOARD OF PARDONS & PAROLES FOR A PARDON, SUBMITTED IN 1996, AND THE DECISION OF THE BOARD IN 1999.

    4. PETITIONER ALSO, REQUESTED COPIES OF THE VOIDED WARRANT OF BOARD EXECUTIVE DIRECTOR WILLIAM C. YOUNG, OF 1998.

    5. RESPONDENTS, SURELY HAVE ASSEST TO ALL REQUESTED DOCUMENTS, FOR THEY HAVE ALREADY SUBMITTED CERTAIN DOCUMENTS FROM THE BOARD.

    6. THE REQUESTED DOCUMENTS OF PETITIONER, WILL SHEAD LIGHT UPON THIS CAUSE, AND ASSIST THIS COURT IN MAKING IT'S DECISION OF THE MATTER, AT HAND.

### CONCLUSION

    WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAYS THAT THE HONORABLE JUDGE WILL ORDER RESPONDENTS TO PRODUCE THE REQUESTED DOCUMENTS.

    IT IS SO PRAYED:

DONE THIS _19_ DAY OF APRIL, 2005.

*Robert Twyman, jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ON THE LEGAL DIVISION FOR THE ADOC, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED.

*Robert Turman, Jr.*

147435   D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.

    PETITIONER,

VS.                                         CASE NO.  CV-05-06

ALABAMA DEPARTMENT OF

CORRECTIONS; ET AL.,

FILED IN OFFICE

APR 2 9 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

### MOTION FOR RECONSIDERTIONS/NEW TRIAL

COMES NOW, PETITIONER ROBERT TWYMAN, JR., PRO-SE, MOVES THIS
HONORABLE COURT WITH HIS MOTION FOR RECONSIDERTION/NEW TRIAL,
FOR RECONSIDERATION OF IT'S DENIAL OF A WRIT OF HABEAS CORPUS
ON APRIL 4, 2005, AND SHOWS GOOD CAUSE IN THE FOLLOWING, TO-WIT:

### FACTS

1. IN THE PETITIONER'S ORIGINAL WRIT, PETITIONER'S SET
FORTH THAT HIS FOURTH, EIGHTH AND FOURTEENTH AMENDMENT TO THE
U.S. CONSTITUTION WERE VIOLATED.

2. ON APRIL 4, 2005 JUDGE JONES USED THE RESPONDENT PREPARED
ORDER TO DISMISS THE WRIT, WHICH DOES NOT SET FORTH A FINDING
OF FACTS.  **NOTE:** THE CLERK'S OFFICE DID NOT MAIL THE DISMISSAL
UNTIL APRIL 19, 2005.

3. PETITIONER CLEARLY STATED IN HIS MOTION TO STRIKE,
THAT RESPONDENTS ATTACHMENT # 5 IS NOT A WARRANT ACCORDING TO CODE
OF ALABAMA §15-7-4.  THE MOTION WAS NEVER RULED UPON BY THIS COURTY
NOR HAS THIS SO-CASSED WARRANT EVER BEEN SERVED ON PETITIONER
BEFORE THE RESPONSENTS PRODUCED IT IN IN THEIR REPLY.

4. SURELY JUDGE JONES A CIRCUIT COURT JUDGE OF BIBB COUNTY
ALABAMA, KNOWS THAT APAPER IN THE FORM OF A WARRANT MUST BE SIGNED
BY A JUDGE OR MAGISTRATE, IN ORDER FOR IT TO HAVE THE FORCE AND
EFFECT OF LAW.  RESPONDENT'S ATTACHMENT #5 DOES NOT BEAR ANY
SUCH SIGNATURE OF A JUDGE OR MAGISTRATE.

5. RESPONDENTS ATTACHMENT #4 SHOULD BE ALSO STRICKEN FROM
THE RECORDS.  THE BOARD HAS NEVER SERVED PETITIONER WITH SUCH
A DOCUMENT.  THE BOARD HAS NOT ACKNOWLEDGE THAT PETITIONER WAS A
PAROLE VIOLATER, NOR HAS THE BOARD OR ADOC STATED HE WOULD BE
GIVEN RECONSIDERATION 5-05.  PETITIONER WAS GIVEN A PARDON IN
1999 WHILE UNDER THE SUPERVISION OF THE STATE OF GEORIGA, FOR
THE PRESENT CONVICTION.

6. THE COURT NEVER ADDRESSED, PETITIONER MOTION FOR EVIDENTIARY
HEARING OR PETITIONER 2nd REQUEST FOR DISCOVERY. THIS COURT HAS
THE POWER TO ORDER THE PRODUCTION OF APPLICATION FOR THE PARDON
IN 1996, THE BOARD'S DECISION IN 1999, AND THE BOARDS VOIDING OF
THEIR DECLARATION OF DELINQUENCY. THOSE DOCUMENTS WILL PROVE THE
RESPONDENTS HAS NO REASON TO INCARCERATE PETITIONER.

7. PETITIONER TRAVERSE STATES THE RESPONDENTS VIOLATED
HIS 4th AMENDMENT- ILLEGAL ARREST, DEFECTIVE WARRANT; 5th AMENDMET
DOUBLE JEOPARDY, THE CIRCUIT COURT OF TALLADEGA SENTENCED PETITIONER
TO 20 YEARS AND 1 DAY, NOW THE RESPONDENTS SENTENCE PETITIONER
TO AN EXTRA 5 yeals , 8 MONTHS AND 5 DAYS; 6th AMENDMENT- RIGHT
TO A FAIR TRIAL AND COUNSE; THE RESPONDENT SENTENCED PETITIONER
TO THE EXTRA 5 YEARS, 8 MONTHS AND 5 DAYS WITHOUT A TRIAL OR
COUNSEL: 8th AMENDMENT-EXCESSIVE SENTENCE, ADDING THE EXTRA
TIME WHICH HAS NOT BEEN COURT ORDERED; AND 14th AMENDMENT –
DUE PROCESS ALL THE RESPONDENTS ACT ACCURED, AFTER THE PETITIONER
HAD BEEN PARDONED FROM THE CONVICTION.

8. THE ALLEGED ACT WHIC PETITIONER HAS SUPPOSELY DONE
OCCURED IN MARRIETTA GA, IN 1998, HOWEVER NOTHIN IN THE RECORDS
SHOWS FROM ANY OFFICIAL FOR THE STATE OF GA, THAT THOSE EVENT
HAPPEN, NOR PETITIONER'S PAROLE OFFICER DAVID WALKER OF GA.
EVER INTEND FOR PETITIONER PAROLE TO BE REVOKED, IN 1998.

9. ALL THE RESPONDENTS ATTACHMENT ARE FROM OFFICALS IN ALABAMA
BUT SUPPOSELY BASED ON A INCIDENT WHICH OCCURED OUTSIDE OF THEIR
JURISDICTION, IN GA., 1998. THERE MUST BE SOME EVIDENCE AS TO
WHAT ACTRUL HAPPEIN IN GA., IF NOT THE RESPONDENTS ENTIRE CASE
IS BASED UPON NO EVIDENCE/HEARSAY EVICENCE. THE RESPONDENTS HAVE
NOT EVEN PRODUCTEDA ARREST REPORT FROM GA., SHOWING PETITIONER
WAS WVER ARESTED.

10. THE ISSUES IN THE WRIT PF HABEAS CORPUS, PETITIONER
CONSTITUTION RIGHTS HAD BEEN VIOLATED, WHICH REQUESTED A FINDING
OF FACTS, BY A COURT OF LAW. PETITIONER REQUESTED THIS COURT
TO PERFORMED A FACT FINDING. HOWEVER, THIS COURT HAS REFUSED.
RESPONDENTS DID NOT PROPERLY ADDRESS THE ISSUES IN THE WRIT
OF HABEAS CORPUS, NOR HAS THSI COURT TOUCHED THE MERITS. THEREFORE
THE ALLEGATIONS MUST BE DEEMEND AS TRUE.

-2-

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED PETITIONER, PRAYS THIS COURT WILL RECONSIDER IT"S PRIOR RULING BY GRANTING THIS MOTION, AND PERFORMED IT'S DUTIES PROPERLY ACCORDING TO THE RULES AND LAWS GOVERNING A CASE OF THIS NATURE, ADDRESSD THE MERITS IN THIS CASUE.  WHEREAS WITH A FACT FINDING PROCESS, THIS COURT WILL ACKNOWLEDGE PETITIONER'S DUE RELIEF.

**IT IS SO PRAYED:**
DONE THIS THE <u>28</u> DAY OF APRIL, 2005.

*Robert Twyman, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ON THE LEGAL DIVISOON FOR THE ADOC, ANDREW W. REDD, GENERAL COUNSEL, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PREPAOD AND PROPERLY ADDRESSED.

*Robert Twyman, Jr.*
147435  D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

–3–

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.

