IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Robert Twyman, Jr., | § | |
|    Petitioner, | § | |
| Vs. | § | 2:06-CV-833-MEF |
| Alabama Department of Corrections, et al., | § | |
|    Respondents. | § | |

## PETITIONER'S MOTION FOR MORE DEFINITE STATEMENTS

Comes Now, Petitioner Robert Twyman, Jr., in the above styled captions, moves this Court for an order of more definite statements, to the respondents cause their response is so vague and ambiguous, that petitioner cannot reasonably frame a responsive pleading, and shows good cause in the following, to-wit:

### FACTS

1. This Court's order of October 13, 2006, clearly stated that "the respondents should comply with the provisions of Rule 5 of the rules governing § 2254..." The respondents have failed to submit any of the State Courts brief filed by either party, which is a violation of Rule 5(d) (1) and (2). Those briefs shows petitioner alleged Federal and State Constitutional violates, which have never been addressed by the respondents or the State Courts. Those allegation of Constitution violates of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment must be taken as true, for their unrefuted.

2. Respondents states "the fugitive warrant was issued on June 9, 1998 by the Commissioner of Alabama Department of Correction." Issued to whom? (Ex 1:35). Ex 1:35, does not show; probable cause; signature of a magistrate or Judge; being filed in any court; nor any authority received such a document, on record. Ex 1:35 is a computer print-out, with the Commissioner computerize signature, **without** the seal of the Department of Corrections. Respondents have not proven Ex 1:35 complied with the Code of Ala. § 41-9-635, Delinquent parolees, nor with §§ 41-9-623 and 41-9-627. Ex 1:35 was not filed with the Alabama Criminal Justice Center Commission nor the Alabama Department of Public Safety. Petitioner states Ex 1:35 was never filed with anyone except the respondents, the respondents simply placed

certain information in their computer, made a print-out, then claimed a warrant was issued the date of the print-out. Without any Judicial assistance, would violate both State and Federal Constitutional rights of the petitioner.

3.      Respondents states on pg. #3 of their response; "the petitioner was not **recaptured** until February 13, 2004." Petitioner never escaped, therefore he could not be recaptured. Ballentine's Law Dictionary defines Recapture. <u>The retaking and returning of custody of an escaped prisoner.</u> 27 AM J2d Escape §26.

Petitioner's due relief on this issue, according to the respondents own statements.

4.      Respondents have not shown any procedure, a request, report, documents, hearing, order, etc., acknowledging petitioner received any due process, as to the dead time being computed to his release date. The respondents not authorized to impose a sentence without the assistance of the Judicial system. Any violates of law occuring within the prison system, Prison Contraband, Escape, etc., are instituted through the Judicial System. Usually, the Alabama Judicial Court System. The matter of imposing the additional dead time has never been before any court, before being computed to petitioner release date. Respondents have acted beyond their authority, violating both State and Federal Laws.

5.      Respondents cited Ala. Code §§ 15-22-31 and 32, as the authority for their acts. Petitioner states these Code were improperly used by respondents, to violate his Constitutional Rights. Those Codes where approved by the Alabama Legislature, to be enforced by the Alabama Judicial System. The respondents, which is a Executive power, are not authorized to impose sanction for any violate of the Code of Alabama, without the assistance of the Judicial System. The respondents have violated the Alabama Constitution of 1901, section 43. **Separation of Power.** Petitioner argued this issue to the State Courts, without anyone refuting/addressing the issue. The respondents have failed to submit those briefs. Respondents have not proven legally, their authorized to issue warrants or impose additional sentences without the assistance of the Judicial system. However, petitioner has been incarcerated and sentence extended, cause of the respondents unlawfully acts.

6.      The respondents responses is so vagure and ambiguous, not addressing the legal issues petitioner have presented before this Court. Are the respondents stating, Certain Ala. Codes give them Judicial authority? More definite statements are neccessary for respondents have failed to show, petitioner's Constiution Rights were not violated. Otherwise, the Writ of Habeas Corpus is due to be granted. For "the writ cannot be bound down by technical pleading, nor its swift and effective relief hindered by captious objection or finespun theories of procedure." See Barton v. City of Bessemer, 27 Ala. App. 413 (1936).

## CONCLUSION

Wherefore, Premises Considered, Petitioner Prays this Court will grant his Motion.

**It Is So Prayed:**

Done this the 11 day of November, 2006.

*Robert Twymon, Jr.*
D.C.F. 147455   C-B-8
P.O. Box 1107
Elmore, Alabama 36025


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Attorney General Office for the State of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twymon, Jr.*

3.