**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT TWYMAN, JR. (#147435),** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) CIVIL ACTION NO. 2:06-CV-833-MEF |
| | ) |
| **ALABAMA DEPARTMENT** | ) |
| **OF CORRECTIONS, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

**RESPONSE TO PETITIONER'S**
**MOTION FOR MORE DEFINITE STATEMENT**

Come now the Respondents in the above styled cause, by and through

undersigned counsel, and submit their response to the Petitioner's motion for more

definite statements (Doc. 16), and pursuant to this Court's order of November 15, 2006.

(Doc. 17) The Respondents state as follows:

1.     That the Respondents have complied with Rule 5, *Rules Governing Sections 2254*

*Cases in the United States District Court.*  The Petitioner alleges that the Respondents

"have failed to submit any of the State Courts brief filed by either party, …"  According

to Rule 5(d):

> The respondent must also file with the answer a copy of:
> (1) any brief that the petitioner submitted in an appellate court contesting
> the <u>conviction or sentence</u>, or contesting an adverse judgment or order in a
> <u>post-conviction proceeding</u>;
> (2) any brief that the <u>prosecution</u> submitted in an appellate court relating
> to the <u>conviction or sentence</u>; and
> (3) the opinions and dispositive orders of the appellate court relating to the
> <u>conviction or the sentence</u>.

(Emphasis added.).

The Respondents are not in possession of any briefs that pertain to the Petitioner's

sentence or conviction. The Respondents were and are not the persons that prosecuted the initial case against the Petitioner. The Respondents do have the briefs that relate to the Petitioner's original petition for writ of habeas corpus filed with the Alabama Criminal Court of Appeals. The Respondents have attached said briefs as Exhibits 5-7.

2.      That the Respondents have properly followed the laws and regulations of the State of Alabama. The Petitioner alleges that there are several deficiencies in the "fugitive warrant." The warrant was clearly issued to "ANY PEACE OFFICER." (Ex. 1:35)  This action is pursuant to *Ala. Code (1975)* §15-22-31(c), which states:

> Any parole officer, any officer authorized to serve criminal process or any peace officer to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such prisoner and returning him to the prison designated by the Department of Corrections, there to be held to await the action of the Board of Pardons and Paroles.

The "probable cause" is stated in the warrant as:

> THE STATE PARDONS AND PAROLE BOARD, HAVING REASONABLE CAUSE TO BELIEVE THAT SAID PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE, INTO CRIMINAL WAYS OR COMPANY OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN IMPORTANT RESPECT, ORDERED SAID PAROLEE ARRESTED AND RETURNED TO THE CONFINE OF THE PENITENTIARY…

(Ex. 1:35)

The Petitioner alleges that a judge did not sign the warrant; however, a judge's signature is not necessary. Under §15-22-31(a),

> If the parole officer having charge of a paroled prisoner or any member of the Board of Pardon and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer or board member shall report such fact to the Department of Corrections, which shall thereupon, issue a warrant for the retaking of such prisoner and his return to the prison designated.

(Emphasis added.)

The Petitioner alleges that §§41-9-623, 41-9-627 and 41-9-635 were not adhered to by the Respondents. The Respondents are in constant communication with the various criminal justice agencies, as evidenced by Ex. 1:33. The Petitioner has offered no proof that the Respondents did not adhere to the previously cited statutes.

3.    That the Petitioner takes offense to the word "recapture" and he has narrowly defined "recapture" as "[t]he retaking and returning of custody of an escaped prisoner." (Petitioner's motion, p. 2). The definition of recapture is "to capture again" or "recovery or retaking by capture." *Random House College Dictionary, Revised Edition* (1982). The Respondents were correct when they stated that the Petitioner was recaptured on February 13, 2004. The Petitioner was retaken by capture by law enforcement officers and returned to the Alabama Department of Corrections. Therefore, the Respondents were accurate in their statement.

4.    That the Respondents have appropriately applied "dead time" to the Petitioner's sentence. The Petitioner alleges that he has had no due process hearing as to this matter. He also alleges that the Respondents have no judicial authority to compute dead time. The Respondents contend that it is the responsibility of the Alabama Board of Pardons and Paroles to conduct any hearing as to the Petitioner's parole status and/ or violations, which is codified at *Ala. Code (1975)* §15-22-32.

As to the Petitioner's diatribe of the Respondents' lack of judicial authority, this argument is flawed. *Ala. Code (1975)* §14-3-1 states:

> The Board of Corrections shall superintend the management of the convicts and all subordinate officers, persons or guards. It shall be its duty to see that the laws in relation to convicts and the rules of the board are enforced; and its orders shall be obeyed by all officers, guards and convicts. It has the general oversight of all of the officers and convicts and of the lands and other property belonging to the several prisons.

> The Board of Corrections shall have general superintendence and control of all the officers, agents and employees of the board and of all matters relating to convicts, and it shall see that they perform their duties. There shall be made to it, as often as it may require, a report of the condition of the convicts and of the work done by each officer.

(Emphasis added.)

In §14-3-7 and §14-3-8, the authority is given to Corrections to maintain records and issue "sentence cards," which are now known as "time sheets." Specifically, §14-9-41 allows Corrections to compute sentences with incentive time deductions.

*Ala. Code (1975)* §15-22-32(a) states:

> Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the prisoner to be delinquent, and time owed shall date from the delinquency. The warden of each    prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole. ... Upon revocation of parole, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, calculated from the date of delinquency or the part thereof as it may determine. The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee.

Therefore, when the Petitioner was declared delinquent, the time ran from that date until he was rearrested or recaptured. In *Ivy v. State of Alabama*, 381 F. Supp. 503, 504 (S.D. Ala. 1974), it was held that "[b]y State law the time spent on parole is credited to one's prison term." (Citing *Summers v. State*, 31 Ala. App. 264, 15 So. 2d 500). "However, once a parolee is declared delinquent he is no longer serving his sentence in any capacity." (*Ivy* at 504; citing *Anderson v. Corall*, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247). In *State v. Thomas*, 833 So.2d 104 (Ala. Crim. App. 2002), it was held that once a parolee is declared delinquent, the delinquency acts an interlocutory revocation of the parole. This action tolls the parolee's time served until a revocation hearing can be held

4

to determine is the parolee should have his parole revoked. (Ex. 3).  The above cited statutes and case law allow the Alabama Department of Corrections to compute sentences, including adding dead time.

5.      See the argument as stated in Paragraph 4.

6.      See the argument as stated in Paragraph 4.

Respectfully submitted this the 30th day of November, 2006.

> Kim T. Thomas (THO115)
> Deputy Attorney General
> General Counsel
>
> /s/ Tara S. Knee_____
> Tara S. Knee (KNE003)
> Assistant Attorney General
> Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX: (334)353-3891

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Robert Twyman, Jr.
AIS #147435
Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 35025

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

CR-04-1744



FILED

SEP 6 2005

CLERK
ALA COURT CRIMINAL APPEALS

IN THE COURT OF CRIMINAL APPEALS
OF ALABAMA

ROBERT TWYMAN, JR.,

APPELLANT,

VS.

STATE OF ALABAMA,

APELLEE.

ON APPEAL FROM THE DENIAL OF A WRIT OF
HABEAS CORPUS PETITION BY THE CIRCUIT
COURT OF BIBB COUNTY (CV-05-6)

**BRIEF OF APPELLANT**

ROBERT TWYMAN, JR., PRO-SE
147435   D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

SEPTEMBER 6, 2005

**EXHIBIT** 5

## STATEMENT REGARDING ORAL ARGUMENT

ORAL ARGUMENT IS NOT REQUESTED. RULE 34 OF THE ALABAMA
RULES OF APPELLATE PROCEDURE ALLOWS FOR THE REQUEST OF ORAL
ARGUMENT IN ALL CASES. ACCORDING TO RULE 34, ORAL ARGUMENT IS
NOT PROPER IF, AMONG OTHER SITUATIONS,

(3) THE FACTS AND LEGAL ARGUMENTS ARE ADEQUATELY
PRESENTED IN THE BRIEFS AND RECORD AND THE
DECISIONAL PROCESS WOULD NOT BE SIGNIFICANTLY
AIDED BY ORAL ARGUMENT.

ORAL ARGUMENT IS NOT APPROPRIATE IN THE INSTANT CASE BECAUSE
THE FACTS AND LEGAL ARGUMENTS ARE CLEARLY SET FORTH IN THE
APPELLANT'S BRIEF AND, THEREFORE, THE DECISIONAL PROCESS WILL
NOT BE AIDED BY ORAL PRESENTATION.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . .i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . .ii

TABLE OF CASES AND AUTHORITIES . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . .2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . .4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . 6

WHETHER THE TRIAL COURT ERRED BY DISMISSING THE WRIT
OF HABEAS CORPUS WITHOUT HOLDING AN EVIDENTIARY HEARING? . .6


WHETHER WARRANT CLAUSE OF THE FOURTH AMENDMENTS APPLIES
TO THE ARREST OF THE APPELLANT? . . . . . . . . . . . . .6


WHETHER THE ADOC HAS THE AUTHORITY TO IMPOSE AN
ADDITIONAL SENTENCE WITHOUT A CHARGE OR INDICTMENT
OF ESCAPE? . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . 10

## TABLE OF CASES AND AUTHORITIES

### CASES

CRITTENDEN V. STATE, 476 SO.2d 626 (ALA.CR.APP. 1983) . . . 8
DAVIS V. STATE, 300 SO.2d 472 (ALA.CR.APP.1986) . . . . . .7
EX PARTE AGEE, 474 SO.2d 161 (ALA. 1985) . . . . . . . . . 9
GILES V. STATE, 462 SO.2d 1063 (ALA.CR.APP. 1985) . . . . . 9
JOHNSON V. UNITED STATES, 33 U.S. 10 (1948) . . . . . . . . 8
MALONE V. STATE, 51 ALA. APP. 19 (1973) . . . . . . . . . 7
McCORVERY V. STATE, 675 SO.2d 81 ALA.CR.APP. 1995) . . . . .8
MORRISSEY V. BREWER, 408 U.S. 471 (1972) . . . . . . . . . 6
STATE V. THOMAS, 833 SO.2d 104 ALA.CR.APP. 2002) . . . . . .9
TEMPLE V. STATE, 555 SO.2d 282 (ALA.CR.APP. 1989) . . . . . 6
WHITELEY V. WARDEN OF WYOMING PENITENTIARY
401 U.S. 560 (1971) . . . . . . . . . . . . . . . . . . 6,7

UNITED STATES CONSTITUTION,
FOURTH AMENDMENT . . . . . . . . . . . . . . . . . 1,6,7,8
EIGHTH AMENDMENT . . . . . . . . . . . . . . . . . . . . 1
FOURTEENTH AMENDMENT . . . . . . . . . . . . . . . . . . 1

CONSTITUTION OF ALABAMA, 1901
ARTICLE I §5 . . . . . . . . . . . . . . . . . . . . . . 8
ARTICLE III, §42 . . . . . . . . . . . . . . . . . . . . 3
ARTICLE III, §43 . . . . . . . . . . . . . . . . . . . . 3

CODE OF ALABAMA
§15-7-4 . . . . . . . . . . . . . . . . . . . . . . . . 3
§15-21-1 . . . . . . . . . . . . . . . . . . . . . . . . 4
§41-9-623 . . . . . . . . . . . . . . . . . . . . . . . 3
§41-9-627 . . . . . . . . . . . . . . . . . . . . . . . 3
§41-9-635 . . . . . . . . . . . . . . . . . . . . . . . 3

ALABAMA RULES OF APPELLATE PROCEDURE
RULE 10(f) . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF THE CASE

THIS IS AN APPEAL BY ROBERT TWYMAN, JR., THE APPELLANT, FROM THE DENIAL OF A PETITION FOR WRIT OF HABEAS CORPUS, FROM THE BIBB COUNTY CIRCUIT COURT, A JUDGE THOMAS ap R. JONES.

