IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Robert Twyman, Jr., | § |
| Petitioner, | § |
| Vs. | §   2:06-CV-833-MEF |
| Alabama Department of Corrections, et al., | § |
| Respondents. | § |

## PETITIONER'S REBUTTER TO RESPONDENT'S RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT

Comes Now, Petitioner in the above styled cause, and submits his Rebutter, and shows good cause in the following, to-wit:

## FACTS

The respondents should first review Document #9, this Court ordered, "...the respondents should comply with the provision of Rule 5 of the rules governing § 2254..." They have not! Would respondents please submit the following, documents briefs, and Writ as part of the records;

A. Reply Brief of Appellant, dated October 17, 2005, with the Certificate of service on the ALDOC Legal Division. **Note:** of filing of Brief forwarded from the Alabama Court of Criminal Appeals stating the appellant's Reply Brief filed October 17, 2005 (This Court should notice the State Appellate Court made its decision on October 21, 2005, 3 days from the recepit of the brief). Served on the respondent by the Clerk of the appellate Court.

B. Appellant's Application For Rehearing both dated November 2, 2005, with Certificate of Service to the Appellees attorney.

C. Petition for Writ of Certiorari to the Supreme Court of Alabama, S.C. No. 1050262, dated November 22, 2005 with Certificate of Service to ALDOC Legal Division.

## ISSUE II

1. If, Ex 1:35 had been receivied by "Any Peace Officer" it would show a stamp, something acknowledging the date and whom received such document.

1.

2. June 5, 1989, petitioner was in the custody of the Cobb County Adult Detention Center, in Marietta, Georgia.

3. Respondents have stated, "The State Pardon and Paroles Board, having reasonable cause to believe.."

In Twyman v. Campbell, 2:04-CV-341-F, Alabama Board of Pardons and Paroles counsels, Gregory O Griffin, Sr., and Hugh Davis stated the following to this Court:

> "The Board declared Twyman delinquent and directed the Department of Corrections to issue a fugitive warrant. <u>The warrant was issued but not delivered or executed at that time.</u>
>
> Twyman was eventually convicted of misdemeanors in Georgia and sentenced to time already served. Since Alabama DOC had not forwarded the warrant to Georgia, Twyman was released from jail. The Georgia parole officer subsequently recommended that Twyman be continued on parole supervision. The Alabama Board of Pardons and Paroles accepted this recommendation and voided its declaration of delinquency. For some reason, unknown to the Board, the fugitive warrant issued by the Department of Correction was not voided."

Respondents, have counsel Griffin and Davis committed prejury in the U.S. District Court for the Middle District of Alabama?

4. Respondents states a judge's signature is not neccessary for the warrant. There is a possiblity that the respondents are misinterpreting Code of Alabama §15-22-31(a). See petitioner Motion to amend for Declaratory relief.

Black's Law Dictionary, Sixth Edition defines Arrest warrant'

> "A written order of the Court which is made on behalf of the State, or United States, and is based upon a complaint issued pursuant to statute and/or court rule and which commands law enforcement officer to arrest a person and bring him before a magistrate." See Fed.R.Crim. P. 4 and 9.

Form. The warrant shall be signed by a magistrate and shall contain the name or description by which he can be identified with reasonably certaomty. It shall describe the offense charged in the complaint. It shall command that the defendant be arrested and brought before the nearest available magistrate. Fed.R.Crim.P. 4(c).

Petitioner believes §15-22-31(a) serice as a basis for respondents to seek a warrant. However, it does not authorize respondents to issue a warrant themselves, if so such acts violates the Fourth and Fourteenth Amendments of the United Constitution. Also, where is the Department of Corrections seal, upon the warrant?

5. Respondents states their, "...in constant communication with the various criminal justice agencies, as evidenced by Ex. 1:33. Respondents need to contact; Jay C. Stephenson, Clerk: Cobb Superior Court; P.O. Box 3370; Marietta, Ga. 30061 and product all tangible objects concern the alleged conviction of petitioner of September 15, 1998, of criminal action file No. 98-9-3751 to this Court and petitioner for the records. Those records will show:

    a). Judge Robert R. Rivard, Jr., allowed Veronia M. Evan to issue a complaint/warrant for the arrest of petitione for Aggravated Assault and Disorderly Conduct, knownly Evans had done the same before, then refused to prosecuted, same as this time.

    b). The warrant was held until May 11, 1998 before being filed into the Circuit Court of Cobb County,

    c). Someone in the Cobb County District attorney Office made an illegal act a "Rose L. Wing" to submit a affidavit in the name of the District Attorney Ben F. Smith, charging petitioner with Reckless Conduct, and criminal trespass. WHAT IS RECKLESS CONDUCT?

    d).That on September 15, 1998, petitioner was coerced into pleading guilty to Reckless Conduct and Criminal Trespassing, charges petitioner never been arrested for or properly charged, and the sentences imposed possibly violated the O.C.G.A.. The Circuit Court of Cobb County, Georgia never had juridiction to except the plea nor impose any sentence.

    e). That the Aggravated Assault and Disorderly Conduct, charges which petitioner was arrested, simply disappeared.

    Respondents also should request copies of petitioner medical records from Cobb County, to acknowledge the medication which he was receiving at the time of the pleads, cause of the two attacks from other inmates.

