IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr., §
    Petitioner, §
Vs. § 2:06-CV-833-MEF
Alabama Department of §
Corrections, et al., §
    Respondents. §

RECEIVED
2006 DEC 12 A 10: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### PETITIONER'S AFFIDAVIT IN SUPPORT OF HABEAS CORPUS

I Robert Twyman, Jr., declare under the penalty of prejury that the forth-coming is true and correct to the best of my knwoledge.

I've requested assistance from this Federal Court, for I've been illegally re-incarcerated by the Alabama Department of Corrections, for an incident which occured in Marietta Georgia, in 1998. Veriona M. Evans was once my girl-friend. When I rejected her cause of her evil ways, she seeked revenge by accruing me of assaulting, her twice. Evans knew I was on parole, and would be placed in jail without bond, for a period of time, by her having me arrested. Knewnly, I could not manage my lawn-care business while in jail, that would really hurt. That was her way of getting even. She never appeared in Court once. A full investigate of the incident will show that where the alleged incident supposely occured, "130 Hedges St," the utilities at 132 Hedges St, were in my name, that where Evans had stayed. I paid her rent to the rent-lady next door, at 130. I done as much as I could for Evans, but she would not do anything for herself.

Years later, after I've forgetten the Evans incident, the ALDOC claims a warrant was issued for my arrest in 1998. The first time I ever saw the paper a Probation Officer Linda Hill of Talladega County, Al. had it at the Talladega County Jail. hill allowed me to view the paper for a moment, but would not allow me a copy. I first received a copy in 2005 when the respondents answered my State Habeas Corpus.

In 2004 the respondent had me in their custody, before the final decision of the Parole Board. At the hearing, i told the hearing officer, how my Alabama Parole Officer Ms. Haywood had applied for me a Pardon in 1996, before my transfer to Georgia.

The hearing officer did not go along with Hill's Claims. The hearing officer recommeded I be re-instated, **if I was still on parole.** At that time I was so mad I would not sign the document, nor give a home pla.n.

I had a valid Alabama Driver License, and I.D. from the State of Ohio where I had lived for several years before returning to Alabama. At one time I was purchasing a home from a Deputy Sheriff of Hamilton County, Ohio, knownly she ran a back-ground check on me, and did nothing show, I must had been free according to the NCIC.

Itruly believe that someone, in the ALDOC failed to remove the document fom their files in 1998. The document has not appeared to any law enforcement other than the ALDOC, and in the possession of Hill.

i've had several ALDOC Classification Official acknowledge that possiable a mistake was made. One stated "I'm not going to lost my job cause of it". You will have to get a Court Order, before we'll release you."

That why I seeK the assistance of this Court. I know I should not be in prison, but the ALDOC has no intention of releasing me, NEVER, cause of their own mistake.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true anc correct. Executed on *December 11, 2006*

*Robert Turyman Jr.*
D.C.F. 147435 C-3-8
P.O. Box 1107
Elmore, Alabama 36025

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this Affidavit on the Attorney General Office for the State of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Turyman, Jr.*