IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Robert Twyman, Jr. | § | |
| Petitioner, | § | |
| Vs. | § | 2:06-CV-833-MEF |
| Alabama Department of Corrections, et al., | § | |
| Respondents. | § | |

RECEIVED

2006 DEC 12 A 10: 25

..RA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Comes Now, Petitioner Robert Twyman, Jr., Pro-se pursuant to Rule 8 of the rules governing § 2254, moves this Court for an Evidentiary Hearing, showing good cause in the following, to-wit:

### FACTS

1. The state courts failed to vindicate the Constitutional rights of the petitioner, they did so because of a faulty fact development procedures. See Respondents Ex 1:47.

2. The need for evidentiary hearing extends not only to the factual issues presented by the petitioner's claims, but also to those presented by the state's defense.

3. If review of the record reveals that petitioner's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment claims were not so litigated, the district court must then decide whether the state provide the petitioner with the opportunity for full and fair litigation of his claim.

4. Respondents should be made by law to show how they regained jurisdiction of petitioner, for without (Respondents Ex 1:35            ) petitioner would not be in prison. See Petitioner Appendix B.

5. This federal court has the authority and responsibility to hear and determine the facts, and dispose of the matter as law and justice require.

6. The federal judiciary must resolve any factual dispute material to a claim appropriately raised in a habeas corpus petition and that resolution of factual disputes requires an evidentiary hearing.

7. Chief Justice Warren stated in <u>Townsen v. Sain</u>, 372 U.S. 293 (1973); because "detention...obtained [in violation

of the Constitution] is intolerable" and because "the opportunity for redress, which presupposes the opportunity to be heard, to argue and present evidence, must never be totally foreclosed."  Also see Petitioner's Memorandum Brief in Support.

### ARGUMENT

The fundermental principle of a petition for writ of habeas corpus is that "government must always be accountable to the judiciary for a man's imprisonment" and that the restraints on liberty must be removed if the imprisonment does not conform to the basis requirement of law. <u>Fay v. Noia</u>, 372 U.S. 391, 401-402 (1963). When the facts alleged in a habeas petition would justify relief if true, or when a factual dispute arises as to whether or not a constitutional right is being denied, the District Court must grant an evidentiary hearing.

### CONCLUSION

Wherefore, Premises Considered, Petitioner Prays this Motion be granted.

**It is So Prayed:**

Done this the 11 day of December, 2006.

*Robert Twymon, Jr.*

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing along with a copy of Motion for Appointment of Counsel, on the Attorney General Office for the State of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twymon, Jr.*
147435 D.C.F. C-8-8
P.O. Box 1107
Elmore, Alabama 36025

2.