IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr., §
    Petitioner, §
Vs. § 2:06-CV-833-MEF
Alabama Department of §
Corrections, et al., §
    Respondents. §

RECEIVED
2006 DEC 12 A 10: 24
DEBRA P. HACKETT, C.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION TO AMEND WRIT OF HABEAS CORPUS
## TO REQUEST DECLARATORY RELIEF

Comes Now, Petitioner Robert Twyman, Jr. Pro-se request to amend said Writ of Habeas Corpus for Declaratory Judgment pursuant to Title 28, U.S.C., § 2201 and Fed.R.Civ.P., Rule 57, showing good cause in the following, to-wit:

### FACTS

1. Petitioner ascertain that he has a legal right, pursuant to the Fourth Amendment of the U.S. Constitution;

> :The right of the people to be secure in their person, house, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched; and the persons or things to be seized."

The Fourth Amendment applies to the petitioner through the Fourteenth Amendment of the United States Constitution;

> ".. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;..."

2. Respondents claims, Ala. Cod. § 15-22-31(a) authorizes the Commissioner of the Alabama Department of Corrections to issue a warrant to retake petitioner without the warrant being supported by Oath or affirmation, and without the authorization of a magistrate or judge;

> If the parole officer having charge of a paroled prisoner or any member of the Board of Pardon and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer
>
> or board member shall report such fact to the Department of Corrections which shall therupon, issue a warrant for the retaking of such prisoner and his return to the prison designated.

3. Petitioner request this Court to put an end to what is the true meaning of the State statute and for the determination of a justiciable controversy for the petitioner is in doubt

1

as to his legal rights.

## ARGUMENT

A paper in the form of a warrant not bering the signature of any judge or magistrate is not a warrant but a mere nullity. See Grissom v. Lawler, 10 Ala. App. 540 (1914).

The Constitution prohibits the issue of any warrant to arrest any person without probable cause. See Johnson v. State, 82 Ala. 29 (1887) and Ex parte Bumper, 854 So.2d 627 (Ala. 2003) (based on petitioner's commission of a new offense while on bail the trial court was ordered to state probable cause on the record.) Code of Alabama, 1975 §§ 15-7-3 and 15-7-4.

A warrant issued by the State official who was the chief investigator and prosecutor in the case. Since he was not the neutral and detached magistrate required by the Constitution the arrest stands on no firmer ground than if there had been no warrant at all.

A State statute permitting law enforcement officers themselves to issue warrants are violative of the Fourth and Fourteenth Amendments. See Coolidge v. New Hampshire, 403 U.S. 443 (1971).

Morrissey v. Brewer, 408 U.S. 471 (1971) and Shadwick v. Tampa, 407 U.S. 345 (1971), illustrate that probable cause for arrest may not always be determined by a prosecuting attorney,.. Magistrate or other officials having the dtachmen of magistrates have been required to find probable cause for returning a parolee to custody and for issuing arrest warrants. See Pugh v. Rainwater, 483 F.2d 778, 786 (5th Cir. 1973).

Petitioner being arrested and re-incarcerated under a so-called Fugitive Warrant issued by a prior Commissioner of the Alabama Department of corrections has standing to bring federal court action seeking declaratory relief on the claim that the warrant failure to be authorized/signed by a magistrate or judge was unconstitutional, according to the Fourth and Fourteenth Amendment of the United States Constitution.

## CONCLUSION

WHEREFORE, Premises Considered, Petitioner Prays this Motion to Amend be granted and this Honorable Court gives

its opinion upon the issue concerning the Fugitive Warrant.
IT IS SO PRAYED:

Done this the _11_ day of December, 2006.

*Robert Twyman, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Attorney General Office for the state of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twyman, Jr.*
D.C.F. 147435 C-3-8
P.O. Box 1107
Elmore, Alabama 36025