    PETITIONER,

VS.                       CASE NO.  CV-05-06  FILED IN OFFICE

ALABAMA DEPARTMENT OF

CORRECTIONS; ET AL.,                     APR 2 9 2005

                                    JOHN H. STACY
                             CIRCUIT/DISTRICT CLERK

### MOTION FOR RECONSIDERTIONS/NEW TRIAL

    COMES NOW, PETITIONER ROBERT TWYMAN, JR., PRO-SE, MOVES THIS
HONORABLE COURT WITH HIS MOTION FOR RECONSIDERTION/NEW TRIAL,
FOR RECONSIDERATION OF IT'S DENIAL O[...]
ON APRIL 4, 2005, AND SHOWS GOOD CAU[...]

                FACTS

*NEED Response
from Andrew
Redd.*

    1. IN THE PETITIONER'S ORIGINAL[...]
FORTH THAT HIS FOURTH, EIGHTH AND FO[...]
U.S. CONSTITUTION WERE VIOLATED.

    2. ON APRIL 4, 2005 JUDGE JONE[...]
ORDER TO DISMISS THE WRIT, WHICH DO[...]
OF FACTS. **NOTE:** THE CLERK'S OFFICE[...]
UNTIL APRIL 19, 2005.

                FILED IN OFFICE
                MA[...] 1[...] 2005
            JOHN H. STACY CLERK

    3. PETITIONER CLEARLY STATED [...]
THAT RESPONDENTS ATTACHMENT # 5 IS[...]
OF ALABAMA §15-7-4.  THE MOTION WAS NEVER RULED UPON BY THIS COURTY
NOR HAS THIS SO-CASSED WARRANT EVER BEEN SERVED ON PETITIONER
BEFORE THE RESPONSENTS PRODUCED IT IN IN THEIR REPLY.

    4. SURELY JUDGE JONES A CIRCUIT COURT JUDGE OF BIBB COUNTY
ALABAMA, KNOWS THAT APAPER IN THE FORM OF A WARRANT MUST BE SIGNED
BY A JUDGE OR MAGISTRATE, IN ORDER FOR IT TO HAVE THE FORCE AND
EFFECT OF LAW.  RESPONDENT'S ATTACHMENT #5 DOES NOT BEAR ANY
SUCH SIGNATURE OF A JUDGE OR MAGISTRATE.

    5. RESPONDENTS ATTACHMENT #4 SHOULD BE ALSO STRICKEN FROM
THE RECORDS.  THE BOARD HAS NEVER SERVED PETITIONER WITH SUCH
A DOCUMENT.  THE BOARD HAS NOT ACKNOWLEDGE THAT PETITIONER WAS A
PAROLE VIOLATER, NOR HAS THE BOARD OR ADOC STATED HE WOULD BE
GIVEN RECONSIDERATION 5-05.  PETITIONER WAS GIVEN A PARDON IN
1999 WHILE UNDER THE SUPERVISION OF THE STATE OF GEORIGA, FOR
THE PRESENT CONVICTION.

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    PETITIONER-APPELLANT,

VS.                                CASE NO. CV-05-00

ALA. DEPT. OF CORRECTIONS; ET AL.,
    RESPONDENTS-APPELLEES.

### NOTICE OF APPEAL

PLEASE TAKE NOTICE, PURSUANT TO THE ALA.R.APP.P., RULE 3(a) AND 4(a), PETITIONER IN THE ABOVE STYLED CAUSE HEREBY APPEALS TO THE ALABAMA COURT OF CRIMINAL APPEALS, THE DENIAL OF A WRIT OF HABEAS CORPUS PETITION BY CIRCUIT JUDGE JONES, ON APRIL 4, 2005, AND THE UNANSWERED MOTION FOR RECONSIDERATION FILED APRIL 28, 2005.

DONE THIS THE _16_ DAY OF MAY, 2005.

*Robert Twyman, Jr.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS THE _16_ DAY OF MAY, 2005 SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ON THE ALABAMA COURT OF CRIMINAL APPEALS AND THE ALABAMA DEPARTMENT OF CORRECTIONS LEGAL DIVISION, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PREPAID, AND ADDRESSED CORRECTLY.

*Robert Twyman, Jr.*
147435  D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

FILED IN OFFICE

MAY 1 7 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

54

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

**Robert Twyman, Jr.**      v.    [X] **STATE OF ALABAMA**
**APPELLANT'S NAME**      [ ] **CITY OF** _____
(as it appears on the indictment)              **APPELLEE**

[X] **CIRCUIT**    [ ] **DISTRICT**    [ ] **JUVENILE COURT OF** _Bibb_ **COUNTY**

**CIRCUIT/DISTRICT/JUVENILE JUDGE:** Hon. Thomas ap R. Jones

**DATE OF NOTICE OF APPEAL:** May 16, 2005

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
Granted Indigency Status at Trial Court:        [X] Yes [ ] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:    [ ] Yes [X] No
Indigent Status Revoked on Appeal:        [ ] Yes [X] No

**DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [X] No

**TYPE OF APPEAL: (Please check the appropriate block.)**
[ ] State Conviction    [ ] Pretrial Appeal by State    [ ] Juvenile Transfer Order
[ ] Rule 32 Petition    [ ] Contempt Adjudication    [ ] Juvenile Delinquency
[ ] Probation Revocation    [ ] Municipal Conviction    [X] Habeas Corpus Petition
[ ] Mandamus Petition    [ ] Writ of Certiorari    [ ] Other(specify) _____

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.,RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

**TRIAL COURT CASE NO.:** CV 2005-6

**DATE ORDER WAS ENTERED:** 4/5/05      **PETITION:** [X] Dismissed   [ ] Denied   [ ] Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**

**DATE OF CONVICTION:** _____    **DATE OF SENTENCE:** _____

**YOUTHFUL OFFENDER STATUS:**
Requested: [ ] Yes [ ] No    Granted: [ ] Yes [ ] No

**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*

1. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____
2. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____
3. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To *(Date)* |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other _____ | | | |

**COURT REPORTER(S):** _____
**ADDRESS:** _____

**APPELLATE COUNSEL:** _____
**ADDRESS:** _____

**APPELLANT: (IF PRO SE)** AIS# 147435 Robert Twyman Jr.
**ADDRESS:** BCCF 5105 Bibb Lane Brent, AL 35034

**APPELLEE (IF CITY APPEAL):** _____
**ADDRESS:** _____

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this 24th day of May, 2005.

John H. Stacy
**CIRCUIT COURT CLERK**

55

## DOCKETING STATEMENT

**GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _Bibb_____ COUNTY

_Robert Twyman, Jr._____, Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CV-05-06 | 1-5-05 | 4-4-05 |

| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
|---|---|---|
| -0-  Days | Oral: | Written: 5-16-05 |

Indigent Status Requested: ☒ Yes ☐ No        Indigent Status Granted: ☐ Yes ☐ No

**REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.     If no attorney, will appellant represent self?  ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary). | Telephone Number |
|---|---|
| PRO-SE | |

| Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

**CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | N/A  Case Number |

**TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☐ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☒ Habeas Corpus Petition
10 ☐ Other (Specify) _____

**UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☒ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☒ Yes  ☐ No
   (c) If the appeal is from the district or juvenile court and the answer to question "1" is "No"

FILED IN OFFIC

MAY 2 6 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLER

Form ARAP- 26 (back)    8/91          COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 1 | 10 | 05 | No Evidentiary Hearing    Traverse to Response | UNANSWERED | | |
| 3 | 14 | 05 | Motion to Strike    Production of Documents | UNANSWERED | | |
| 4 | 19 | 05 | Compel Discovery | " | " | |
| 4 | 28 | 05 | Reconsidertion/New Trial | UNANSWERED | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Petitioner has been illegal incarcerated by the Respondents

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

The Court of Bibb County never did a finding of facts.

Petitioner incarcereted in violation of his constitutional Rights

**SIGNATURE:**

5-24-05
Date

Robert Tesmar, Jr.

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C        8/91 | REPORTER'S TRANSCRIPT ORDER — CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R.App.P.) | Criminal Appeal Number |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒CIRCUIT COURT ☐DISTRICT COURT ☐JUVENILE COURT OF _B.bb_ COUN

_Robert Twyman, Jr_

v. ☒STATE OF ALABAMA ☐MUNICIPALITY OF _____ , Appellan

Case Number _CX-05-06_

Date of Judgment/Sentence Order _4-4-05_

Date of Notice of Appeal

Oral: _____ Written: _5-16-05_

Indigent Status Granted: ☐Yes ☐No

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 18(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_Robert Twyman Jr_                    _5-24-05_                    _Robert Twyman, Jr_
Signature                              Date                         Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                        COURT REPORTER(S)

A. ☒TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY).

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. | | |
| E. | | |
| F. | | |
| G. | | |

**FILED IN OFFICE**

MAY 2 6 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Robert Twyman Jr_                    _5-24-05_                    _Robert Twyman, Jr_
Signature                              Date                         Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings...

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-14    Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 5/16/05 |

**APPELLANT**

Robert Twyman, Jr

**v.    STATE OF ALABAMA**

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of 59 pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this 27th day of May, 2005.