ON JANUARY 6, 2005, APPELLANT FILED A PETITION FOR WRIT OF HABEAS CORPUS, INTO THE CIRCUIT COURT OF BIBB COUNTY, ALLEGING HIS FOURTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION HAD BEEN VIOLATED, BY THE ALABAMA DEPARTMENT OF CORRECTIONS, (ADOC). R-7 THROUGH R-19. A EXAMINATION OF THE PETITION AND EXHIBITS, SHOWS UPON ITS FACE THE APPELLANT IS DUE RELIEF. APPELLANT WAS SENTENCED BY THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA TO A TOTAL TERM OF 25 YEARS AND 1 DAY. R-17 SHOWS APPELLLANTS NOW SERVING A TERM OF 30 YEARS, WITHOUT AN ESCAPE CHARGE.

1) ON FEBRUARY 11, 2005, APPELLANT'S MOTION FOR EVIDENTIARY HEARING, WAS FILED AND SERVED UPON THE JUDGE, BY THE CLERK; 2) FEBURARY 16, 2005, APPELLANT REQUEST FOR DISCOVERY WAS FILED, BUT NOT SERVED UPON THE JUDGE, BY THE CLERK; 3) MARCH 10, 2005, APPELLEES MOTION TO DISMISSED WAS FILED AND SERVED UPON THE JUDGE BY THE CLERK; 4) MARCH 18, 2005, APPELLANT'S MOTION TO STRIKE, WAS FILED AND SERVED UPON THE JUDGE, BY THE CLERK, HOWEVER APPELLANT;S TRAVERSE, AFFIDAVIT AND 2ND REQUEST FOR PRODUCTION OF DOCUMENTS WERE NOT SERVED UPON THE JUDGE, BY THE CLERK; 5) APRIL 5, 2005, THE CIRCUIT COURT OF BIBB COUNTY, DISMISSED THE PETITION, BUT DID NOT SERVE THE APPELLLANT TIMELY; 6) APRIL 20, 2005, APPELLANT FILED A MOTION FOR ORDER COMPELLING DISCOVERY, IT WAS NOT SERVED UPON THE JUDGE, BY THE CLERK; 7) APRIL 29, 2005, APPELLANT FILED A MOTION FOR RECONSIDERATION; 8) NOTICE OF APPEAL WAS GIVEN MAY 17, 2005. SEE R-1 & R-2, CASE ACTION SUMMARY.

APPELLANT HAS MOTION THE CIRCUIT COURT AND THIS APPELLATE COURT SEVERAL TIMES CONCERNING A SUPPLEMENTAL RECORDS, THE CIRCUIT COURT ATTEMPTED TO GRANT APPELLANT'S MOTION FOR SUPPLEMENTAL RECORDS, HOWEVER IT'S ORDER OF JULY 25, 2005 WAS DEEMED UNTIMELY ACCORDING TO A.R.APP.P., RULE 10(f).

SEE SR-20, 21 AND 24. ON AUGUST 30, 2005, APPELLANT RECEIVED
A COPY OF THE SUPPLEMENTAL RECORD. THE RECORD WAS DATED AUGUST 1,
2005, AS COMPLETED AND SERVED UPON EACH PARTY. THE CIRCUIT CLERK
OF BIBB COUNTY, HELD THE SUPPLEMENTAL RECORDS 29 DAYS BEFORE
FORWARDING THE APPELLANT A COPY.

## ISSUES PRESENTED FOR REVIEW

I. WHETHER THE TRIAL COURT ERRED BY DISMISSING THE WRIT OF HABEAS
CORPUS WITHOUT HOLDING AN EVIDENTIARY HEARING?

II. WHETHER WARRANT CLAUSE OF THE FOURTH AMENDMENTS APPLIES TO
THE ARREST OF THE APPELLANT?

III. WHETHER THE ADOC HAS THE AUTHORITY TO IMPOSE AN ADDITIONAL
SENTENCE WITHOUT A CHARGE OR INDICTMENT OF ESCAPE?

## STATEMENT OF THE FACTS

ON MAY 27, 1996, APPELLANT WAS RELEASED FROM THE ADOC,
TO THE ALABAMA BOARD OF PARDONS AND PAROLES. APPELLANT PROCEED
TO TALLADEGA COUNTY, ALABAMA WHERE HE WAS UNDER THE SUPERVISION
OF A REIBA HAYWOOD (PAROLE OFFICER). HAYWOOD, PROCEED TO APPLY
APPELLANT FOR A PARDON ADN FOR HIS PAROLE TO BE TRANSRERED TO COBB
COUNTY, GA.

UPON APPELLANT RELOCATION TO COBB COUNTY, GA., HE BECAME
INVOLVED WITH ONE VEROINER M. EVANS. EVANS PURSUED APPELLANT,
AFTER SEVERAL REQUEST TO BE LEFT ALONE. EVANS HAD APPELLANT ARRESTED
MORE THAN ONCE IN COBB COUNTY, GA., AND FLEED TO THE STATE OF
MARYLAND, NEVER PROSECUTING THE ALLEGED CRIMES. HER SOLE PURPOSE
WAS TO CAUSE APPELLANT HARDSHIPS, FOR HIS REJECTION OF HER. SHE
KNEW APPELLANT WAS A ON PAROLE. APPELLANT GA., PAROLE OFFICER
DAVID WALKER KNEW OF EVANS EVIL WAYS, AND TOLD APPELLANT HE WOULD
NOT SEEK REVOCATION OF HIS PAROLE, BUT TO STAY AWAY FROM HER.

ON MARCH 27, 1998, APPELLANT WAS ARREST BY A COBB COUNTY
POLICE OFFICER, WHICH STATED EVANS HAD PLACED A WARRANT AGAINST
APPELLANT FOR AGGRAVATED ASSAULT. THE OFFICER STATED TO APPELLANT,

"I KNOW YOU DID NOT HIT HER IN THE HEAD WITHA BEER BOTTLE, FOR
THERE'S NO STRACHES OR BRUISES, HER HAIR WAS STILL IN PLACE." THE
OFFICER FUTHER STATED HE HAD TO PERFORMED HIS DUTY, BUT IT WAS
AGAINST HIS WILL TO ARREST ME.

APPELLEES HAVE NOT SHOWN ANY RECORD OF WHAT OCCURED IN COBB
COUNTY, GA., IN 1998, FOR THE APPELLANT TO BE IMPRISON IN 2004.

R-10 THROUGH 12, APPELLANT ARGUMENT AND EXHIBITS SHOWS NO
OTHER LAW ENFORCEMENT AGENCY REQUESTED THIS ARREST, NOT EVEN THE
ALABAMA BOARD OF PARDONS AND PAROLES.

IN FACT, APPELLANT WAS ISSUED A ALABAMA DRIVER LICENSE #6645787
IN THE FALL OF 2002, BY THE ALABAMA DEPARTMENT OF PUBLIC SAFTEY.
IF THE APPELLANT HAD BEEN A FUGITIVE FROM JUSTICE THE ALABAMA
DEPARTMENT OF PUBLIC SAFTEY WOULD HAD FULL KNOWLEDGE ACCORDING TO
§41-9-623. THE ALABAMA CRIMINAL JUSTICE INFORMATION CENTER COMMISSION,
PURSUANT TO §§41-9-627 AND 41-9-635, WOULD ALSO HAD KNOWLEDGE
OF THE FUGITIVE WARRANT.

ON FEBRUARY 13, 2004, APPELLANT WAS ARRESTED IN TALLADEGA
COUNTY, ALABAMA FOR NO LEGAL REASON. THE ADOC SUBMITTED A tele-TYPE
COPY OF A SO-CALLED FUGITIVE WARRANT, R-35, WHICH HAS NO INFORMATION
OF THE EVENTS REQUIRE APPELLANT ARREST, AND IS INCOMPLETTE AS TO
WHETHER ANY LAW ENFORCEMENT AGENTS EVER RECEIVED THE COMPLAINT.
THE DOCUMENT DATED JUNE 9, 1998, BY JOE S. HOPPER, WHOM IS NO
LONGER THE COMMISSIONER OF THE ADOC. THE DOCUMENT HAS NEVER BEEN
UPDATED. THE FIRST TIME APPELLANT WAS EVERY SERVED A COPY OF THIS
DOCUMENT WAS BY THE APPELLEES MOTION TO DISMISS, THE HABEAS CORPUS
PETITION.

### STANDARD OF REVIEW

THE CIRCUIT COURT NEVER DID A FACT FINDING OF THE PETITION
FOR WRIT OF HABEAS CORPUS, NOR DID THE APPELLEES ADDRESS THE
ALLEGATION SET-FORTH IN THE PETITION. THE ONLY ISSUES ADDRESSED,
BY APPELLEES WERE THAT THE COMMISSIONER OF THE ADOC COULD ISSUE
A FUGITIVE WARRANT.

ACCORDING TO THE FOURTH AMENDMENT OF THE UNITED STATES
CONSTITUTION, THE CONSTITUTION OF ALABAMA, 1901, ART. III §§42 & 43,
AND THE CODE OF ALABAMA §15-7-4, THE COMMISSIONER OF THE ADOC,
ALONE CANNOT ISSUE A WARRANT, WITHOUT THE ASSISTANCE OF THE JUDICIAL
DEPARTMENT. THE COMMISSIONER FALLS UNDER THE EXECUTIVE DEPARTMENT OF

AND WARRANTS ARE ISSUED BY JUDGES OR MAGISTRATES OF THE JUDICIAL
DEPARTMENT.

"THE POWERS OF STATE GOVERNMENT ARE DIVIDED INTO THREE
DEPARTMENTS: LEGISLATIVE, EXECUTIVE, AND JUDICIAL. NEITHER MAY
EXERCISE ANY POWER POSSESSED BY THE OTHER WITHOUT CONSTITUTIONAL
SANCTION." SEE SR-11 THROUGH SR-15.

IN 1996, APPELLANT WAS PLACED IN THE CUSTODY OF THE ALABAMA
BOARD OF PARDON & PAROLES, WIHCH IN RETURN ALLOWED HIM TO BE
PLACED UNDER THE SUPERVISION OF THE GA. BOARD OR PARDON & PAROLES.
WHEREAS, IN THE FALL OF 1999, THE ALA. BOARD OF PARDONS & PAROLES
GRANTED APPELLANTS A PARDON, BY WAY OF THE GA. BD OF PARDONS
& PAROLES.

THEN IN FEBRUARY, 2004 THE ADOC KIDNAPPED THE APPELLANT
CAUSE OF AN EVENT WHICH OCCURED IN 1998, IN ANOTHER STATE, WITHOUT
ANY FACTS OF WHAT ACTUALLY OCCURED, NOT EVEN STATING WHEN, WHERE
OR WHAT HAPPEN. AN WITHOUT THE GA. OR ALA. BD OF PARDONS & PAROLES
ACKNOWLEOGEMENT OF A VIOLATEON. R-12 "THE GEORGIA PAROLE OFFICER
SUBSEQUENTLY RECOMMENDED THAT TWYMAN BE CONTINUED ON PAROLE
SUPERVISION. THE ALABAMA BOARD OF PARDONS AND PAROLES ACCEPTED
THIS RECOMMENDATION AND VOIDED ITS DECLARATION OF DELINEQUENCY."