    6. Petitioner offers Appendix A, a statement from the Alabama Department of public Safety, acknowleding his Alabama License expired 4-29-2004, Driver License No. 6645787. Petitioner Alabama License were renewed in Aug/Sept of 2002. That proof respondents did not followed the guildlines, set-forth in §§ 41-9-623, 41-9-627 and 41-9-635.

7. Respondents contends the Alabama Board of Pardons and Paroles conducted a hearing fo the petitioner. Respondents need to product copies of said hearing fo the records, cause petitioner claims violation of the Fifth, Sixth and Eighth Amendments, of the United States Constitution. Cause of the additional sentenced was imposed by the respondents without a trial, attorney, Judge or a Court. Ex. 1:15 shows Date Sentence Expire 12-25-2009. Ex 1:17 shows a Min Rel. Dt. 9-04-2015. The Circuit court of Talladega county sentenced petitioner to a total term of 25 years and 1 day. What Court sentenced petitioner the additional 5 years, 8 months and 5 days? Ex 1:16 shows a Parole Hearing Officer filed a Re-Instatement Program. However, petitioner received the Board final decision while at the Kilby Correctional Facility, April 2004. In February 2006, the Board of Pardons and Paroles, denied parole and re-set a hearing for February 2009.

8. Respondents should make the Board of Pardons and Paroles Notice of Parole court Hearing apart of the records for it will show; many false statement of Probation Officer Linda Hill concerning the records from Cobb County, Ga. Evenmore important, the report will show that the Hearing Officer name has been forged througth out the entire report.

No where in the record did the hearing officer recommend petitioner lose any time such as dead time. Under the hearing officer true hand written, she recommeded petitioner be re-instated.

9. For years petitioner attempted to bring forth the truth of this matter. Justice and truth can be acquired through this court. However, petitioner resources are limited cause of this incarceration. See Petitioner Motion for Appointment of Counsel. Petitioner had made numerous attempt to contact the attorney which represented him in the Georgia case, he now reside in Jacksonville Fla. The attorney will not response.

Respondents states their justified for petitioner re-incarceration, then bring forth all the records and show proof. It has been the same way sine Police officer Costley arrested petitioner March 26, 1998. Officer Costly stated;

4.

"I know you didn't do what she said, she has no injures, but I have to do my job and arrest you." Since then it been one cover-up after another. Whereas. I pray this Court will do it's job, by honoring the Laws and Cou..stitution of the United States.

### ISSUE III

A1. Respondents still refuse to address petitioner claims of violation to the fourth, fifth, sixth, eighth and fouteenth amendments to the United States Constitution, in their response to Motion for more definite statement.

a2. Respondents ex 2:11-16, (Writ of Mandamus) shows petitioner attacking the circuit Court of Bibb County's Judge Jones for failure to acknowledge violation of the United States Constitution, and the Alabama Constitution of 1901.

a3. Ex 2:14 shows that § 14-1-8(9) (mis-cited in the Writ as 14-1-10(9))

> "The ADOC shall cooperate with any court having criminal jurisdiction in the administration of any law with respect to parole or probation... Also see Code of Ala. § 15-9-31 Form of Demand."

a4. Respondents nor any of the State Court address the issue of Separation of Power. This issue also appeared in the omitted documents, Reply Brief, Application for Rehearing, etc.

a5. All petitioner Constitutional claims have never been refuted by the respondents, or the State Courts, therefore they must be taken as true. See Petitioner Motion for Evidentiary.

Done this the 11 day of December, 2006

*Robert T. Twyman, J.*

### CERTIFICATE OF SERVIC

I hereby certify that I have served a true and correct copy of the foregoing on the Attorney General Office for the State of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert T. Twyman, J.*
147435 D.C.F. C-3-8
P.O. Box 1107
Elmore, Alabama 36025

```
          ALABAMA DEPARTMENT OF PUBLIC SAFETY
                DRIVER LICENSE DIVISION
                     P. O. BOX 1471
                MONTGOMERY, AL 36102-1471
```

JULY 14 2005


ROBERT TWYMAN JR
#147435 D-1-22B
565 BIBB LANE
BRENT AL 35034                    RE: DRIVER LICENSE NO.  6645787


AS OF THE DATE OF THIS LETTER, LISTED BELOW ARE THE REQUIREMENTS FOR
THE REINSTATEMENT OF DRIVING PRIVILEGES.

AMOUNT OF REINSTATEMENT FEE IS :     $0.00

MUST FILE FORM SR-22 INSURANCE UNTIL:   NOT-REQUIRED

OTHER: YOUR ALABAMA LICENSE IS CURRENTLY IN A VALID/EXPIRED STATUS.
       THE LICENSE EXPIRED 4/29/2004.

INCLUDE COMPLETE NAME, DATE OF BIRTH, DRIVER LICENSE NUMBER AND
CURRENT ADDRESS WITH REINSTATEMENT FEE.  MONEY ORDER OR CASHIER'S
CHECK SHOULD BE PAYABLE TO THE DRIVER LICENSE DIVISION AND
MAILED TO THE DEPARTMENT OF PUBLIC SAFETY AT THE ABOVE ADDRESS.

PERSONAL CHECKS NOT ACCEPTED.

CHB

Appendix "A"