John H. Stacy
Circuit Clerk

**COPY**

COURT OF CRIMINAL APPEALS NO. _____ | CR-04-1744

# SUPPLEMENTAL
## APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS
### FROM

CIRCUIT COURT OF _____ BIBB _____ COUNTY, ALABAMA

CIRCUIT COURT NO _____ CV2005-6 _____

CIRCUIT JUDGE _____ Hon. Thomas ap R. Jones _____

Type of Conviction/ Order Appealed From: _____ Writ of Habeas Corpus _____

Sentence Imposed: _____ n/a _____

Defendant Indigent: ☑ YES ☐ NO

_____ **Robert Twyman, Jr. #147435** _____

**NAME OF APPELLANT**

(Appellant's Attorney) _____ (Telephone No.)

_____ BCCF  565 BIBB LANE _____

(Address)

_____ BRENT, AL  35034 _____

(City) _____ (State) _____ (Zip Code)

**v.**

_____ **State of Alabama** _____

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT _____ 2

# SUPPLEMENTAL
# INDEX

**PAGE NO.**

RESPONSE TO MOTION FOR RECONSIDERATION          1-2
    OR IN THE ALTERNATIVE, NEW TRIAL

NOTICE FROM COURT OF CRIMINAL APPEALS           3

PETITIONER'S TRAVERSE TO RESPONDENT'S           4-5
    RESPONSE TO MOTION FOR RECONSIDERATION
    OR IN THE ALTERNATIVE NEW TRIAL

MOTION TO STAY APPEAL                           6-7

ORDER FROM JUDGE JONES                          8

ORDER FROM COURT OF CRIMINAL APPEALS            9

ORDER FROM JUDGE JONES                          10

PETITION FOR WRIT OF MANDAMUS                   11-16

ORDER DISMISSING WRIT OF MANDAMUS               17

MOTION FOR CORRECTION OF CLERICAL               18
    MISTAKE

MOTION FOR SUPPLEMENTING OF RECORDS             20

ORDER FROM COURT OF CRIMINAL APPEALS            21

MOTION FOR ORDER                                22-23

ORDER                                           24

CERTIFICATE OF COMPLETION                       25

IN THE CIRCUIT COURT FOR
BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR. AIS#147435,  )
     PETITIONER             )
                                    )
v.                              )   Case No.: CV-05-06
                                    )
CHERYL PRICE    ,         )
     RESPONDENT         )

## RESPONSE TO MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, NEW TRIAL

Comes now the Respondent, by and through undersigned counsel, and files this response to the Petitioner's Motion for Reconsideration/New Trial, stating further as follows:

As stated in his original pleading, the Petitioner was paroled from the custody of the Alabama Department of Corrections and permitted to reside in the State of Georgia pursuant to the provisions of the Interstate Compact , Title 14-13-1 et.seq. and/or Title 15-22-1 et. seq. Code of Alabama 1975.

Petitioner now complains that the Fugitive Warrant (Respondent's attachment #5) was insufficient to effect his return to the State because the document does not bear the signature of a Judge or Magistrate.  Petitioner cites Title 15-7-4 Code of Alabama 1975 as authority for his assertion.  Title 15-7-4 is inapplicable to the situation presented herein inasmuch as this title (Initiation of proceedings by complaint) has to do with the initiation of a criminal complaint, not the return of a prisoner subject to Interstate Agreements.   Petitioner offers no other authority to support his contention.

**FILED IN OFFICE**

MAY 2 7 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

1

In the instant case, the Petitioner, by his own pleadings, was on parole in a participating interstate compact state. The warrant by which he was returned to Alabama to serve the remainder of his lawful sentence was executed by the Commissioner of the Alabama Department of Corrections and bears the Commissioner's signature. Respondent contends that, under these titles, the Commissioner of the Department of Corrections, with whom custody remained, was authorized to effect the warrant (Title 15-22-31(a)); the signature of a judge or magistrate was not required.

Premises considered, this motion for reconsideration/new trial should be denied

Respectfully submitted,

Andrew W. Redd
Assistant General Counsel
Assistant Attorney General
301 South Ripley Street
Montgomery, Alabama 36014

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon:

Robert Twyman, Jr. AIS#147435
Bibb County Correctional Facility
565 Bibb Lane
Brent, Alabama 35034

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this the 2 day of ___, 2005.

Andrew W. Redd

2

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

June 3, 2005

CR-04-1744

Robert Twyman, Jr. v. State of Alabama  (Appeal from Bibb  Circuit Court: CV05-6)

## Notice

You are hereby notified that the record on appeal in the above cause was filed on June 3, 2005.  Because the clerk's certificate of completion is dated May 27, 2005, the appellant's brief is due to be filed in this Court and a copy served on the appellee by June 24, 2005.  Should the appellant need an extension of time to file his/her brief, the request must be made in accordance with the policy as set out in the informational notice provided to the appellant when this appeal was docketed.

---

SPECIAL PROVISION FOR "PRO SE INMATES" TO SERVE THE ATTORNEY GENERAL:  Effective immediately, the Attorney General has agreed to accept service of briefs and other documents filed by "pro se inmates" via the Attorney General's hand mail box located in the Court of Criminal Appeals Clerk's Office.  Therefore, any pro se inmate who wishes to use this alternative method to serve the Attorney General with copies of briefs and other documents filed in proceedings before the Court of Criminal Appeals may do so by sending the Attorney General's copy to the Court of Criminal Appeals along with the original and four copies.  To take advantage of this alternative service mode, the cover of the brief (or other document) that is intended for the Attorney General must be clearly marked at the top "ATTORNEY GENERAL'S COPY," and the certificate of service on the document being filed with this Court should state that the Attorney General's copy was delivered to the Court of Criminal Appeals for service on the Attorney General.  If a response to said document is required or permitted, the Attorney General's time for response shall run from the date the pro se document is received by the Court of Criminal Appeals.  This alternative mode of service on the Attorney General is available only to those inmates who are not represented by counsel and applies only in proceedings in the Court of Criminal Appeals.  Additionally, because the Attorney General does not represent municipalities in appeals from municipal convictions, this alternative mode of service has no application if appealing a conviction for violating a municipal ordinance.

IMPORTANT NOTE:  Any brief or document that does not have a complete certificate of service will be deemed to have been conditionally filed.  For information regarding the certificate of service, please refer to the "PROOF OF SERVICE" information contained in the informational notice that was mailed to you when this appeal was docketed.  All pro se inmates are hereby placed on notice that under no circumstance will this Court make copies of your filings for service on the opposing party and no such papers or documents will be returned to you for copying.

cc: Hon. John H. Stacy, Circuit Clerk
Robert Twyman, Jr., Pro Se
Office of Attorney General

3

FILED IN OFFICE

JUN 0 7 2005

JOHN H. STACY

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    Petitioner,
Vs.                            Case No. CV-05-06
ALA. DEPT. OF CORRECTIONS, et al.,
    Respondents.

PETITIONER'S TRAVERSE TO RESPONDENT'S RESPONSE TO MOTION FOR RECONSIDERATION
OR, IN THE ALTERNATIVE NEW TRIAL

    Comes Now, Petitioner Robert Twyman, Jr., Pro-se moves this Court with his Traverse, and shows good cause in the following, to-wit:

    The respondents does not understand the facts in this case, nor the Laws which govern this State or the United States Constitution.  For petitioner was not returned to the State of Alabama, by this so-called Fugitives Warrant.  Petitioner was a resident of Talladega Alabama, working at the Jacksonville University, for Precision Masonry, Inc., of Oxford Alabama.  Petitioner Banked with Region Bank, owned a 1994 Pontiac Sunbird, had a valid Alabama Diver License, until been incarcerated by the respondents.

    The respondents attachment #5 which is titled a Fugitive Warrant does not comply, with the Code of Alabama, 1975 section 15-9-40.  When this so-called warrant was issued, dated 6-5-98, petitioner was in the Cobb County Ga. jail, not in Alabama.

Section 15-9-40. Arrest prior to requisition.

    Whenever any person within this state shall be charged on the oath of any credible person before any district or circuit court judge of this state with the commission of any crime in any other state and except in cases arising under Section 15-9-34, with having fled from justice; or whenever complaint shall have been made before any district or circuit court judge in this state setting forth on the affidavit of any credible person in another state that a crime has been committed in such otherstate, that the accused has been charged in such state with the commission of the crime and, except in cases arising under Section 15-9-34, that he has fled from justice and is believed to have been found in this state, the judge shall issue a warrant directed to the sheriff of the county in which the oath or complaint is file directing him to apprehend the person charged, wherever he may be found in this state, and bring him before the same or any other district or circuit court judge who may be convenient of access to the place where the arrest may be made to answer the charge or complaint and affidavit. A certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.

    The respondents attachment #5 is merely a complaint, if anything.

FILED IN OFFI

JUN 0 8 200

4

The warrantless arest was invalid and did not meet the requirements of this section and section 15-9-41, where the police did not have a fugitive from justice warrant before making the arrest... See Ex parte Morgan, 614 So.2d 840 (Ala. 1994.