R-34, IS A FALSIFIED DOCUMENT PLACED IN THE RECORDS TO
CONFUSE THE COURTS. UPON IT'S FACE IT IS FALSE, FOR MAY OF 2005
WAS PAST, APPELLANT HAS NOT BEEN REVIEWED FOR PAROLE. FURTHERMORE,
IT WOULD BE FOOLISH FOR THE BOARD TO PLACE APPELLANT ON PAROLE
FOR HE WAS PARDON IN 1999. Appellant never view this document
UNTIL APPELLEES FILED THEIR MOTION TO DISMISS IN THE CIRCUIT COURT.

FACTS, WHAT WAS THE PURPOSE OF APPELLANT ARREST IN 2004,
BY TALLADEGA COUNTY? FOR A VALID CHARGE WAS NEVER PLACED AGAINST
APPELLANT. APPELLANT HAS NOT BEEN ARRESTED OR CHARGED WITH ANY
CRIME, NOT EVEN A TRAFFIC VIOLATION, SINCE HIS ASSOICATION WITH
EEROINA EVANS.

## SUMMARY OF THE ARGUMENT

APPELLANT ASSERTS THAT THE TRIAL COURT IMPORPERLY DENIED
HIS RIGHTS PURSUANT TO THE CODE OF ALABAMA §15-21-1, FOR HE'S
IMPRISONED IN THE STATE OF ALABAMA, BEING DETAINED WITHOUT
VIRTUE OF ANY PROCESS ISSUED BY A COURT OF THE UNITED STATES OR
JUDGE.

NO WHERE IN ANY OF THE CIRCUIT JUDGE'S ORDERS WAS A FACT
FINDER DONE. THE CIRCUIT JUDGE ORDERS ARE BARE-BONED, WITHOUT
ANY FINDING OF FACTS. NOTHING ACCORDING TO THE ALABAMA RULES OF
COURT, THE CODE OF ALABAMA, OR THE CONSTITUTION GOVERNING A
WRIT OF HABEAS CORPUS.

APPELLANT, RESPECTIFULLY REQUEST THIS COURT TO TAKE NOTICE
OF APPENDIX "I", ATTACHED TO THIS BRIEF. THIS APPENDIX IS A
UNSIGNED COPY OF THE ORDER CIRCUIT JUDGE JONES APPROVED TO DISMISS
THE HABEAS CORPUS PETITION. THE UNSIGNED COPY WAS MISTAKENLY
FORWARD TO APPELLANT BY WAY OF THE APPELLEES MOTION TO DISMISS.
COMPARE APPENDIX "1' TO R-47. THIS SHOWS THAT JUDGE JONES NEVER
ADDRESSED THE PETITION. THE JUDGE SIMIPLY SIGNED A PARAPHRASED,
PREPARED ORDER FROM THE APPELLEES. A WRIT OF HABEAS CORPUS
CANNOT BE BOUND DOWN BY TECHNICAL PLEADING.
ON SR-8, THE CIRCUIT COURT MADE AN ORDER DENYING THE DEFENDANT'S
MOTION. APPELLANT AT SR-18, MOTIONED THE COURT TO CORRECT THE
RECORDS, THEREFORE, THEY WOULD SPEAK THE TRUTH.

APPELLANT'S MOTION FOR CORRECTION OF CLERIAL MISTAKE, SR-18 AND
MOTION FOR SUPPLEMENTING OF THE RECORDS, SR-20, WERE MAILED TOGETHER
AND FILED BY THE CLERK, BOTH ON JULY 8, 05. HOWEVER THE CIRCUIT
COURT JUDGE'S ORDER DATED CLEARIFING THE ERR AT SR-10, IS DATED JUNE
20, 05. THIS COURT SHOULD TAKE NOTICE OF HOW CERTAIN DOCUMENTS HAVE
BEEN FILED IN AN MUSTERIOUS MANNER. THIS ORDER WAS FIRST VIEWED BY
APPELLANT ON AUGUST 30, 05, IN THE UNTIMELY GRANTED SUPPLEMENTAL
RECORD.

APPELLANT WAS PARDON FOR HIS CONVICTION OF ATTEMPTED ASSAULT
IN THE 1ST DEGREE, AND WAS LIVING A CRIME FREE LIFE. THE ADOC
KIDNAPPED APPELLANT, REINSTATED THE PARDON SENTENCE OF 25 YEARS
AND 1 DAY. AN ADDITIONAL 5 YEARS AND 8 MONTHS, WERE ADDED.
APPELLANT HAS NEVER BEEN ACCURED OF ESCAPE.

THE ALA. DEPT. OF PUBLIC SAFTEY MUST BE FORWARDED ANY AND ALL
INFORMATION OF A PERSON ON DELIQUENT PAROLEES. HOWEVER, THE DEPT.
ISSUED APPELLANT A DRIVER LICENSE #6645787, DOING THE PERIOD
INWHICH THE ADOC CLAIMED HE WAS A DELIQUENT PAROLEE.

THE FACTS WERE SET-FORTH IN THE WRIT, THE CIRCUIT COURT
REFUSED TO ACKNOWLEDGE THE FACTS. THE ONLY ISSUE THE ADOC ADDRESSED,
WAS MERITLESS, AND THE TRIAL COURTS KNOWS, A FUGITIVE WARRANTS MUST
BE AUTHORIZED BY A JUDGE OR MAGISTRATE. R-39 THROUGHT R-40.

## ARGUMENT
### ISSUES PRESENTED FOR REVIEW

WHETHER THE TRIALCOURT ERRED BY DISMISSING THE WRIT OF HABEAS CORPUS WITHOUT HOLDING AN EVIDENTIARY HEARING?

THE TRIAL COURT INCORRECTLY DENIED THE PETITIONER'S WRIT OF HABEAS CORPUS WITHOUT GRANTING HIM A HEARING ON THE MERITS. THE ALLEGATIONS PETITIONER MADE CONCERNING VIOLATION OF CONSTITUTIONAL RIGHTS WERE NOT REFUTED BY THE STATE. THEREFORE, THIS ARGUMENTS IS MERITORIOUS ON ITS FACE AND PETITIONER WAS ENTITLED TO AN EVIDENTIARY HEARING. TEMPLE V. STATE, 555 SO. 2d 282 (ALA.CRIM.APP. 1989). THE ALLEGATION IN THE PETITION WERE NOT SPECIFICALLY CONTESTED IN THE RESPONSIVE PLEADING BY THE STATE, THE MOTION TO DISMISS.

THE CIRCUIT COURT OF BIBB COUNT, ERRED BY SUMMARILY DISMISSING THE PETITION WITHOUT, HOLDING AN EVIDENTIARY HEARING ON THE APPELLANT'S PETITION.

IF MERELY BEING ARRESTED IS SUFFICIENT FOR REVOCATION OF PAROLE, THEN REVOCATION WOULD LIE WITHIN THE DISCRETION OF POLICE OFFICERS RATHER THAN WITH PAROLE BOARD.

THE STATE MUST SUBMIT ENOUGH SUBSTANTIVE EVIDENCE TO REASONABLY SATISFY THE TRIER OF THE FACTS THAT A CONDITION OF PAROLE WAS BREACHED.

SINCE THE APPELLANT WAS NOT ARRESTED ON A WARRANT ISSUED BY A MAGISTRATE OR JUDGE, AND THE GEORGIA PAROLE OFFICER NEVER SOUGHT FOR PAROLE TO BE VIOLATED IN 1998, WHEN THE EVENT OCCURED; THEN ALMOST 6 YEARS LATER A ALABAMA PROBATION OFFICER (LINDA HILL) WITHOUT DISCLOSING ANY EVIDENCE OF WHAT ACTUAL OCCURED IN COBB COUNTY, GA; VIOLATED THE GUIDELINES SET OUT BY THE UNITED STATES SUPREME COURT IN MORRISSEY V. BREWER, 408 U.S. 471 (1972).

WHETHER WARRANT CLAUSE OF THE FOURTH AMENDMENTS APPLIES TO THE ARREST OF THE APPELLANT?

BEFORE A WARRANT FOR EITHER ARREST OR SEARCH CAN ISSUE, THE JUDICIAL OFFICER ISSUING A WARRANT MUST BE SUPPLIED WITH SUFFICIENT INFORMATION TO SUPPORT AN INDEPENDENT JUDGMENT THAT PROBABLE CAUSE EXISTS FOR THE WARRANT. WHITELEY V. WARDEN OF

<u>WYOMING PENITENTIARY</u>, 401 U.S. 560 (1971).

SUFFICIENT INFORMATION MUST BE PRESENTED TO A MAGISTRATE
TO ALLOW THAT OFFICIAL TO DETERMINE PROBABLE CAUSE; HIS ACTION
CANNOT BE A MERE RATIFICATION OF THE BARE CONCLUSIONS OF OTHERS.
IN ORDER TO ENSURE THAT SUCH AN ABDICATION OF THE MAGISTRATE'S
DUTY DOES NOT OCCUR, COURTS MUST CONTINUE TO CONSCIENTIOULY
REVIEW THE SUFFICIENCY OF AFFIDAVITS ON WHICH WARRANTS ARE ISSUED.
BUT WHEN THE COURTS MOVE UPON THE "BARE BONES" AFFIDAVITS SUCH AS
IN THIS CASE, THIS AREA SIMPLY DOES NOT LEND ITSELF TO THE
PRESCRIBED SET OF RULES. THE COMMON-SENSE STANDARD SET-FORTH
BY THE FOURTH AMENDMENT'S PROBABLE-CAUSE REQUIREMENT, ARE VIOLATED.

AN AFFIDAVIT MUST PROVIDE THE MAGISTRATE WITH A SUBSTANTIAL
BASIS FOR DETERMING THE EXISTENCE OF PROBABLE CAUSE, AND THE
WHOLLY CONCLUSORY STATEMENT AT ISSUE IN APPELLEES SO-CALLED
FUGITIVE WARRANTS, FAILS TO MEET THE REQUIREMENT OF A AFFIDAVIT,
LET-ALONE A WARRANT, UNSIGNED BY A MAGISTRATE OR JUDGE.

APPELLANT ALLEGES THAT WHAT THE APPELLEES STATES AS A FUGITIVE
WARRANT, IS LESS THEN A AFFIDAVIT WHICH SHOULD BE ATTACHED TO AN
ARREST WARRANT. A JUDICIAL OFFICERS NEVER ISSUED A ARREST WARRANT,
NOR WAS A INDEPENDENT JUDGMENT THAT PROBABLE CAUSE TO ARREST EXISTED,
AS REQUIRED IN <u>WHITELEY</u>, SUPRA.

IN <u>DAVIS V. STATE</u>, 500 SO.2d 472 (ALA.CR.APP. 1986) THIS
COURT STATED; "WHERE RECORD DID NOT REVEAL WHETHER POLICE OFFICER
COMMUNICATED TO WARRANT CLERK INFORMATION SUPPORTING PROBABLE
CAUSE TO ARREST DEFENDANTS, REMAND WOULD BE REQUIRED FOR EVIDENTIARY
HEARING TO DETERMINE WHAT INFORMATION POLICE OFFICER PROVIDED
WARRANT CLERK IN OBTAINING ARREST WARRANTS IN ORDER TO DETERMINE
VALIDITY OF ARREST WARRANTS."