For the respondents to state that the ADOC Commissioner has the authority to issue a warrant without, the approval of aMagistrate or Judge, places section 15-22-1 in direction conflict with section 15-7-4.

WARRANT MUST BE SIGNED OFFICIALLY -- A paper in the form of a warrant not bearing the signature of any judge or magistrate is not a warrant but a mere nullity. Grissom Lawler, 10 Ala. App. 540, 65 So. 705 (1914).

Furthermore, all warrants are criminal matter. WHEREAS, the Fourth Amendment of the United States Constitution DEMANDS; Search and Arrest Warrants (1791).

"The right of the people to be secure in their persons, houses, papers, and protects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affimation, and particularly describing the place to be searched, and the person or thing to be seized."

WHEREFORE, premises considered, Petitioner Prays this Court will honor the laws of this State and the U.S. Constitution, grant him the relief he is due, immediate release from the respondents custody.


IT IS SO PRAYED:

Done this the 4 day of June, 2005.

*Robert Turman, Jr.*

CERTIFICATE OF SERVICE
    I hereby certify that I have served a true and correct copy of the foregoing on the Legal Division for the ADOC, by placing the same in the U.S. mail postage prepaid and properly addressed.

*Robert Turman, Jr.*
147435  D-1-22B
565 Bibb Lane
Brent Ala. 35034

5

IN THE ALABAMA COURT OF CRIMINAL APPEALS

ROBERT TWYMAN, JR.,

     Appellant-Petitioner,

Vs.                     Case No. CR-04-1744

STATE OF ALABAMA,

     Appellees-Respondents.

### MOTION TO STAY APPEAL

Comes Now, Appellant-Petitioner Robert Twyman, Jr., Pro-se, in the above styled cause, moves this Honorable Court to Stay said Appeal, and shows good cause in the following, to-wit:

1. On April 4, 2005, Bibb County Circuit Judge Thomas Jones, dismissed, petitioner's Habeas Corpus, without a finding of facts.

2. On April 28, 2005, petitioner filed a Motion for Reconsideration/ New Trial.

3. On May 10, 2005, Judge Jones ordered the respondents to answer the Motion for New Trial.  See Transcript, R-53, "Need Response from Andrew Reed".

5. On May 16, 2005, petitioner (without knowledge of the Judge's order of May 10, 2005) filed Notice of Appeal.

5. On May 25, 2005, respondents (Andrew W. Reed) filed a "Responds to Motion for Reconsideration or, in the Alternative, New Trial."

6. On June 4, 2005, petitioner filed a "Traverse to Respondent's Response to Motion for Reconsideration or, in the Alternative New Trial."

7. Judge Jones ordered the respondents to answer the Motion for New Trial, (the respondents answered, and petitioner traversed).  Whereas, Judge Jones has shown intent to address said motion for new trial.

8. According to A.R.Civ.P., Rule 59.1, Judge Jones has (90) days to address said motion, before the expiration of time.

FILED IN OFFICE

JUN 0 8 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

9. Apparently, the Clerk of Bibb County Court inadvertently completed the records without notice of the respondents response to the New Trial, before Petitioner's Traverse was filed, and without allowing Judge Jones ample time to rule upon the Motion for New Trial.

### RELIEF SOUGHT

Appellant respectfully asks this Court to Stay said appeal, in order for Judge Jones to address the Motion for New trial further, or in the alternative upon the expiration to thetime alloted by A.R.Civ.P., Rule 59.1, the Clerk of Bibb County Court supplement the records as to, the respondents response to the Motion for New Trial and Petitioner's Traverse, according to A.R.App.P, R.10(g), therefore, the records will be complete.

### CONCLUSION

WHEREFORE, premises considered, Appellant-Petitioner Prays this Court will grant this Motion to Stay Appeal, where justice so requires;

IT IS SO PRAYED:

Done this the 8 day of June, 2005.

*Robert Tarpman, Jr.*

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Clerk Office for Bibb County, the Legal Division for the ADOC, by pl the same in the U.S. mail postage prepaid and properly addressed.

*Robert Tarpman, Jr.*

147435  D-1-22B
565 Bibb Lane
Brent, Alabama 35034

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR., AIS#147435,    *
                                   *
        Petitioner,                *
                                   *
vs.                                *        CASE NO. CV-2005-06
                                   *
CHERYL PRICE,                      *
                                   *
        Respondent.                *

## ORDER

THIS CAUSE, having come before the Court upon Defendant's **Motion for Reconsideration or in the Alternative, New Trial**, and the Respondent's Response to the same, and it all having been considered by the Court, it is

**ORDERED, ADJUDGED, and DECREED** that Defendant's said motion is due to be **DENIED**.

**DONE and ORDERED**, this the 9th day of June 2005.

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

FILED IN OFFICE

JUN 1 3 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

8

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-04-1744

Robert Twyman, Jr., Appellant

vs.

State of Alabama, Appellee

Appeal from Bibb Circuit Court No. CV-05-06

## ORDER

This case is before this Court's on Twyman's appeal from the dismissal of his petition for a writ of habeas corpus.  Our records show that the habeas corpus petition was dismissed on April 5, 2005. On April 29, 2005, Twyman filed a motion to reconsider. On May 16, 2005, Twyman filed a notice of appeal.  The record on appeal was certified as complete on June 3, 2005.  On June 3, 2005, we issued a notice setting up a briefing case in this case.  On June 6, 2005, Twyman moved that we stay the appeal pending the circuit court's ruling on his motion to reconsider.

A habeas corpus petition is governed by the Rules of Civil Procedure.  See Rule 81(a)(13), Ala.R.Civ.P.  A motion to reconsider filed on a habeas corpus petition is deemed denied if not disposed of within 90 days from the date of the ruling.  See Rule 59.1, Ala.R.Civ.P.

Accordingly, it is hereby ORDERED that Twyman's motion to stay this appeal is granted. The time for filing Twyman's brief is stayed pending the circuit court's ruling on the motion to reconsider.

Done this 15th  day of June, 2005.

H. W. "BUCKY" McMILLAN, PRESIDING JUDGE

cc:    Hon. Thomas Ap Roger Jones, Judge
       Hon. John H. Stacy, Clerk
       Robert Twyman, Jr., pro se
       Office of the Attorney General

**FILED IN OFFICE**

JUN 1 7 2005

JOHN H. STACY CLERK

9

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,                    *
                                       *
        Petitioner,                    *
                                       *
vs.                                    *        CASE NO. CV-2005-06
                                       *
STATE OF ALABAMA,                      *
                                       *
        Respondent.                    *

## ORDER

THIS CAUSE, having come before the Court upon the Petitioner's Motion for Reconsideration, and the same having been considered, it is

ORDERED, ADJUDGED, and DECREED that Petitioner's **Motion for Reconsideration** is due to be **denied.**

DONE and ORDERED, this the 20th day of June 2005.


                                    THOMAS ap R. JONES, JUDGE
                                    FOURTH JUDICIAL CIRCUIT


FILED IN OFFICE

JUN 2 4 2005

JOHN H. STACY CLERK

10

## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

EX PARTE ROBERT TWYMAN, JR.
       PETITIONER
RE: ROBERT TWYMAN, JR.
    PLAINTIFF,

VS,                    CASE NO. _____

JUDGE TOMMY R. JONES
     DEFENDANT.

### PETITION FOR WRIT OF MANDAMUS

    COMES NOW ROBERT TWYMAN, JR., AND PETITIONS THE ABOVE-NAMED COURT FOR A WRIT OF MANDAMUS TO JUDGE TOMMY R. JONES OF BIBB COUNTY CIRCUIT COURT AND SHOWS THE FOLLOWING IN SUPPORT OF THIS PETITION.

### STATEMENT OF FACTS NECESSARY FOR AN UNDERSTANDING OF THE ISSUES PRESNTED

    1. ON JANUARY 6, 2005, PETITIONER-PLAINTIFF FILED A HABEAS CORPUS PETITION, INTO THE BIBB COUNTY CIRCUIT COURT, PURSUANT TO THE CODE OF ALA. §15-21-6, ALLEGING THE ALABAMA DEPARTMENT OF CORRECTIONS (ADOC) HAD INCARCERATED HIM ILLEGALLY, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

    2. ON JUNUARY 9, 2005, RESPONDENTS-DEFENDANTS WERE SERVED WITH THE HABEAS CORPUS PETITION.

    3. PETITIONERS EXHIBIT "A" CASE ACTION SUMMARY, SHOWS SEVERAL MOTIONS WERE FILED TO THE BIBB COUNTY CIRCUIT COURT, SOME WERE NEVER PRESENTED TO JUDGE JONES FOR REVIEW. THIS EXHIBIT ALSO SHOWS THAT THE PLAINTIFF IS ROBERT TWYMAN, JR. AND THE DEFENDANTS ARE ADOC, COMMISSIONER DONAL CAMPBELL, AND CHERLY PRICE.