ON RETURN TO REMAND

"CONCLUSORY AFFIDAVITS FOR ARREST WARRANTS WERE NOT CURED
BY PROBABLE CAUSE INFORMATION WHICH WAS POSSESSED BY AFFIANT
BUT WHICH WAS NOT SHOWN TO HAVE BEEN COMMUNICATED TO WARRANT CLERK."

THIS COURT STATED IN <u>MALONE V. STATE</u>, 51 ALA. APP. 19 (1973),
"WE ARE THUS SQUARELY CONFRONTED WITH THE QUESTION OF WHETHER
SUCH AFFIDAVIT WAS FATALLY DEFECTIVE IN THAT IT CONSISTED OF
NOTHING, MORE THAN THE AFFIANT'S CONCLUSION THAT THE INDIVIDUAL
NAMED THERIN HAD PERPETRATED THE DESCRIBED OFFENSE, WITHOUT SETTING
OUT ANY FACTUAL BASIS FOR SUCH CONCLUSION."

THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION
AND ARTICLE 1, §5 OF THE ALABAMA CONSTITUTION ARE AS FOLLOWS:
"THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSON, HOUSE,
PAPER, AND EFFECTS, AGAINST UNREASONABLE SEARCHES, AND SEIZURES,
SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON
PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION AND PARTICULARLY
DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSON OR THING TO
BE SEIZED."
"THAT THE PEOPLE SHALL BE SECURE IN THEIR PERSONS, HOUSES, PAPERS,
AND POSSESSIONS FROM UNREASONABLE SEIZURE OF SEARCHES, AND THAT
NO WARRANT SHALL ISSUE TO SEARCH ANY PLACE OR TO SEIZE ANY
PERSON OR THING WITHOUT PROBABLE CAUSE, SUPPORTED BY OATH OR
AFFIRMATION."

"THERE IS NO QUESTION BUT THAT THE WARRANT CLAUSE OF THE
FOURTH AMENDMENTS APPLIES TO ARREST."

"THE UNYIELDING DEMANDS OF OUR STATE CONSTITUTION AND THOSE
OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION SUBSERVE
THE FUNDAMENTAL OBJECTIVE THAT THE NECESSARY FACTUAL INFERENCES
TO BE DRAWN IN DETERMINING PROBABLE CAUSE ARE 'DRAWN BY A NEUTRAL
AND DETACHED MAGISTRATE INSTEAD OF BEING JUDGED BY THE OFFICER
ENGAGED IN THE OFTEN CIMPETITIVE ENTERPRISE OF FERRETING OUT
CRIME." JOHNSON V. UNITED STATES, 33 U.S. 10 (1948).

"FOR PURPOSES OF AN ARREST WARRANT, AN OATH OR AFFIRMATION
IS REQUIRED TO ESTABLISH PROBABLE CAUSE TO ARREST. CONST. §5;
U.S.C.A CONST. AMEND. 4. SEE CRITTENDEN V. STATE, 476 SO.2d 626
(ALA. CR. APP. 1983).

WHETHER THE ADOC HAS THE AUTHORITY TO IMPOSE AN ADDITIONAL
SENTENCE WITHOUT A CHARGE OR INDICTMENT OF ESCAPE?

"IT APPEARS TO PETITIONER THAT RESPONDENT IS ATTEMPTING TO
ASSERT THAT THE TIME HE WAS RELEASED FROM [COBB COUNTY, GEORGIA
JAIL] UNTIL THE TIME HE WAS ARRESTED IN [TALLADEGA, ALABAMA], A
SPAN OF 5 YEARS, 8MONTHS AND 5 DAYS, IS 'DEAD' TIME BECAUSE
HE WAS ON 'ESCAPE'. HOWEVER, PETITIONER WAS NEVER EVEN CHARGED,
MUCH LESS INDICTED FOR ESCAPE, INDEED, THERE WAS NO ESCAPE."
SEE McCORVEY V. STATE, 675 SO.2d 81 (AL.CR.APP. 1995).

THE ALABAMA SUPREME COURT HAS HELD THAT THE SENTENCE OF AN INMATE ERRONEOUSLY RELEASE WITHOUT VIOLATION OF A CONDITION OF HIS PAROLE AND THROUGH NO FAULT OF THE INMATE'S OWN CONTINUES TO RUN WHILE THE INMATES IS FREE. SEE EX PARTE AGEE, 474 SO.2d 161, 163 (ALA. 1985).

PAROLEE IS ENTITLED TO CREDIT FOR ALL TIME SERVED BETWEEN DECLARATION OF DELINQUENCY AND ORDER OF BOARD OF PARDONS AND PAROLES VOIDING THAT DELINQUENCY DECLARATION AND REINSTATING PAROLE. STATE V. THOMAS, 833 SO.2d 104 (ALA.CRIM.APP. 2002).

TWYMAN HAS MADE FACTUAL ALLEGATIONS THAT TAKEN AS TRUE, WOULD ENTITLE HIM TO HABEAS CORPUS RELIEF, HE WAS RELEASED BY THE SUPERIOR COURT OF COBB COUNTY, GEORGIA, ON SEPTEMBER 15, 1998, WHICH OCCURRED THROUGH NO FAULT OF HIS OWN, AND THAT HE HAD NOT BEEN GIVEN CREDIT FOR THE TIME HE SPENT AT LIBERTY ON THAT RELEASE. SEE GILES V. STATE, 462 SO.2d 1063 (ALA.CRIM.APP. 1985).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS THIS HONORABLE APPELLATE COURT REVERSE AND REMAND WITH INSTRUCTIONS, THIS CAUSE TO THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA. WHEREAS, THE WRIT OF HABEAS CORPUS CAN BE GRANTED.

IT IS SO PRAYED:

DONE THIS THE 6 DAY OF SEPTEMBER, 2005.

Robert Twyman Jr.
147435  D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

## CERIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS _6_ OF SEPTEMBER, 2005, I
SERVED ON THE CLERK OFFICE FOR THE ALABAMA COURT OF CRIMINAL
APPEALS THE ORIGINAL, FOUR COPIES, AND ONE ADDITIONAL COPY FOR
THE ATTORNEY GENERAL OFFICE, OF THIS BRIEF AND ATTACHED APPENDIX,
BY PLACING THE SAME IN THE UNITED STATES MAIL, FIRST CLASS,
POSTAGE PREPAID AND ADDRESSED CORRECTLY.

147435   D-1-22B
565 BIBB LANE
BRENT, ALABAMA 35034

-10-

*Appendix 1*

# IN THE CIRCUIT COURT FOR
# BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR. AIS#147435,  )
  PETITIONER        )
               )
v.              )  Case No.: CC-05-06
               )
CHERYL PRICE,       )
  RESPONDENT        )

## ORDER

This Court, having reviewed the Petition for Writ of Habeas Corpus and the Respondent's Motion to Dismiss, and after having considered same, is of the opinion that the Respondent's motion is well-taken and due to be granted. Specifically, the Court finds that the Petitioner has failed to show and prove that he was denied due process in connection with his return to the Department of Corrections' custody subsequent to parole revocation or that he is being illegally restrained.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that this petition be and is hereby **DISMISSED.**

The Alabama Department of Corrections is ordered to withhold 50% of the monies the inmate presently has or will accrue in his prisoner account until the total $ _____ filing fee has been collected. The money collected should then be forwarded to the Circuit Clerk of Bibb County, Alabama.

DONE and ORDERED this the _____ day of _____ 2005.

_____
CIRCUIT JUDGE

**FILED**

OCT – 5 2005

CLERK
ALA COURT CRIMINAL APPEALS

CR-04-1744

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

ROBERT TWYMAN, JR.

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

APPEALED FROM THE CIRCUIT COURT OF
BIBB COUNTY, ALABAMA
CC-05-06

BRIEF AND ARGUMENT

OF

ANDREW W. REDD
ASSISTANT GENERAL COUNSEL

ATTORNEY FOR APPELLEE

ADDRESS OF COUNSEL:
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, Alabama 36104
(334) 353-3888

EXHIBIT  4

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS.......................................... i

TABLE OF AUTHORITIES.......................................ii

STATEMENT REGARDING ORAL ARGUMENT...........................1

STATEMENT OF THE FACTS......................................2

STATEMENT OF THE CASE.......................................4

STATEMENT OF THE ISSUES.....................................6

ARGUMENTS AND AUTHORITIES...................................7

CONCLUSION................................................11

CERTIFICATE OF SERVICE....................................12

i.

**TABLE OF AUTHORITIES**

Page

<u>Cases</u>

<u>Woodley v. State</u> 677 So.2d 825(Ala.Crim.App.1996...........7

<u>D.L.S. v. State</u> 675 So.2d 1363 (Ala.Crim.App.1996..........7

<u>Temple v. State</u> 555 So.2d 282 (Ala.Crim.App.1989)..........7

<u>Whitley v. Warden, Wyoming State Penitentiary</u>
    401 U.S. 560, 91 S.Ct.1031, 28 L.Ed.2d 306 (1971)......8

<u>Davis v. State</u> 500 So.2d 472 (Ala.Crim.App.1986)...........8

<u>Malone v State</u> 51 Ala.App.19,282 So.2d 367 (1973)..........8

<u>Crittenden v. State</u> 476 So.2d 626 (Ala.Crim.App.1985)......8

<u>State v. Thomas</u> 833 So.2d 104 (Ala.Crim.App.2002)..........8,9

<u>Morrissey v. Brewer</u> 408 U.S.471, 92 S.Ct.2593,
    33 L.Ed.2d 484 (1972)................................9

<u>Ellard v. State</u> 474 So.2d 743 (Ala.Crim.App.1984) affirmed
    474 So.2d 758.......................................9

<u>Tunstill v. State</u> 41 Ala.App.516, 138 So.2d 267 (1972)......10

<u>Ivy v. State</u> 381 F.Supp.503 (S.D.Ala.1974)................10

<u>McCorvey v. State</u> 675 So.2d 81 (Ala.Crim.App.1995).........11

<u>Ex parte Agee</u> 474 So.2d 161 (Ala.Crim.App.1985)............11

<u>Giles v. State</u> 462 So.2d 1063 (Ala.Crim.App.1985...........11

<u>OTHER AUTHORITIES</u>

Title 15-22-31 Code of Alabama 1975........................8

ii.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument, being of the opinion that the record and the briefs submitted are sufficient for the disposition of this appeal.

## STATEMENT OF THE FACTS

The appellant was convicted, on June 30, 1987, of Possession of a Controlled Substance (CC-87-123-124) and sentenced to five (5) years in the state penitentiary.  On May 18, 1989, the appellant was convicted of Attempted Assault I (CC-89-070) and sentenced to twenty (20) years in the state penitentiary.  These cases ran consecutively, for a total of twenty-five (25) years to serve.(RT-37).

On May 27, 1996, the appellant was paroled (RT-30-31).

According to the appellant, he was allowed to reside in the State of Georgia where he became involved with a woman who subsequently had him arrested for assault.  According to the appellant, he was arrested on March 27, 1998 for the assault and on September 15, 1998, pled guilty to misdemeanor charges arising from the assault. (RT-8).

On June 8, 1998, the appellant was declared delinquent (RT-15,32).