    4. NONE OF THE MOTION FILED INTO THE BIBB COUNTY CIRCUIT COURT WAS RULED UPON UNTIL APRIL 5, 2005. THAT WHEN JUDGE JONES ORDERED THE HABEAS CORPUS DISMISSED, WITHOUT A FINDING OF FACTS.

    5. ON APRIL 29, 2005, PETITIONER-PLAINTIFF FILED A MOTION FOR RECONSIDERATION, REQUESTING A FINDING OF FACTS, BUT NEVER RECEIVED ONE.

    6. ON MAY 10, 2005, JUDGE JONES STATED "NEED RESPONSE FROM ANDREW REDD", THE RESPONDENTS-DEFENDANTS ATTORNEY. THE CIRCUIT COURT DID NOT SERVE THE PETITIONER-PLAINTIFF A COPY OF THAT STATEMENT.

FILED IN OFFICE

JUN 2 7 2005

7. WITHOUT ANY KNOWLEDGE OF THE JUDGE'S STATEMENT OF MAY 10,2005, PETITIONER-PLAINTIFF FILED A NOTICE OF APPEAL ON MAY 16, 2005.

8. ON MAY 24, 2005, BIBB COUNTY CIRCUIT COURT CLERK FILED NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS.

9. ON MAY 25, 2005, RESPONDENTS-DEFENDANTS ATTORNEY FILED A RESPONSE TO PETITIONER-PLAINTIFF, MOTION FOR RECONSIDERATION.

10. ON MAY 27, 2005, THE CIRCUIT CLERK COMPLETED THE "CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORDS ON APPEAL BY TRIAL CLERK."

11. ON JUNE 3, 2005, THE ALABAMA COURT OF CRIMINAL APPEALS ISSUED A NOTICE FOR THE BRIEFING OF THE CASE.

12. ON JUNE 4, 2005, PETITIONER-PLAINTIFF FILED HIS TRAVERSE TO RESPONDENTS-DEFENDANTS, RESPONSE TO HIS MOTION FOR RECONSIDERATION.

13. ON JUNE 6, 2005, PETITIONER-PLAINTIFF FILED A MOTION TO STAY THE APPEAL, TO THE ALABAMA COURT OF CRIMINAL APPEALS.

14. ON JUNE 15, 2005, THE ALABAMA COURT OF CRIMINAL APPEALS GRANTED PETITIONER'S-PLAINTIFF'S, MOTION TO STAY APPEAL. SEE PETITIONER'S EXHIBIT "B".

15. ON JUNE 20,2005, PETITIONER-PLAINTIFF RECEIVED FROM THE BIBB COUNTY CIRCUIT COURT AN ORDER DENYING THE DEFENDANT'S MOTION. DATE JUNE 9, 2005, FILED JUNE 13, 2005, AND MAILED JUNE 17, 2005. SEE PETITIONER'S EXHIBIT "C".

## STATEMENT OF THE ISSUES PRESENTED

1. JUDGE JONES NEVER PERFORMED A FINDING OF FACTS TO THE ALLEGATIONS THAT PETITIONER-PLAINTIFF RIGHTS TO THE 4th, 5th, 6th, 8th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITION HAD BEEN VIOLATED.

2. THE RESPONDENTS-DEFENDANTS, ADDRESSED ONE CLAIMED IN THE HABEAS CORPUS PETITION. THAT THE COMMISSION OF THE (ADOC) HAD THE AUTHORITY TO ISSUE A FUGITIVE WARRANT ON JUNE 9, 1998 (WHILE PETITIONER-PLAINTIFF WAS ON PAROLE IN COBB COUNTY, GA.), WITHOUT THE SIGNATURE OF A JUDGE OR MAGISTRATE, WITHOUT A SEAL AND WITHOUT ACKNOWLEDGMENT OF ANY LAW-ENFORCEMENT AGENCY RECEIVING THE SO-CALLED WARRANT. PETITIONER-PLAINTIFF WAS ARRESTED IN FEBRUARY 2004 IN TALLADEGA COUNTY, ALA. **NOTE:** THE COMMISSIONER WHOM SUPPOSELY SIGNED THE WARRANT, WAS NOT THE COMMMISSIONER AT THE TIME OF PETITIONER-PLAINTIFF ARREST. SEE EXHIBIT D. IN SLATER V. STATE, 230 ALA. 320 (1935) THE COURT HELD THAT THE AFFIDAVIT AND WARRANT WERE VOID FOR FAILING TO ALLEGA AN OFFENSE.

3. RESPONDENTS-DEFENDANTS REFUSED TO ACKNOWLEDGE THAT A FUGITIVE WARRANTS LAPSE AFTER PASSAGE OF A REASONABLE TIME, AND THAT SPAN SHOULD BE SET BY THE JUDGE OF THE COMMITTING COURT. SEE STATE V. SPARKS, 44 ALA. APP. 531 (ALA.CRIM.APP. 1968).

4. JUDGE JONES, BEING, A CIRCUIT JUDGE IN BIBB COUNT MUST KNOW A PAPER IN A FORM OF A WARRANT MUST BEAR A JUDGE OR MAGISTRATE SIGNATURE, IN ORDER TO HAVE THE FORCE AND EFFECT OF LAW. JUDGE JONES HAS REFUSED TO MAKE ANY STATEMENTS TOWARD THOSE FACTS.

5. JUDGE JONES, TOLD RESPONDENTS-DEFENDANTS TO RESPONSE TO THE MOTION FOR RECONSIDERATION, HOWEVER RESPONDENTS-DEFENDANTS CLAIMED THE COMMISSIONER COULD AUTHORIZE A FUGITIVE WARRANT, WITHOUT A SEAL AND WITHOUT A JUDGE OR MAGISTRATE SIGNATURE.

6. JUDGE JONES DENIED DEFENDANTS MOTION, HOWEVER PETITIONER-PLAINTIFF WAS NOT GRANTED THE RELIEF HE SOUGHT, RELEASE FROM THE CUSTODY OF THE ADOC.

7. PETITIONER-PLAINTIFF LACKS ANY ADEQUATE REMEDY TO BE FREED FROM THE CUSTODY OF THE ADOC. JUDGE JONES NEEDS TO ORDER THE RELEASE OF PETITIONER-PLAINTIFF.

## STATEMENT OF THE RELIEF SOUGHT

1. PETITIONER-PLAINTIFF DUES HIS IMMEDIATE RELEASE FROM THE CUSTODY OF THE ADOC. JUDGE JONES DENIED DEFENDANTS MOTION, JUNE 9, 2005 . ACCORDING TO THE UNITED STATES CONSTITION, THE FOURTH AMENDMENT ".. NO WARRANT SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORT BY OATH OR AFFIMATION..."

2. THE RESPONDENTS-DEFENDANTS ATTEMPTED TO STATE THE COMMISSIONER OF THE ADOC, OF THE EXECUTIVE DEPARTMENT OF THE STATE GOVERMENT, HAS THE AUTHORIZED TO PERFORM DUTIES OF THE JUDICIAL DEPARTMENT. THEIR ARGUMENT WAS MERITLESS.

3. PETITIONER-PLAINTIFF, REQUESTS THIS COURT TO ORDER THE RESPONDENTS-DEFENDANTS TO SHOW CAUSE AS TO WHY, PETITIONER-PLAINTIFF ROBERT TWYMAN JR., HAS NOT BEEN RELEASED FROM THE CUSTODY OF THE ADOC AN WHY THE CIRCUIT COURT OF BIBB COUNTY HAS NOT ORDERED SUCH RELEASE.

4. IN EX PARTE WAKEFIELD, 447 SO. 2d 1324 (ALA.CRI.APP. 1984) WITH ALLEGATIONS OF AN ILLEGAL SENTENCE, BY WAY OF PETITION FOR WRIT OF MANDAMUS OR IN THE ALTERNATIVE, PETITION FOR HABEAS CORPUS, THIS COURT INVOLVED IT'S JURISDICTION AND GRANTED THE PETITION. PETITIONER-PLAINTIFF, RESPECTFULLY REQUEST THIS COURT TO PERFORMED THE SAME.

## STATEMENT OF THE REASON WHY THE WRIT SHOULD ISSUE

IF THE ACTION OF A CIRCUIT COURT IS LAID IN ERROR OR SHOWS ABUSE OF DISCRETION, THERE AMPLE REMEDIES AVAIABLE TO RIGHT THE WRONG BY PROCEDURE WITHIN THIS COURT... SEE IN RE UPSHAW, 247 ALA. 221 (ALA. 1945).