On June 9, 1998, a Fugitive Warrant was issued by the Alabama Department of Corrections (RT-30, 35-36).

According to the appellant,on February 13, 2004, he was arrested in Lincoln, Alabama, and transported to the Talladega County Jail on child support contempt charges (RT-8).  The Appellee has considered February 13, 2004 as the date of the appellants recapture (RT-30,33).  Based upon these dates, the appellant had a total of five (5) years, eight (8) months and

2

five (5) days dead time which he was obliged to serve (RT-28).

On March 9, 2004, a parole revocation hearing was conducted in which it was determined that the appellants parole should be revoked (RT-30, 34).

On March 24, 2004, the appellant was returned to the custody of the Alabama Department of Corrections where he remains (RT-9).

According to the appellant, in April 2004, he filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Alabama regarding this matter (RT-9).  The appellant did not make any averments as to the status or disposition of this Federal habeas corpus.

## STATEMENT OF THE CASE

The appellant filed this matter as a petition for writ of habeas corpus on January 6, 2005 in the Circuit Court for Bibb County, Alabama (RT-7-19).

On February 11, 2005 the appellant filed a motion for evidentiary hearing (RT-23-24).

On February 16, 2005 the appellant filed a request for discovery (RT-25).

On March 10, 2005, Appellee filed her motion to dismiss (RT-27-38).

On March 18, 2005 the appellant filed a motion to strike (RT-39-40), a traverse to respondents motion to dismiss (RT-41-45) and a second request for discovery (RT-46).

On April 5, 2005, the Court issued an order dismissing the petition (RT-47).

On April 20, 2005 the appellant filed a motion to compel discovery (RT-48-49).

On April 29, 2005 the appellant filed a motion for reconsideration/new trial (RT-50-52).

On May 17, 2005 the appellant filed notice of appeal (RT-54-59).

On May 27, 2005 the Appellee filed a response to the appellants motion for reconsideration/new trial (RT Supp.-1-2).

On June 8, 2005 the appellant filed a traverse to the appellees response (RT Supp.-4-5)and motion to stay appeal (RT Supp.-6-7).

4

On June 13, 2005 an order was issued by the Court denying the appellants motion for reconsideration/new trial. (RT Supp.-8).

On June 15, 2005, this Court entered an order staying the appeal (RT Supp.-9).

On June 24, 2005 the Court again entered an order denying the appellants motion for reconsideration (RT Supp.-10).

On June 27, 2005 the appellant filed a petition for writ of mandamus with this Court (RT Supp.-11-16) which was dismissed by this Court on June 28, 2005 (RT Supp.-17).

On July 8, 2005, the appellant filed with the Court (Circuit) a motion for correction of clerical mistake (RT Supp.-18-19) and motion to supplement the record (RT Supp.-20).

This Court issued an order for the trial court to dispose of the motion to supplement the record on July 12, 2005 (RT Supp.-21) and the trial court issued an order granting the motion on July 25, 2005 (RT Supp.-24).

## STATEMENT OF THE ISSUES

Appellant presents the following issue for review:

I.    Whether the trial court erred by dismissing the writ of habeas corpus without holding an evidentiary hearing.

II.    Whether warrant clause of the Fourth Amendment applies to the arrest of the appellant.

III.    Whether the ADOC has the authority to impose an additional sentence without a charge or indictment of escape.

**ARGUMENT**

The filing of a petition for writ of habeas corpus does not automatically guarantee the petition the right to an evidentiary hearing. A trial court is well within its discretionary authority to dispose of a petition for writ of habeas corpus, without a hearing, when there are sufficient facts before it to dispose of the petition. In <u>Woodley v. State</u> 677 So.2d 825 (Ala.Crim.App.1996), this Court held that because the pleadings in this case were sufficient to show that there was no merit to the appellants petition for a writ of habeas corpus, there was no requirement that an evidentiary hearing be held in the circuit court. See also D<u>.L.S. v. State</u> 675 So.2d 1363 (Ala.Crim.App.1996). In <u>Temple v. State</u>, relied upon by appellant, the allegations of the inmate were not refuted by the State, thus requiring an evidentiary hearing. In the instant case, the allegations of the appellant have been sufficiently refuted and the facts and applicable laws do not support the appellants position.

The appellant was serving three lawful sentences in the custody of the Alabama Department of Corrections when paroled by the Alabama Parole Board in May 1996. While in Georgia, the appellant was arrested and convicted on assault-related charges. These charges prompted the Alabama Parole Board to declare him delinquent on June 8, 1998. On June 9, 1998, the Commissioner of the Alabama Department of Corrections issued a Fugitive Warrant on the appellant. In February of 2004, the appellant returned to

7

Alabama where he was picked up, according to the appellant, on child support charges. At that time the fugitive warrant previously issued was in effect.  On March 9, 2004, a hearing was conducted in Talladega County, Alabama by a hearing officer for the Alabama Parole Board, who found the parole violation charges proven and recommended revocation; this recommendation was approved by the Parole Board on April 14, 2004.  The appellant was returned to the custody of the Alabama Department of Corrections on March 24, 2004.

The Appellee asserts that Title 15-22-31 Code of Alabama 1975 vests in the Department of Corrections i.e. its Commissioner, the authority to issue a fugitive warrant for the retaking of a parolee who has lapsed or violated the conditions of parole.  This is precisely what occurred with the appellant. Information that he had been arrested prompted the delinquency report by the Parole Board which, in turn, prompted the fugitive warrant by the Alabama Department of Corrections.

The appellant has presented no legal authority in support of his allegations.  Whitley v. Warden, a Wyoming case, dealt with an initial arrest, not a parole violation, and is not applicable to this matter. Nor are Davis v. State, Malone v. State, nor Crittenden v. State, which likewise dealt with initial arrests. Thomas v. State dealt with whether or not the time between the declaration of delinquency and the *voiding* of the delinquency should be credited toward the inmates sentence and is not relevant to the issues in this case.

The Parole Board conducted a revocation hearing which comported with the requisite due process requirements and the appellant was returned to custody to complete the balance of his sentence. Morrissey v. Brewer 408 U.S.471, 92 S.Ct.2593, 33 L.Ed.2d 484 (1972) does not mandate the full panoply of due process required in a criminal prosecution, but, rather, requires an informal hearing to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by accurate knowledge of the parolees behavior.  By his own admission, the appellant was convicted of criminal charges arising from a assault and a revocation hearing was conducted. The appellant received the due process to which he was entitled.  See also Ellard v. State 474 So.2d.743 (Ala.Crim.App.1984) affirmed 474 So.2d.758.

The Appellee has considered the time between the delinquency, June 8, 1998 and the recapture on February 13, 2004 as dead time or time for which no credit is due.  This is appropriate. See State v. Thomas 833 So.2d 104 (Ala.Crim.App.2002), in which the opinion of the Attorney General was cited as follows: Federal and state courts have held that when a parolee is declared delinquent, such declaration acts as an interlocutory revocation of parole,which means that the parolees time stops running until there is a revocation hearing as a decision by the Parole Board on whether to revoke parole. Tunstill v. State 41 Ala.App. 516, 138 So.2d. 267 (1962);Ivy v. State 381 F.Supp.503 (S.D.Ala.1974).

The appellant contends that an additional sentence has been imposed upon him without a charge or indictment of escape. No additional sentence has been imposed upon the appellant; he is only being required to serve the balance of the lawfully imposed sentences. The dead time, as noted above, is the time beginning with the declaration of delinquency until the recapture date.

The appellant, in support of his argument on this escape issue, relies upon McCorvey v. State, Ex parte Agee, and Giles v. State. In all of these cases, the appellants had claimed to have been released from custody in error, that is, not due to any fault of their own, and had challenged the fact that they had been considered on escape, thus not entitled to credit for the time not in custody. The facts of these cases are wholly dissimilar to the appellants situation wherein he violated conditions of parole by the commission of new violations.

## CONCLUSION

The appellant has presented this Court with no authorities to support his contentions that the trial court erred in denying and dismissing his petition without an evidentiary hearing. The pleadings before the trial court were sufficient for the trial court to determine that the appellants claims were without merit and that, as a matter of law, the petition was due to be denied and dismissed.

The decision of the trial court is due to be affirmed.

Respectfully submitted,

_____
ANDREW W. REDD
ASSISTANT ATTORNEY GENERAL
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, Alabama 36130
(334) 353-3888

11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents upon:

    Inmate Robert Twyman, Jr.
    AIS #147435
    Bibb County Correctional Facility
    565 Bibb Lane
    Brent, Alabama 35043

by placing a copy of said documents in the U.S. Mail, postage prepaid on the ___5th___ day of _October_, 2005.

                ANDREW W. REDD
                ASSISTANT ATTORNEY GENERAL

12

No.

_____

_____

In The

## Supreme Court of the United States

_____

Robert Twyman, Jr.

Petitioner

v.

Alabama

Respondents

_____

On Petition For Writ Of Certiorari
To The Alabama Court Of Criminal Appeals

_____

PETITION FOR WRIT OF CERTIORARI

_____

Robert Twyman, Jr.
Pro-se
147435  D-1-22B
565 Bibb Lane
Brent, Alabama 35034

_____

_____

EXHIBIT 7

**QUESTION PRESENTED**

WHETHER THE CODE OF ALABAMA, §15-22-31, AUTHORIZING THE ALABAMA

DEPARTMENT OF CORRECTIONS TO ISSUE WARRANTS, VIOLATES THE FOURTH

AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION?

## LIST OF PARTIES

All parties do not appear in the caption of the case on the cover page.  A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

Attorney General
For The State Of Alabama
Troy King
11 South Union Street
Montgomery, Alabama 36130

## TABLE OF CONTENTS

OPINIONS BELOW . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . 2

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . .8

REASONS FOR GRANTING THE WRIT . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . .16

## INDEX TO APPENDICES

APPENDIX A    Opinion of the Alabama Court of Criminal Appeals;

APPENDIX B    Application for Rehearing Overruled by the Alabama
              Court of Criminal Appeals;

APPENDIX C    Petition for Writ of Certiorari to the Court of Criminal
              Appeals, denied by the Alabama Supreme Court;

APPENDIX D    Order dismissing Petition for Writ of Habeas Corpus
              by the Circuit Court of Bibb County, Alabama;

APPENDIX E    Order dismissing Petition for Writ of Mandamus by
              the Alabama Court of Criminal Appeals;

APPENDIX F    Order denying Motion for Reconsideration or in the
              Alternative, New Trial, by the Circuit Court of Bibb
              County, Alabama;

APPENDIX G    Fugitive Warrant issued by the Alabama Department
              of Corrections.