"IT IS CLEAR THAT THE LEGISLATURE HAS THE POWER TO AUTHORIZE ADMINISTRATIVE OFFICERS AND BOARDS CREATED BY IT TO MAKE NECESSARY RULES AND REGULATION, AND TO GIVE THESE THE FORCE OF LAW". CODE OF ALABAMA, §14-1-1.1, STATES THE ADOC IS CREATED BY THE GOVERNOR OF THE STATE OF ALABAMA §14-1-1.3, THE GOVERNOR APPOINTS THE COMMISSIONER OF CORRECTION. THEREFORE, THE COMMISSIONER FALLS UNDER THE EXECUTIVE DEPARTMENT. HOWEVER, WARRANTS ARE ISSUED BY JUDGES OR MAGISTRATES OF THE JUDICIAL DEPARTMENT. ACCORDING TO §14-1-10(9) THE ADOC SHALL COOPERATE WITH ANY COURT HAVING CRIMINAL JURISDICTION IN THE ADMINISTRATION OF ANY LAW WITH RESPECT TO PAROLE OR PROBATION... ALSO SEE CODE OF ALA. §15-9-31 FORM OF DEMAND.

WHILE IT IS AXIOMATIC THAT UNDER OUR CONSTITUTION THE POWER OF THE LEGISLATURE IS SUPREME IN LEGISLATIVE MATTERS, IT IS EQUALLY CLEAR THAT THE CONSTITUTION, BY ARTICLE 1 §21, HAS MANDATED THAT THIS POWER BE REPOSED WITHIN THE LEGISLATURE ITSELF. THE LEGISLATURE CANNOT AUTHORIZE SUSPENSION OF LAW BY ANOTHER AGENCY, EVEN WHERE THE LEGISLATURE ITSELF HAS THE POWER TO SUSPEND THE LAW. SEE MONTGOMERY V. STATE, 231 ALA. 1 ALA. 1935), OPINION OF THE JUSTICES, 345 SO.2d 1354 (1977).

THE POWERS OF STATE GOVERNMENT ARE DIVIDED INTO THREE DEPARTMENTS: LEGISLATIVE, EXECUTIVE, AND JUDICIAL. NEIGHER MAY EXERCISE ANY POWER POSSESSED BY THE OTHER WITHOUT CONSTITUTIONAL SANCTION. ART. III, SECTIONS 42 & 43, CONSTITUTION OF ALABAMA 1901. SEE CONN V. JAMES, 436 SO. 2d 865, 868 (ALA.1985).

THE ACT IN QUESTION, BY RESPONDENTS-DEFENDANTS AS THE COMMISSIONER OF THE ADOC OF HIS EXECUTIVE DECISION TO ISSUE A FUGITIVE WARRANT WITHOUT A SEAL, WITHOUT THE SIGNATURE OF A JUDGE OR MAGISTRATE? ACCORDING TO THE CODE OF ALABAMA §15-7-4. IT'S UNCONSTITUTIONAL BECAUSE IT CLEARLY PLACES HIS EXECTUTVE FUNCTION UNDER THE CONSTITUTION IN A POSITION SUBSERVIENT TO THE JUDICIAL WILL.

JUDGE JONES DENIED THE RESPONDENTS-DEFENDANTS MOTION, WHEREAS THERE IS NO NEED FOR THE PETITIONER-PLAINTIFF TO APPEAL THE DECISION. THE JUDGE SHOULD ORDER ROBERT TWYMAN, JR., RELEASE FROM THE ADOC.

THE CONSTITUTION OF ALABAMA OF 1901, VEST THE JUDICIAL POWER IN THE UNIFIED JUDICIAL SYSTEM. ALA.CONST. 1901 AMD. 328, §6.01(a). THE JUDICIAL POWER, AT IT CORE IS THE POWER TO RENDER FINAL JUDGMENT IN CASES BEFORE THE COURT. IT IS EMPHATICALLY THE PROVINCE AND DUTY OF THE JUDICIAL DEPARTMENT TO SAY WHAT THE LAW IS.

TO THE EXTENT THERE HAS BEEN INTERFERENCE WITH A COURT'S JUDICIAL PROCEEDING, THAT COURT HAS SUBJECT MATTER JURISDICTION OVER THAT INTERFERENCE. BY VIRTUE OF THE INTERFERENCE, THE TRIAL COURT HAS PERSONAL JURISDICTION OVER ANY PERSON WHO IS A SIGNIFICANT CAUSE OF THAT INTERFERENCE. AN ASSESMENT OF EACH OF THESE ELEMENTS SHOULD BE SET FORTE IN THE TRIAL COURT'a ORDER OR IN TRANSCRIPTS OF A HEARING.  SEE <u>EX PARTE SEGREST</u>, 718 SO.2d 1 (ALA. 1998).

<u>ENCLOSED IS COPIES OF ORDERS, OF THE RECORD</u>
<u>ESSENTIAL FOR AN UNDERSTANDING OF THE MATTERS SEFORTH ABOVE.</u>

EXHIBIT "A" CASE ACTION SUMMARY OF CV-06-05
EXHIBIT "B" ORDER GRANTING MOTION TO STAY APPEAL
EXHIBIT "C" ORDER DENYING DEFENDANTS MOTION
EXHIBIT "D" THE SO-CALLED FUGITIVE WARRANT

<u>CONCLUSION</u>

WHEREFORE, THE PREMISES CONSIDERED, PETITIONER PRAYS THAT THE COURT OF CRIMINAL APPEALS OF ALABAMA GRANT THE PETITION AND ORDER THAT AN ANSWER TO THE PETITION BY FILED BY RESPONDENTS. IT IS SO PRAYED:

DONE THIS THE 22 DAY OF JUNE, 2005,

*Robet Twyman J.*

<u>NOTARY STATEMENT</u>

I SWEAR (OR AFFIRM) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON  6-22-05

*Robet Twyman J.*
SIGNATURE OF PETITIONER

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 22 DAY OF JUNE, 2005.

NOTARY PUBLIC

JUAN D. HORTON
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES
SEPT. 20, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE CORRECT COPIES OF THE FOREGOING ON THE CLERK'S OF JUDGE TOMMY JONES, THE ATTORNEY GENERAL OFFICE AND THE LEGAL DIVISION FOR THE ADOC, ANDREW REED, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED.

*Robert Lassman, Jr*

147435  D-1-22B

565 BIBB LANE

BRENT, ALABAMA 35034

16

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-04-1911

Ex parte Robert Twyman   (In re: State of Alabama vs. Robert Twyman)   (Bibb  Circuit
Court: CV05-6)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court
of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.
(See CR-04-1744)

Done this the 28th day of June, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. John H. Stacy, Circuit Clerk
    Robert Twyman, Jr., Pro Se
    Hon. Thomas Ap Roger Jones, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Michael W. Jackson, District Attorney

FILED IN OFFICE

JUN 3 0 2005

JOHN H. STACY  CLERK

17

IN THE CIRCUIT COURT FOR BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,

    PETITIONER,

VS.

ALA. DEPT. OF CORRECTIONS,

    RESPONDENTS.

CASE NO. CV-05-06

APPEAL NO. CR-04-1744

## MOTION FOR CORRECTION OF CLERICAL MISTAKE

COMES NOW, PETITIONER-PLAINTIFF, ROBERT TWYMAN, JR., PURSUANT TO A.R.CIV.P., RULE 60(a), AND THE ALABAMA COURT OF CRIMINAL APPEALS, PRESIDING JUDGE H.W. "BUCKY" McMILLAN, ORDER OF JUNE 28, 2005, REQUEST THE RECORDS TO REVEAL THIS COURT TRUE ACTIONS, AND SHOWS GOOD CAUSE, IN THE FOLLOWING, TO-WIT:

1. THE ABOVE-STYLED CASE, PERTAINING TO A HABEAS CORPUS PETITION, WHICH IS GOVERNED BY THE RULES OF CIVIL PROCEDURE. SEE A.R.CIV.P., RULE 81(a)(13).

2. ON JUNE 9, 2005, JUDGE JONES OF THE BIBB COUNTY CIRCUIT COURT, PLACED AN ORDER FOR THE "DEFENDANT'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE, NEW TRIAL..." TO BE DENIED.

3. ROBERT TWYMAN, JR., IS THE PLAINTIFF-PETITIONER. THE ADOC, DONAL CAMPBELL, AND CHERRYL PRICE ARE THE DEFENDANTS-RESPONDENTS.

4. THE ALABAMA COURT OF CRIMINAL APPEALS JUDGE McMILLAN, HAS CONSTRUED JUDGE JONES ORDER OF DENIAL AGAINST THE PLAINTIFF-PETITIONER. HOWEVER, THE ORDER STATES THE DEFENDANTS MOTION IS DENIED, SHOWING A FAVORABLE RULING FOR THE PLAINTIFF-PETITIONER, ROBERT TWYMAN, JR.

5. THE RECORDS MUST SPEAK THE TRUTH. FOR THE RECORDS WILL BE REVIEW BY APPELLATE COURT, POSSIBLE THE UNITED STATES SUPREME COURT.

6. IF, THE PLAINTIFF-PETITIONER APPEALS THE DECISION OF JUDGE JONES AS IT STANDS ON THE RECORDS, HE WOULD BE APPEALING A RULING IN HIS FAVOR.

**WHEREFORE**, PREMISES CONSIDERED, PLAINTIFF-PETITIONER PRAYS FOR A RULING BE MADE UPON THIS MOTION BY JUDGE JONES, AND THE RECORDS WILL SHOW THE ACTUAL TRUE, DECISION OF THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA.