# TABLE OF AUTHORITIES CITED

CASES                                                      PAGE NUMBER

Coolidge v. New Hampshire,
     403 U.S. 443 (1971) . . . . . . . . . . . 12, 13, 16

Giordenello v. United States,
     357 U.S. 480 (1958) . . . . . . . . . . . . . . 15

Goldberg v. Kelly,
     397 U.S. 254 (1971) . . . . . . . . . . . . . 14

Grisson v. Lawler,
     10 Ala. App. 540 (1914) . . . . . . . . . . . 12

Johnson v. United States,
     333 U.S. 10 (1914) . . . . . . . . . . . . . .15

Ocampo v. United States,
     234 U.S. 91 (1914) . . . . . . . . . . . . . .15

Morrissey v. Brewer,
     408 U.S. 471 (1972) . . . . . . . . . . . 13, 15

Pugh v. Rainwater,
     483 F.2d 778 (5th Cir, 1973) . . . . . . . . .15

Shadwick v. Tampa,
     407 U.S. 345 (1972) . . . . . . . . . . 14, 15, 16


STATUTES AND RULES

UNITED STATES CONSTITUTION

     Fourth Amendment . . . . . . . . . . . .3, 9, 11, 12, 13

     Fourteenth Amendment . . . . . . . . . . . .3, 11, 12, 14


UNITED STATES CODE,

     28 USC §1257(a) . . . . . . . . . . . . . . . 2, 7


CODE OF ALABAMA,

     §15-7-4 . . . . . . . . . . . . . . . . .3, 9, 12

## TABLE OF AUTHORITIES CITED (CONT.)

STATUTES AND RULES                                    PAGE NUMBER

CODE OF ALABAMA

§15-22-31 . . . . . . . . . . . . . . . . .4, 11

§41-9-623 . . . . . . . . . . . . . . . . 6, 9

§41-9-627 . . . . . . . . . . . . . . . . 6, 9

§41-9-635 . . . . . . . . . . . . . . . . 7, 9


Alabama Rules of Appellate Procedures . . . . . . . . . . . . .10

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

## OPINIONS BELOW

The opinion of the Alabama Court of Criminal Appeals to review the merits appears at Appendix A to the petition and is unpublished.

The opinion of the Alabama Supreme Court appears at Appendix 6 to the petition is unpublished.

## JURISDICTION

The date on which the Alabama Court of Criminal Appeals decided my case was October 21, 2005.  A copy of that decision appears at Appendix A.

A timely petition for rehearing was thereafter denied on November 10, 2005, and a copy of the order denying rehearing appears at Appendix B.

A timely petition for writ of certiorari to the Alabama Supreme Court was thereafter denied on March 10, 2006, and a copy of the order denying the writ appears at Appendix C.

The jurisdiction of this Court is invoked under 28 U.S.C. §1257(a), to review a state court decision upholding, as against federal constitutional claims, the validity of state procedures authorizing the Alabama Department of Corrections to issue warrants.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

United States Constitution, Fourth Amendment;

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

United States Constitution, Fourteenth Amendment;

Section 1. All persons born or naturalized on the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Code of Alabama, §15-7-4. Warrant of arrest-Defined; contents;form.

(a) A "warrant" of arrest is an order in writing, issued and signed by a judge or magistrate, stating the substance of the complaint and directed to a proper officer, commanding him to arrest the defendant.

(b) Such warrant must designate the name of the defendant, if known; but if it states that the name is unknown to the judge or magistrate, then no name need be inserted. It must also state the offense by name or so that it can be clearly inferred, the

county in which it was issued must appear from some part of the warrant, and the warrant must be signed by the judge or magistrate, with his name and initials of office, or the same must in some way appear from the warrant. It must be directed "to any lawful officer of the state," and, if executed by any lawful officer having authority to execute it, it is valid without regard to its direction.

(c) A warrant of arrest may be in substance as follows:
The State of Alabama,
.......... county.
To any lawful officer of the state:

Complaint on oath having been made before me that the offense of (designating or describing it) has been committed and accusing C.D. thereof, you are, therefore, commanded forthwith to arrest C.D., and bring him before me.

Dated the ...... day of .........., 19.....

(Signed) E.F., Judge

(or magistrate, as the case may be.)

Code of Alabama §15-22-31. Warrant  for retaking parolee; arrest without warrant; execution of warrant and fees therefor:

(a) If the parole officer having charge of a paroled prisoner or any member of the Board of Pardons and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer or board member shall report such fact to the Department of Corrections,

4.

which shall thereupon issue a warrant for the retaking of such
prisoner and his return to the prison designated.

(b) Any parole officer, police officer, sheriff or other
officer with power of arrest, upon the request of the parole officer,
may arrest a parolee without a warrant; but, in case of an arrest
without a warrant, the arresting officer shall have a written
statement by said parole officer setting forth that the parolee
has, in his judgment, violated the conditions of parole, in which
case such statement shall be sufficient warrant for the detention
of said parolee in the county jail or other appropriate place
of detention until the warrant issued by the Department of Corrections
has been received at the place of his detention; provided, however,
that in no case shall a parolee be held longer than 20 days on
the order of the parole officer awaiting the arrival of the warrant
as provided for in this section.

(c) Any parole officer, any officer authorized to serve criminal
process or any peace officer to whom such warrant shall be delivered
is authorized and required to execute such warrant by taking such
prisoner and returning him to the prison designated by the Department
of Corrections, there to be held to await the action of the Board
of Pardons and Paroles.

(d) Such, officer, other than an officer of the prison or
parole officer, shall be entitled to receive the same fees therefor
as upon the execution of a warrant of arrest at the place where
said prisoner shall be retaken and as for transporting a convict
from the place of arrest to the prison, in case such officer also
transports the prisoner to the prison. Such fees shall be paid

out of the funds standing to the credit of the Department of Corrections.

Code of Alabama, §41-9-623. Identifying data; persons arrested and serious juvenile offenders.

(a) All criminal justice agencies within the state shall submit to the ACJIC, by forwarding to the Alabama Department of Public Safety, fingerprints, descriptions, photographs, when specifically requested, and other identifying data on the following persons:

(1) Persons who have been lawfully arrested in this state for all felonies and certain misdemeanors described in Section 41-9-622.

(2) Persons who have been charged with an act of delinquency or adjudicated a youthful offender for conduct which would constitute a felony or misdemeanor offense, as described in section (1), if committed by an adult.

(b) All chiefs of police, sheriffs, prosecuting attorneys, parole and probation officers, wardens, or other persons in charge of correctional or detention institutions in this state shall furnish the ACJIC with any other data deemed necessary by the commission to carry out its responsibilities under this article.

Code of Alabama, §41-9-627. Identifying data; descriptions on arrest warrants not served.

All persons in this state in charge of criminal justice agencies shall submit to the ACJIC by forwarding to the Alabama Department

of Public Safety detailed descriptions of arrest warrants and related identifying data immediately upon determination of the fact that the warrant cannot be served for the reasons stated.

If the warrant is subsequently served or withdrawn, the criminal justice agency concerned must immediately notify the ACJIC of such service or withdrawal.

The agency concerned also must annually, no later than January 31 of each year and at other times if requested by the commission, confirm to the ACJIC all arrest warrants of this type which continue to be outstanding.

Code of Alabama, §41-9-635. Delinquent parolees.

All probation and parole officers shall supply the ACJIC with the information on delinquent parolees required by this article in a time and manner prescribed by the commission.

United States Code, §1257.  State courts; certiorari

(a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

## STATEMENT OF THE CASE

On May 27, 1996, petitioner was released from the Alabama Department of Corrections, to the Alabama Board of Pardons and Paroles.  The Alabama Board of Pardons and Paroles allowed petitioner to transfer parole to Cobb County Georgia, where he was supervised by the State of Georgia.

On March 27, 1998, petitioner was arrested in Cobb County, Ga., for Aggravated Assault, supposely of his ex-girlfriend. September 15, 1998, the charge were dropped to reckless conduct and trespassing, petitioner plead guilty and was released from jail on time served.

On February 13, 2004, petitioner was arrested in Talladega Alabama, supposely Child Support from 1997.  While in the Talladega County Jail, petitioner was labeled as a parole violater. March 24, 2004, petitioner was re-incarcerated in the Alabama Department of Corrections.

On January 5, 2005, petitioner filed to the Bibb County, Alabama Circuit Court, a Petition For Writ of Habeas Corpus, alleging his Constitutional Rights had been violated as to the arrest and false incarceration.

On March 10, 2005 the respondents in the case submitted their answer to the Habeas Corpus (the first time petitioner received a copy of a Fugitive Warrant, dated June 9, 1998).  The warrant's not signed by an Judge or Magistrate; it did not have the seal of the Department of Correction; the Commissioner which names

it beared was not the Commissioner at the time of petitioner's
arrest; nor did the warrant shows that any other law enforcement
agency acknowledge receiving the warrant.

The Circuit Court of Bibb County attempted to deny the Habeas
Corpus. Petitioner filed a Motion For Reconsideration. The respondents
answer stating; the Code of Alabama, 1975, §15-7-4 is inapplicable
a Judge or Magistrate does not need to sign a warrant for the
return of a prisoner. Petitioner also Mandamus the Alabama Court
of Criminal Appeals. Writ dismissed.

The Circuit Court of Bibb County and the Alabama Court of
Criminal Appeals, failed to acknowledge that the warrant by the
Alabama Department of Corrections had not been filed with the
Alabama Criminal Justice Information Center Commission, pursuant
to the Code of Alabama, 1975, §§41-9-627 and 41-9-635. Nor was
the warrant filed with the Alabama Department of Public Safety,
pursuant to the Code of Alabama, 1975, §41-9-623. Petitioner
had a valid Alabama Driver License #6645787, at the time of his
arrest, February 13, 2004.

The Circuit Court of Bibb County made no finding of facts
on the Habeas Corpus or the Motion For Reconsideration. The court
denied everything, without addressing any of the facts or exhibits.

Petitioner timely appealed the denial of the Writ of Habeas
Corpus to the Alabama Court of Criminal Appeals. Challenging that
the fugitive warrant of the Alabama Department of Corrections,
violated the Fourth Amendment of the United States Constitution.

On October 17, 2005, petitioner filed a Reply Brief.  However, on October  21, 2005, the Alabama Court of Criminal Appeals issued it's Memorandum opinion, denying petitioner relief.

On November 2, 2005, petitioner filed a Brief in Support of Application for Rehearing.  The Application was overruled, November 10, 2005.

On November 22, 2005, petitioner filed a Petition for Writ of Certiorari to the Alabama Supreme Court.  Petitioner requested the Court to acknowledge the violation of the Fourth Amendment, concerning the fugitive warrant.  March 10, 2006, the Writ was denied.  No Application for Rehearing is considered according to the Alabama Rules of Appellate Procedures.

A serious question has been presented to this Court.  The fugitive warrant issued by the Alabama Department of Corrections, stand on no firmer ground than if there had been no warrant at all.

## REASONS FOR GRANTING THE PETITION

The basis of this petition for the writ is that the Alabama
Courts refused to acknowledge that a state statute permitting
law enforcement officer themselves to issue warrants are violations
of the Fourth and Fourteenth Amendment of the United States Constitution.
The issue is whether the Alabama Courts erred in not holding the
the Code of Alabama, 1975 §15-22-31, violates the United States
Constitution and the Alabama Constitution.

A favorable judgement of this petition would effect a class
of Alabama Parole Violater, (such as petitioner), which have been
re-incarcerated soley upon a warrant issued by the Alabama Department
of Corrections, "a Law Enforcement Agency."  The Alabama Courts
erred in holding that the Alabama Department of Corrections "Commissioner"
could meet the two part test required by the Fourth Amendment of
the United States Constitution, to issue a warrant; he must be
"neutral and detached" and he must be capable to determine whether
probable cause exists for the requested arrest.