DONE THIS THE 7 DAY OF JULY, 2005.

*Robert Twyman, Jr.*

FILED IN OFFICE

JUL 0 8 2005

18

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT
COPIES OF THE MOTION FOR CORRECTION OF CLERICAL MISTAKE AND
MOTION FOR SUPPLEMENTIONG OF THE RECORDS ON THE ALA. COURT OF
CRIMINAL APPEALS, THE ATTORNEY GENERAL OFFICE, AND THE ADOC,
LEGAL DIVISION, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE
PREPAID AND PROPERLY ADDRESSED.

Robert Turman, Jr.
147435 D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

IN THE CIRCUIT COURT FOR BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR.,
    PETITIONER,

VS.

CASE NO. CV-05-06

APPEAL NO. CR-04-1744

ALA. DEPT. OF CORRECTIONS,
    RESPONDENTS.

**FILED IN OFFICE**

JUL **0 8** 2005

**MOTION FOR SUPPLEMENTING OF THE RECORDS** JOHN H. STACY CLERK

COMES NOW, APPELLANT-PETITIONER-PLAINTIFF, IN THE ABOVE
STYLED CAUSE, PURSUANT TO A.R.APP.P., RULE 10(g), MOVES THIS
COURT TO ORDER THE CIRCUIT CLERK'S OFFICE TO SUPPLEMENT THE RECORDS
ON APPEAL TO ENCLOSED THE ENTIRE RECORDS, AND SHOWS GOOD CAUSE
IN THE FOLLOWING:TO-WIT:

    1. ON MAY 27, 2005 THE CIRCUIT CLERK OF BIBB COUNTY, COMPLETED
THE RECORDS AND FORWARDED THEM TO ALL PARTIES. HOWEVER THE
CASE WAS STILL PENDING BEFORE THE COURT ON A MOTION FOR NEW TRIAL.

    2. SINCE THE DATE OF COMPLETION BY THE CIRCUIT CLERK, NUMEROUS
MOTIONS WERE FILED BY THE PETITIONER, AND AT LEAST ONE BY THE
RESPONDENTS. AN ORDER BY CIRCUIT JUDGE JONES, AND AT LEAST
3 ORDERS BY PRESIDING JUDGE OF THE ALABAMA COURT OF CRIMINAL
APPEALS. A WRIT OF MANDAMUS WAS ALSO FILED BY THE PETITIONER.
ALL THESE HAVE BEEN OMITTED FROM THE RECORDS BY THE CLERK'S OFFICE.

    3. THE PRESIDING JUDGE OF THE COURT OF CRIMINAL APPEALS
ORDERED THE STAY OF APPEAL BE LIFTED, ON JUNE 28, 2005.

    4. THE RECORDS WILL BE TAKEN AS THE TRUTH IN FURTHER REVIEW
BY OTHER APPELLATE COURTS.

    5. THE ISSUES IN THIS WRIT OF HABEAS CORPUS HAS BEEN BEFORE
THE FEDERAL COURT, BUT DISMISSED WITHOUT PREJUDICE, TO ALLOW
THE STATE COURT A CHANCE TO ENTERTAIN THE MATTER. THE RECORDS
SHOULD SHOW THE PRECEEDING THAT TRULY HAPPEN IN THE COURSE OF
THE PETITION, BEFORE REACHING THE APPELLATE COURTS. NO GUESTING
SHOULD BE NEED, BY ANY JUDGE OR MAGISTRATE, **THE RECORDS MUST REVEAL
THE ACTUAL TRUE**.

    WHEREFORE, PREMISES CONSIDERED, APPELLANT-PETITIONER-PLAINTIF
PRAYS THE RECORDS WILL BE CORRECTLY SUPPLEMENTED, BY THE CIRCUIT
CLERK'S OFFICE OF BIBB COUNTY, ALABAMA.

DONE THIS THE _7_ DAY OF JULY 2005.

20

_Robert Twyman, Jr._

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-04-1744**

Robert Twyman, Jr. v. State of Alabama  (Appeal from Bibb  Circuit Court: CV-05-6)

## <u>ORDER</u>

It appears to this Court that the appellant in the above referenced appeal has filed a motion with the trial court to supplement the record on appeal.

Upon consideration of the above, the Court of Criminal Appeals ORDERS that the trial court shall dispose of the appellant's motion to supplement the record within 14 days from the date of this order and, if a supplemental record is required, the trial court is requested to direct that it be prepared and filed with this Court at the earliest possible date and by no later than August 5, 2005; provided, however, that if the trial court finds that the supplemental record cannot be completed and filed with this Court by August 5, 2005, the trial court is requested to advise this Court of the earliest possible date thereafter by which the supplemental record will be filed.

Because this Court can consider on appeal only those matters that were presented to the trial court or otherwise considered by the trial court in connection with the judgment now being appealed, the trial court should be mindful not to direct that the record on appeal be supplemented with matters that are not properly reviewable on appeal.

This Court further orders that the appellant shall have 14 days from the filing of the supplemental record or from entry of the trial court's denial of the motion to supplement to file his brief.

Done this the 8th day of July, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Thomas Ap Roger Jones, Circuit Judge
Hon. John H. Stacy, Circuit Clerk
Robert Twyman, Jr., Pro Se
Office of Attorney General

FILED IN OFFICE

JUL 1 2 2005

JOHN H. STACY  CLERK

21

## IN THE ALABAMA COURT OF CRIMINAL APPEALS

ROBERT TWYMAN, JR.,⠀⠀⠀⠀⠀⠀)

⠀⠀⠀APPELLANT,⠀⠀⠀⠀⠀⠀⠀)

VS.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀APPEAL NO. CR-04-1744

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀CIRCUIT COURT NO. CV-05-06

STATE OF ALABAMA,⠀⠀⠀⠀⠀)

⠀⠀⠀APPELLEES.⠀⠀⠀⠀⠀⠀⠀)

### MOTION FOR ORDER

COMES NOW, APPELLANT IN THE ABOVE STYLED CAUSE, MOVES THIS HONORABLE APPEALS COURT FOR AN ORDER TO THE APPELLEES, IN ORDER TO OBTAIN A COPY OF HIS ALABAMA DRIVER LICENSE, FROM HIS INSTITUTIONAL FILE, WHICH IS IN THE POSSESSION OF THE APPELLEE AND SHOWS GOOD CAUSE IN THE FOLLOWING, TO-WIT:

1. APPELLANT REQUESTED THE CIRCUIT COURT OF BIBB COUNTY, TO SUPOENA HIS ALABAMA DRIVER LICENSE. SEE R-41 #2. THE BIBB COUNTY CIRCUIT COURT NEVER CONSIDERED THIS REQUEST.

2. APPELLANT HAS ALSO REQUESTED CERTAIN BIBB COUNTY CORRECTIONAL FACILITY OFFICIAL, TO ALLOW HIM A COPY OF HIS DRIVER LICENSE.

3. THE OFFICIAL HAS REFUSED EVERY REQUEST. DEPUTY WARDEN ESTES STATED, "THIS IS THE 21st CENTURY, WE HAVE MODERN DAY COMPUTERS YOU DO NOT NEED A COPY OF YOUR LICENSE TO SHOW A WARRANT WAS NOT ISSUED." CLASSIFICATION SPECIALIST, BROWN STATED, "THE ONLY WAY YOU'LL GET A COPY OF YOUR LICENSE IS WITH A COURT ORDER."

4. APPELLANT KNOWS THAT THE APPELLEES NEVERED ISSUED A PROPER FUGITIVE WARRANT FOR HIS ARREST, AND REQUEST'S A COPY OF HIS ALABAMA DRIVER LICENSE AS PROOF TO THE COURTS.

5. WITH A COPY OF HIS ALABAMA DRIVER LICENSE APPELLANT CAN SHOW THAT; (a) ACCORDING TO THE CODE OF ALABAMA §41-9-623 THE ALABAMA DEPARTMENT OF PUBLIC SAFETY HAD NO KNOWLEDGE OF A FUGITIVE WARRANT BEING ISSUED ; (b) PURSUANT §41-9-627, pal'g. 3 THE ALABAMA CRIMINAL JUSTICE INFORMATION CENTER COMMISSION, WAS NEVER INFORMED OF A FUGITIVE WARRANT BEING FILED OR CONTINUE AS OUTSTANDING; (c) §41-9-635 WHICH RELATES WITH – "DECLARATION OF PAROLE VIOLATOR AS DELINQUENT, ET., §15-22-32"; AND (d) THE COMMISSIONER OF THE BOARD OF CORRECTIONS, A RESPONDENTS, IS A MEMBER OF THE CRIMINAL JUSTICE INFORMATION CENTER COMMISSION, HAS NOT PERFORMED HIS DUTIES PROPERLY.