The Memorandum opinion of the Alabama Court of Criminal Appeals
is in conflict with prior decisions of the Alabama Appellate Courts
and the United States Supreme Court on the same points of law.
In the Court of Criminal Appeals opinion, the Court held: "Section
15-22-31, Ala. Code 1975 expressly give the Department of Corrections
the authority to issue fugitive warrants for the retaking of a

**11.**

parolee who has lasped or violated the conditions of his parole."
However, in the case of Grisson v. Lawler, 10 Ala. App. 540 (1914),
the Court of Appeals held: "A paper in the form of a warrant not
bearing the signature of any Judge or Magistrate is not a warrant
but a mere nullity."  Code of Ala. §15-7-4.  In the case of Coolidge
v. New Hampshire, 403 U.S. 443, 452 (1971), this Court held: "A
state statute which permits law enforcement officer themselves
to issue warrants violates the Fourth and Fourteenth Amendments
of the United States Constitution."  These statements of law or
the substance of the opinion are in conflict and the Court of
Criminal Appeals erred in failing to following the decision of
the Alabama and the United States Supreme Court on the same point
of law.

Under the Fourteenth Amendment, the State of Alabama is not
free to adopt whatever procedure it please for dealing with parole
violater warrants without regard to the possible consequences
of Fourth Amendments violations.  The procedures being used by
respondents has departed from the accepted and usual course of
judicial proceedings, set-forth by the United States Constitution.

This court has held on several occasions that judicial detachment
was constitutionally mandated.  Coolidge v. New Hampshire, 403
U.S. 443 (1971) , held that the Fourth Amendment requires a neutral
and detached magistrate to authorize the search and seizure of
property by the police.  Though New Hampshire argued that the

Attorney General, who was authorized to issue warrants under state law, did in fact act as a neutral and detached magistrate, this court responded:

"... there could hardly be a more appropriate setting than this for a per se rule of disqualification rather than a case-by-case evaluation of all the circumstances. Without disrespect to the state law enforcement agent here involved, the whole point of the basis rule ... is that prosecutors and policemen simply cannot be asked to maintain the requiste neutrality with regard to their own investigations -- the 'competitive enterprise' that must rightly engage their single-minded attention." Id. at 450.

In summary, this court added:

"We find no escape from the conclusion that the seizure and search ... cannot constitutionally rest upon the warrant issued by the state official who was the chief investigator and prosecutor in this case. Since he was not the neutral and detached magistrate required by the Constitution, the search stands on no firmer ground than if there had been no warrant at all." Id. at 453.

The Fourth Amendment's prohibition against warrantless searches and seizures has been applied in two arrest situations closely analogous to the one at bar. Morrissey v. Brewer, 408 U.S. 471 (1971), required that a parolee, after arrest, could be returned to custody for violation of parole conditions only after a hearing on probable cause before someone not directly involved. This court emphasized that:

13.

"... due process would seem to require that some minimal inquiry be conducted at or reasonable near the place of the alleged parole violation or arrest and as promply as convenient after arrest while information is fresh and sources are available.  Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parole has committed acts that would constitute a violation of parole conditions."  Cf. Goldberg v. Kelly, 397 U.S. 254 at 267-271 (1971).

"In our view, due process requires that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case."  Id. at 485.

In Shadwick v. Tampa, 407 U.S. 345 (1972), the city authorized the issuance of arrest warrants by clerks of the Municipal Court. The petitioner challenged these warrants on the ground that the clerks were not neutral and detached magistrates for purposes of the Fourth Amendment as incorporated into the due process clause of the Fourteenth Amendment.  The Court accepting the proposition that the Constitution mandates that arrest warrants be issued only by "judicial officers" or "magistrates," proceeded to hold that the clerks were judicial officers.  In so holding, this court explained:

14.

"The warrant traditionally has represented an independent assuarance that a search and arrest will not proceed without probable cause to believe that a crime has been committed and that the person or place named in the warrant is involved in the crime. Thus, an issuing magistrate must meet two tests. He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. The court long has insisted that inferences of probable cause be drawn by 'a neutral and detached magistrate' instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 33 U.S. 10, 14 (1914); Giordenello v. United States, 357 U.S. 480, 486 (1958).

Morrissey and Shadwick, illustrate that probable cause for arrest may not always be determined by a prosecuting attorney, notwithstanding the dictum of Ocampo v. United States, 234 U.S. 91 (1914). Magistrates or other officials having the detachment of magistrates have been required to find probable cause for returning a parolee to custody and for issuing arrest warrants. Pugh v. Rainwater, 483 F.2d 778 (5th Cir. 1973).

The Fourth Amendment, provides that "no Warrant shall issue, but upon probable cause, supported by Oath or Affirmation," requires that probable cause be determined "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out a crime." United States Constitution Amendment IV.

A warrant must be reviewed by a "neutral and detached magistrate," before it can be executed.  Coolidge v. New Hampshire, 403 U.S. 443, 450 (1971).  This separate review by a member of the judiciary protects individuals from the sometimes "hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime."

The Commissioner of the Alabama Department of Corrections does not manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application for an arrest.

"Whatever else neutrality and detachment might entail, it is clear that they require severance and disengagement from activities of law enforcement."  Shadwick v. Tampa, 407 U.S. 345, 350  (1972).

### CONCLUSION

WHEREFORE, Premises Considered, Petitioner Prays, the petition for writ of certiorari should be granted.

Respectfully submitted,

Robert Tarman, J. 4-18-06
147435    D-1-22B
565 Bibb Lane
Brent, Alabama 35034

16.

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

ROBERT TWYMAN, JR. -- PETITIONER

VS.

ALABAMA -- RESPONDENTS

**PROOF OF SERVICE**

I, Robert Twyman, Jr., do swear or declare that on this date, April 18, 2006, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS and PETITION FOR A WRIT OF CERTIORARI on the party to the above proceeding, by depositiong an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid.

Attorney General

For the State of Alabama

11 South Union Street

Montgomery, Alabama 36130

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2006.

Robert Twyman, Jr.

(Signature)

No. _____

_____

### IN THE

### SUPREME COURT OF THE UNITED STATES

_____

_ROBERT TWYMAN, JR._ — PETITIONER
(Your Name)

VS.

_ALABAMA_ — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

[ X ] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

The Circuit Court of Bibb County, Alabama; Alabama Court of Criminal

Appeals; and Alabama Supreme Court.

[   ] Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

_Robert Twyman, Jr._
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, <u>ROBERT TWYMAN, JR.</u>, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ -0- | $ -0- | $ -0- | $ -0- |
| Self-employment | $ -0- | $ -0- | $ -0- | $ -0- |
| Income from real property (such as rental income) | $ -0- | $ -0- | $ -0- | $ -0- |
| Interest and dividends | $ -0- | $ -0- | $ -0- | $ -0- |
| Gifts | $ -0- | $ -0- | $ -0- | $ -0- |
| Alimony | $ -0- | $ -0- | $ -0- | $ -0- |
| Child Support | $ -0- | $ -0- | $ -0- | $ -0- |
| Retirement (such as social security, pensions, annuities, insurance) | $ -0- | $ -0- | $ -0- | $ -0- |
| Disability (such as social security, insurance payments) | $ -0- | $ -0- | $ -0- | $ -0- |
| Unemployment payments | $ -0- | $ -0- | $ -0- | $ -0- |
| Public-assistance (such as welfare) | $ -0- | $ -0- | $ -0- | $ -0- |
| Other (specify): _____ | $ -0- | $ -0- | $ -0- | $ -0- |
| **Total monthly income:** | $ -0- | $ -0- | $ -0- | $ -0- |

2. List your employment history for the past two years, most recent first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Precision Mas. | P. O. Box 7065 Oxford, Al. | 9/02-2/04 | $ 1100.00 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 0.01
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| BBCF | PMOD | $ 0.01 | $ N/A |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

☐ Home
   Value  N/A

☐ Other real estate
   Value  N/A

☐ Motor Vehicle #1
   Year, make & model _____
   Value  N/A

☐ Motor Vehicle #2
   Year, make & model _____
   Value  N/A

☐ Other assets
   Description _____  N/A _____
   Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _____ | $ ____N/A_____ | $_____ |
| N/A _____ | $_____ | $_____ |
| N/A _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A _____ | _____ | _____ |
| N/A _____ | _____ | _____ |
| N _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ ___-0-___ | $ ___-0-___ |
| Are real estate taxes included?  ☐ Yes  ☐ No |  |  |
| Is property insurance included?  ☐ Yes  ☐ No |  |  |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $___-0-___ | $_-0-___ |
| Home maintenance (repairs and upkeep) | $___-0-___ | $___-0-___ |
| Food | $___-0-___ | $___-0-___ |
| Clothing | $___-0-___ | $___-0-___ |
| Laundry and dry-cleaning | $___-0-___ | $____-0-___ |
| Medical and dental expenses | $___-0-___ | $___-0-___ |

|                                                                                          | You      | Your spouse |
|------------------------------------------------------------------------------------------|----------|-------------|
| Transportation (not including motor vehicle payments)                                    | $ -0-    | $ -0-       |
| Recreation, entertainment, newspapers, magazines, etc.                                   | $ -0-    | $ -0-       |
| Insurance (not deducted from wages or included in mortgage payments)                     |          |             |
| Homeowner's or renter's                                                                  | $ -0-    | $ -0-       |
| Life                                                                                     | $ -0-    | $ -0-       |
| Health                                                                                   | $ -0-    | $ -0-       |
| Motor Vehicle                                                                            | $ -0-    | $ -0-       |
| Other: N/A                                                                               | $ -0-    | $ -0-       |
| Taxes (not deducted from wages or included in mortgage payments)                         |          |             |
| (specify): N/A                                                                           | $ -0-    | $ -0-       |
| Installment payments                                                                     |          |             |
| Motor Vehicle                                                                            | $ -0-    | $ -0-       |
| Credit card(s)                                                                           | $ -0-    | $ -0-       |
| Department store(s)                                                                      | $ -0-    | $ -0-       |
| Other: N/A                                                                               | $ -0-    | $ -0-       |
| Alimony, maintenance, and support paid to others                                         | $ -0-    | $ -0-       |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ -0- | $ -0-       |
| Other (specify): N/A                                                                     | $ -0-    | $ -0-       |
| **Total monthly expenses:**                                                              | $ -0-    | $ -0-       |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ☐ Yes   ☒ No       If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?   ☐ Yes   ☒ No

   If yes, how much? _____

   If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

   ☐ Yes   ☒ No

   If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.
   I have not received any money from my family since August, 2004.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ , 20___

_____
                (Signature)

APPENDIX A

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

RELEASED

OCT 2 1 2005

ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
**Clerk**
Sonja McKnight
**Assistant Clerk**
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1744                     Bibb Circuit Court CV-05-6

Robert Twyman, Jr. v. State of Alabama

WISE, Judge.

The appellant, Robert Twyman, Jr., currently an inmate at Bibb County Correctional Facility, appeals from the circuit court's dismissal of his petition for a writ of habeas corpus. On June 30, 1987, Twyman was convicted of two counts of possession of a controlled substance. He was sentenced to 5 years' imprisonment. On May 18, 1989, Twyman was convicted of one count of attempted assault in the first degree. He was sentenced to 20 years' imprisonment for that offense. Both sentences were ordered to run concurrently for a total of 25 years. On May 27, 1996, Twyman was granted early release by the Alabama Board of Pardons and Paroles. According to Twyman, the Court granted him permission to transfer his

1

supervision to Cobb County, Georgia.

While in Cobb County, Twyman became involved with a woman named Veronia Evans, who wanted to pursue a romantic relationship with him. Twyman did not have reciprocal feelings, and on several occasions, Twyman indicated that he wished for her to leave him alone. Evans executed a warrant against Twyman more than once; she then fled to the state of Maryland without prosecuting the alleged offenses.