22

FILED IN OFFICE

JUL 1 5 2005

JOHN H. STACY CLERK

6. A COPY OF APPELLANT'S ALABAMA DRIVER LICENSE, WHICH HAS BEEN RESTRAINED BY APPELLEES, WOULD ACKNOWLEDGE, ACCORDING TO THE CODE OF ALABAMA, §32-2-60, THE ALABAMA DEPARTMENT OF PUBLIC SAFTEY HAD NO RECORD OF A FUGITIVE WARRANT BEING ISSUED AGAINST THE APPELLANT BY THE APPELLEES. FOR A VALID DRIVER'S LICENSE WAS ISSUED DURING THE PERIOD APPELLANT WAS SUPPOSELY A FUGITIVE FROM JUSTICE, AND THE ALABAMA DEPARTMENT OF PUBLIC SAFTEY "MODERN DAY COMPUTERS" SHOWED NO OUSTANDING WARRANT AGAINST APPELLANT, WHEN THE LICENSE WAS ISSUED.

**WHEREFORE**, PREMISES CONSIDERED, APPELLANT PRAYS THIS COURT WILL ORDER APPELLEES/RESPONDENTS WARDEN CHERRYL PRICE, TO ALLOW A COPY OF ROBERT TWYMAN, JR., ALABAMA DRIVER LICENSE BE MADE AND RELEASED TO HIM. WHEREAS THE COPY MAYBE USED AS A RECORDS IN FURTHER COURT'S PROCEDURES.

**IT IS SO PRAYED:**
DONE THIS THE _14_ DAY OF JULY 2005.              _Robert Twyman, Jr._

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE MOTION FOR ORDER, ON THE BIBB COUNTY CIRCUIT COURT, THE ALABAMA ATTORNEY GENERAL OFFICE, AND THE ADOC LEGAL DIVISION, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED.

_Robert Twyman, Jr._
147435   D-1-22B
565 BIBB LANE
BRENT, ALABAMA   35034

23

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

STATE OF ALABAMA,           *
                            *
    Plaintiff/Respondent,   *
                            *
vs.                         *        CASE NO. CV-2005-06
                            *
ROBERT TWYMAN, JR.,         *
                            *
    Defendant/Appellant.    *

## ORDER

THIS CAUSE, having come before the Court upon Defendant/Appellant's Motion to Supplement the Record on Appeal, and the same having been considered by the Court; and, further, pursuant to the Order of the Court of Criminal Appeals dated July 8, 2005, it is

ORDERED, ADJUDGED, and DECREED that the Defendant/Appellant's Motion to Supplement the Record on Appeal is due to be granted; the Record on Appeal shall be supplemented to include all motions, responses, and Orders since the date of Appeal.

DONE and ORDERED, this the 25th day of July 2005.

FILED IN OFFICE
JUL 26 2005
JOHN H. STACY CLERK

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

24

SUPPLEMENTAL

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>CR-04-1744 |
|---|---|---|

| TO: THE CLERK OF<br>   THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    5/24/2005 |
|---|---|
| APPELLANT                Robert Twyman, Jr.  #147435 | |
| v. STATE OF ALABAMA | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __25__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____1st____ day of _____August_____, __2005__.

John L Stacy
Circuit Clerk

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

RELEASED

OCT 21 2005

CLERK
ALA COURT CRIMINAL APPEALS

| | |
|---|---|
| **H.W."BUCKY" McMILLAN** | **Lane W. Mann** |
| **Presiding Judge** | **Clerk** |
| **SUE BELL COBB** | **Sonja McKnight** |
| **PAMELA W. BASCHAB** | **Assistant Clerk** |
| **GREG SHAW** | **(334) 242-4590** |
| **A. KELLI WISE** | **Fax (334) 242-4689** |
| **Judges** | |

**MEMORANDUM**

CR-04-1744                    Bibb Circuit Court CV-05-6

Robert Twyman, Jr. v. State of Alabama

WISE, Judge.

The appellant, Robert Twyman, Jr., currently an inmate at Bibb County Correctional Facility, appeals from the circuit court's dismissal of his petition for a writ of habeas corpus. On June 30, 1987, Twyman was convicted of two counts of possession of a controlled substance. He was sentenced to 5 years' imprisonment. On May 18, 1989, Twyman was convicted of one count of attempted assault in the first degree. He was sentenced to 20 years' imprisonment for that offense. Both sentences were ordered to run concurrently for a total of 25 years. On May 27, 1996, Twyman was granted early release by the Alabama Board of Pardons and Paroles. According to Twyman, the Court granted him permission to transfer his

1

EXHIBIT 3

supervision to Cobb County, Georgia.

While in Cobb County, Twyman became involved with a woman named Veronia Evans, who wanted to pursue a romantic relationship with him. Twyman did not have reciprocal feelings, and on several occasions, Twyman indicated that he wished for her to leave him alone. Evans executed a warrant against Twyman more than once; she then fled to the state of Maryland without prosecuting the alleged offenses.

On March 27, 1998, Twyman was arrested by law-enforcement officials in Cobb County, Georgia, on an aggravated assault warrant, based on Evans's claim that Twyman had struck her in the head with a beer bottle. On September 15, 1998, Twyman pleaded guilty to misdemeanor reckless conduct charges arising from the assault and was sentenced to 12 months' imprisonment. He was released based on time served.

On June 8, 1998, Twyman was declared delinquent by the Alabama Board of Pardons and Paroles. On June 9, 1998, a fugitive warrant was issued by the Alabama Department of Corrections. On February 13, 2004, Twyman was arrested in Talladega County for failure to pay court-ordered child support, and he was served with the fugitive warrant. On March 9, 2004, a parole-revocation hearing was held and the hearing officer determined that Twyman's parole should be revoked. Twyman was remanded to the custody of the Alabama Department of Corrections to serve the remaining 5 years, 8 months and 5 days of his prior sentences.

On January 6, 2005, Twyman filed the instant petition for writ of habeas corpus. In that petition, Twyman alleged that he was wrongfully declared delinquent and that his present detention is illegal.

I.

On appeal, Twyman claims that the trial court erred when it dismissed his petition without holding an evidentiary hearing. His claim is without merit.

The dismissal of a petition for a writ of habeas corpus is reviewed under an abuse of discretion standard. _Miller v._

2

State, 668 So. 2d 912 (Ala. Crim. App. 1995). A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition. D.L.S. v. State, 675 So. 2d 1363 (Ala. Crim. App. 1995).

Here, the record reveals that Twyman was serving three lawful sentences in the custody of the Alabama Department of Corrections when he was paroled by the Alabama Board of Pardons and Paroles in May 1996. Under the Interstate Compact, Twyman's supervision was transferred to Cobb County, Georgia. While in Georgia, he was arrested and pleaded guilty to a new offense. On June 8, 1998, based on the commission of that new offense, the Alabama Board of Pardons and Paroles declared Twyman delinquent and a fugitive warrant was issued. After Twyman was taken into custody and served with the fugitive warrant, a revocation hearing was held and Twyman's parole was revoked and he was returned to the penitentiary to serve the balance of his sentences.

The trial court deemed that Twyman's claims were without merit. Accordingly, the trial court did not abuse its discretion when it dismissed his petition without an evidentiary hearing.

II.

Next, Twyman claims that the fugitive warrant issued by the Commissioner of the Alabama Department of Corrections was illegal because it was not issued by the judicial branch of government.

Section 15-22-31, Ala. Code 1975 expressly gives the Department of Corrections the authority to issue a fugitive warrant for the retaking of a parolee who has lapsed or violated the conditions of his parole. Hence, Twyman's argument to the contrary is without merit.

III.

Lastly, Twyman claims that the Department of Corrections has imposed an improper sentence because, he says, he is entitled to credit for all time served between the declaration of his delinquency and the revocation hearing. He also

3

alleges an additional illegal sentence has been imposed on him for "escape."

This Court has previously held, citing an opinion of the Attorney General, that when a parolee is declared delinquent, such declaration acts as an interlocutory revocation of parole, tolling the parolee's time served until there is a revocation hearing to determine whether the parolee should have his parole revoked.  See <u>State v. Thomas</u>, 833 So. 2d 104 (Ala. Crim. App. 2002).  Thus, he is due no credit.

Twyman's claim that an additional sentence has been imposed on him without a charge or indictment for escape is wholly without merit.  Our review of the record reveals that Twyman is merely serving the balance of his lawfully imposed sentences, with no credit given for the period from June 8, 1998 to February 13, 2004.

For all of the foregoing reasons, the judgment of the circuit court is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Shaw, JJ., concur.  Baschab, J., concurs in the result.

# IN THE SUPREME COURT OF ALABAMA



March 10, 2006

**1050262**

Ex parte Robert Twyman, Jr.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Robert Twyman, Jr. v. State of Alabama)
(Bibb Circuit Court: CV-05-6; Criminal Appeals : CR-04-1744).

## <u>CERTIFICATE OF JUDGMENT</u>

### <u>Writ Denied</u>

    The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.
    PARKER, J. -  Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.

Witness my hand this 10th day of   March,   2006

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**

**EXHIBIT  4**