On March 27, 1998, Twyman was arrested by law-enforcement officials in Cobb County, Georgia, on an aggravated assault warrant, based on Evans's claim that Twyman had struck her in the head with a beer bottle. On September 15, 1998, Twyman pleaded guilty to misdemeanor reckless conduct charges arising from the assault and was sentenced to 12 months' imprisonment. He was released based on time served.

On June 8, 1998, Twyman was declared delinquent by the Alabama Board of Pardons and Paroles. On June 9, 1998, a fugitive warrant was issued by the Alabama Department of Corrections. On February 13, 2004, Twyman was arrested in Talladega County for failure to pay court-ordered child support, and he was served with the fugitive warrant. On March 9, 2004, a parole-revocation hearing was held and the hearing officer determined that Twyman's parole should be revoked. Twyman was remanded to the custody of the Alabama Department of Corrections to serve the remaining 5 years, 8 months and 5 days of his prior sentences.

On January 6, 2005, Twyman filed the instant petition for writ of habeas corpus. In that petition, Twyman alleged that he was wrongfully declared delinquent and that his present detention is illegal.

I.

On appeal, Twyman claims that the trial court erred when it dismissed his petition without holding an evidentiary hearing. His claim is without merit.

The dismissal of a petition for a writ of habeas corpus is reviewed under an abuse of discretion standard. <u>Miller v.</u>

2

State, 668 So. 2d 912 (Ala. Crim. App. 1995). A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition. D.L.S. v. State, 675 So. 2d 1363 (Ala. Crim. App. 1995).

Here, the record reveals that Twyman was serving three lawful sentences in the custody of the Alabama Department of Corrections when he was paroled by the Alabama Board of Pardons and Paroles in May 1996. Under the Interstate Compact, Twyman's supervision was transferred to Cobb County, Georgia. While in Georgia, he was arrested and pleaded guilty to a new offense. On June 8, 1998, based on the commission of that new offense, the Alabama Board of Pardons and Paroles declared Twyman delinquent and a fugitive warrant was issued. After Twyman was taken into custody and served with the fugitive warrant, a revocation hearing was held and Twyman's parole was revoked and he was returned to the penitentiary to serve the balance of his sentences.

The trial court deemed that Twyman's claims were without merit. Accordingly, the trial court did not abuse its discretion when it dismissed his petition without an evidentiary hearing.

II.

Next, Twyman claims that the fugitive warrant issued by the Commissioner of the Alabama Department of Corrections was illegal because it was not issued by the judicial branch of government.

Section 15-22-31, Ala. Code 1975 expressly gives the Department of Corrections the authority to issue a fugitive warrant for the retaking of a parolee who has lapsed or violated the conditions of his parole. Hence, Twyman's argument to the contrary is without merit.

III.

Lastly, Twyman claims that the Department of Corrections has imposed an improper sentence because, he says, he is entitled to credit for all time served between the declaration of his delinquency and the revocation hearing. He also

3

alleges an additional illegal sentence has been imposed on him for "escape."

This Court has previously held, citing an opinion of the Attorney General, that when a parolee is declared delinquent, such declaration acts as an interlocutory revocation of parole, tolling the parolee's time served until there is a revocation hearing to determine whether the parolee should have his parole revoked.  See <u>State v. Thomas</u>, 833 So. 2d 104 (Ala. Crim. App. 2002).  Thus, he is due no credit.

Twyman's claim that an additional sentence has been imposed on him without a charge or indictment for escape is wholly without merit. Our review of the record reveals that Twyman is merely serving the balance of his lawfully imposed sentences, with no credit given for the period from June 8, 1998 to February 13, 2004.

For all of the foregoing reasons, the judgment of the circuit court is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb and Shaw, JJ., concur.  Baschab, J., concurs in the result.

APPENDIX B

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**Lane W. Mann**
Clerk
**Sonja McKnight**
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

November 10, 2005

**CR-04-1744**

Robert Twyman, Jr. v. State of Alabama  (Appeal from Bibb  Circuit Court: CV-05-6)

## <u>NOTICE</u>

You are hereby notified that on November 10, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. John H. Stacy, Circuit Clerk
 Robert Twyman, Jr., Pro Se
 Andrew W. Redd, Asst. Gen. Counsel
 Kim T. Thomas, Asst. Gen. Counsel
 Office of Attorney General

# IN THE SUPREME COURT OF ALABAMA



March 10, 2006

**1050262**

Ex parte Robert Twyman, Jr.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Robert Twyman, Jr. v. State of Alabama)
(Bibb Circuit Court: CV-05-6; Criminal Appeals : CR-04-1744).

## CERTIFICATE OF JUDGMENT

### Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

    PARKER, J. -  Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.

Witness my hand this 10th day of   March,   2006

Clerk, Supreme Court of Alabama

/bb

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-1744**

Robert Twyman, Jr. v. State of Alabama  (Appeal from Bibb  Circuit Court: CV-05-6)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on October 21st 2005:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 10th day of March, 2006.

Clerk
**Court of Criminal Appeals
State of Alabama**

cc: Hon. Thomas Ap Roger Jones, Circuit Judge
Hon. John H. Stacy, Circuit Clerk
Robert Twyman, Jr., Pro Se
Andrew W. Redd, Asst. Gen. Counsel
Kim T. Thomas, Asst. Gen. Counsel
Office of Attorney General

APPENDIX D

## IN THE CIRCUIT COURT FOR
## BIBB COUNTY, ALABAMA

**ROBERT TWYMAN, JR.  AIS#147435,**  )
       **PETITIONER**  )
      )
v.  )    Case No.: CV-05-06
      )
**CHERYL PRICE,**  )
       **RESPONDENT**  )

### ORDER

This Court, having reviewed the Petition for Writ of Habeas Corpus and the Respondent's Motion to Dismiss, and after having considered same, is of the opinion that the Respondent's motion is well-taken and due to be granted.  Specifically, the Court finds that the Petitioner has failed to show and prove that he was denied due process in connection with his return to the Department of Corrections' custody subsequent to parole revocation or that he is being illegally restrained.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that this petition be and is hereby **DISMISSED.**

The Alabama Department of Corrections is ordered to withhold 50% of the monies the inmate presently has or will accrue in his prisoner account until the total $311.00 filing fee has been collected.  The money collected should then be forwarded to the Circuit Clerk of Bibb County, Alabama.

DONE and ORDERED this the ___4___ day of ___April___ 2005.

FILED IN OFFICE

APR 0 5 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

_____
CIRCUIT JUDGE

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA



**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-04-1911

Ex parte Robert Twyman    (In re: State of Alabama vs. Robert Twyman)    (Bibb  Circuit
Court: CV05-6)

## <u>ORDER</u>

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court
of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.
(See CR-04-1744)

Done this the 28th day of June, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. John H. Stacy, Circuit Clerk
    Robert Twyman, Jr., Pro Se
    Hon. Thomas Ap Roger Jones, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Michael W. Jackson, District Attorney

APPENDIX F

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

ROBERT TWYMAN, JR., AIS#147435,   *
                              *
       Petitioner,         *
                              *
vs.                          *    CASE NO. CV-2005-06
                              *
CHERYL PRICE,             *
                              *
       Respondent.        *

**ORDER**

THIS CAUSE, having come before the Court upon Defendant's **Motion for Reconsideration or in the Alternative, New Trial**, and the Respondent's Response to the same, and it all having been considered by the Court, it is

**ORDERED, ADJUDGED, and DECREED** that Defendant's said motion is due to be **DENIED**.

**DONE and ORDERED**, this the 9th day of June 2005.

THOMAS ap R. JONES, JUDGE
FOURTH JUDICIAL CIRCUIT

FILED IN OFFICE

JUN 1 3 2005

JOHN H. STACY
CIRCUIT/DISTRICT CLERK

APPENDIX G

# S T A T E   O F   A L A B A M A

## D E P A R T M E N T   O F   C O R R E C T I O N S

### F U G I T I V E   W A R R A N T

): ANY PEACE OFFICER.

. WHEREAS TWYMON, ROBERT JR, SERIAL NUMBER 00147435, WAS CONVICTED
= THE OFFENSES SPECIFIED ON PAGE 2 OF THIS WARRANT; THAT THE SAID CONVICT
AS SENTENCED TO IMPRISONMENT IN THE ALABAMA STATE PENITENTIARY FOR A TERM OF
25 YEARS,  0 MONTHS, AND  1 DAYS; THAT THE SAID CONVICT WAS THEREUPON CONFINED
N SAID PENITENTIARY IN ACCORDANCE WITH SAID SENTENCE: THAT THE SAID CONVICT
HEREAFTER AND TO WIT: ON THE 27TH DAY OF MAY, 1996, THE SAID CONVICT
AS PAROLED BY THE STATE BOARD OF PARDONS AND PAROLES, PENDING GOOD BEHAVIOR:
HEN ON THE  5TH DAY OF JUN, 1998, THE STATE PARDONS AND PAROLE BOARD, HAVING
EASONABLE CAUSE TO BELIEVE THAT SAID PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE,
NTO CRIMINAL WAYS OR COMPANY OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN
MPORTANT RESPECT, ORDERED SAID PAROLEE ARRESTED AND RETURNED TO THE CONFINE OF
HE PENITENTIARY TO APPEAR BEFORE THE STATE BOARD OF PARDONS AND PAROLES WHO
ILL DETERMINE THE PAROLE STATUS OF SAID PAROLEE.

. WHEREFORE, THE UNDERSIGNED OF THE DEPARTMENT OF CORRECTIONS BY VIRTUE OF THE
UTHORITY CONFERRED UPON HIM BY THE STATE OF ALABAMA, DOES HEREBY AUTHORIZE AND
IRECT YOU TO RETAKE THE SAID PAROLE VIOLATOR WHEREVER  HE MAY BE FOUND, FOR HIS
ETURN TO THE SAID STATE DEPARTMENT OF CORRECTIONS, SITUATED IN MONTGOMERY IN
HE STATE OF ALABAMA.

N TESTIMONY THEREOF, I HAVE HEREUNTO SET MY HAND AND THE SEAL OF THE DEPARTMENT
F CORRECTIONS THIS  9TH DAY OF JUN, 1998.

JOE S. HOPPER, COMMISSIONER
ALABAMA DEPARTMENT OF CORRECTIONS

PLEASE COMPLETE THE SECTION BELOW AND DELIVER TO AGENT(S) RECEIVING PRISONER.

==============================================================================

TATE OF          COUNTY OF          THIS WRIT CAME TO HAND          ,
ND NOTIFYING THE STATE DEPARTMENT OF CORRECTIONS BY WIRE THAT THE PRISONER WAS
VAILABLE FOR TRANSFER TO THE STATE OF ALABAMA, DEPARTMENT OF CORRECTIONS, AND
HAT EXTRADITION WAS    /WAS NOT      NECESSARY.

HE ABOVE LISTED CONVICT NAMED IN THIS WRIT WAS DELIVERED TO
                              , AGENT(S) OF THE STATE DEPARTMENT OF
ORRECTIONS ON          , 19   FOR REMOVAL TO THE STATE OF ALABAMA.

ARRESTING OFFICER                    IDENTIFICATION OFFICER

ECEIVED OF                    , AGENT(S) THE CONVICT, AIS # 00147435 ,
AMED IN THIS WRIT.  THIS THE      DAY OF          , 19  .