IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr.,          *

    Petitioner,          *

v.                           *          2:06-CV-833-MEF

Alabama Department of        *
Corrections, et al.,
                             *
    Respondents.

## MOTION TO EXPAND THE RECORDS

Comes Now, Petitioner's in the above styled cause, pursuant to Rule 7, Rules Governing Section 2254, moves this Court for the expansion of records, and shows good cause in the following, to-wit:

### FACTS

1. Petitioner's aware of this Courts' Order dated November 14, 2006 that; "any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances."

2. Petitioner request an expansion of the records for several reasons. The records should be expanded to include additional material relevant to the merits of the petition. For at any time in this proceeding this court upon it own motion or upon cause shown by petitioner, it may issue the writ.

3. Petitioner's without counsel, but research his case whenever access to the law-library is allowed. Certain circumstances, has been brought to his attention, which this court should be made aware of, for these facts, acknowledge merits to petitioner's alleged violations of his Constitutional Rights.

1

4. Petitioner alleged violations of were once filed in this Court as Twyman v. Campbell, 2:04-CV-341-F. The petition was directed to the ALDOC, however, the Alabama Board of Pardons and Paroles (ABPP) answered. Their answers left questions of certain events. The ABPP stated; their declaration of delinquency was voided. Also, that Georgia closed interest in the case. Petitioner has view this voided declaration of delinquency, in the possession of an ALDOC classification official at the Kilby Correctional Facility, January of 2005, but not allowed a copy, upon his request. Petitioner was under the supervision of the Georgia Board of Pardon and Paroles (GBPP) when the alleged parole violation occurred. Petitioner has no intentions of blaming the GBPP; this court should know the truth as why Georgia closed interest without attempting to arrest/retain petitioner.

> In Williams v. Pennsylvania Bd. of Probation and Parole, 145 Pa. Commw. 31, 602 A.2d 434 (1992), where Pennsylvania authorities filed a detainer, alleging parole violations, with Georgia authorities who had incarcerated the defendant on other charges. Following completion of the punishment imposed by Georgia, Pennsylvania authorities delayed picking up the defendant for nine months afterwards. The Pennsylvania court held that the charge of parole violation had to be dismissed because of the excessive delay.

5. The ABPP is not, never was, a defendant/respondent in either petition. The ABPP elected to plea in the first petition and this Court excepted their answer. The ALDOC presented certain documents in the answer, to the State Court and this Court petition, which came from the ABPP. Therefore, respondents could produce the voided declaration of delinquency, the reason why Georgia closed interest, records of the revocation hearing, petitioners' application for pardons, etc., if desired, or ordered. The records from the revocation hearing would show that the NCIC showed no warrants

2

against petitioner and false signatures of the hearing officer. Petitioners' application for a pardon may show why Georgia closed interest in the case.

> "When there has been a violation of conditions of parole, parole authorities, if they desire to take advantage of it, should proceed with reasonable diligence to issue and execute a warrant for arrest of parolee; failure to do so may result in a waiver of violation and loss of jurisdiction. See Greene v. Michigan Department of Corrections, 315 F.2d 546 (6th Cir. 1963); U.S. v. Tyler, 605 F.2d 851 (11th Cir. 1979).

6. Petitioner research has uncovered some major discoveries. Respondent relied on section 15-22-31, Code of Alabama, as their authority to issue a warrant for the retaking of petitioner. Would this Court please take notice of section 12-25-38, Code of Alabama, (attached to this motion)? In short, 12-25-38, deals with the ABPP may issue a warrant, to retake an offender. Section 15-22-31 and 12-25-38, are basically the same. The ABPP supervises offender under both statutes, possibly been released from the ALDOC. However, 12-25-38, authorizes the ABPP to issue a warrant, when 15-22-31 authorizes the ALDOC Commissioner to issue a warrant. Both statutes deal with the same subject –matter, revoking inmates, but different agents issue the warrants, while the same agent, ABPP, has supervised the inmate. Petitioner request respondents be order to address this issue. Also, why does the statute appear in Title 12, Code of Alabama?

7. Petitioner alleged the purported "Fugitive Warrant" was invalid. In the statements of Professor Neil P. Cohen, of the University of Tennessee, this issue maybe meritorious.

> "One can argue that the laws authorizing probation and parole authorities to issue violator warrants violate the neutral and detached standard since these individuals often serve as both prosecutors and law enforcement officials in their relationship with probationer and parolees. Their job is to monitor the releaser's activities and to pursue revocation when necessary. Moreover, the alleged violation may reflect adversely on the initial trust, judgment, and rehabilitative skills of the issuing authorities. In short, these authorities may be anything but neutral and detached."

The Law of Probation and Parole, 2nd Ed Section 23:13, p. 23-21 (1999).

8. Respondents need to show why Judicial Officials do not issue parole violator warrants. The records contain no proof that Commissioner of the ALDOC was an official under the laws of the State of Alabama clothed with the legal authority to issue such a warrant. See Moody v. State, 44 Ala. App. 29 (1967). The "Fugitive Warrant" from the ALDOC Commissioner does not include an agreement that the purported warrant is true and authentic and is to be admitted in evidence without proof as required by law. The purported warrant is not properly exemplified and has not been certified as provided by the laws of the State of Alabama. For that reason it should not have been received as evidence in this case. See Moody v. State, 44 Ala. App. 26 (1967), (both cases are attached to this petition for this Court to review). Petitioner requests this court to take notice of respondents' purported "Fugitive Warrant," compare to Moody's warrant, for there are similar. The Alabama Courts ruled that Moody's warrant, for his return to the State of Florida as a parole violator, was did not reach the standard required by Alabama law. Therefore, the purported warrant used to re-incarcerate petitioner, does not reach the standard required by Alabama law. Petitioner rights to Equal Protection of the law have been violated.

9. Respondents have full knowledge of the true meaning of a warrant. Alabama Department of Corrections, Administrative Regulations, #417, Placement and/or Cancellation of Official Detainer (Holdover), IV, 1a;

> Warrant: An instrument (document) issued by a Magistrate authorizing an officer to make an arrest for specific charges as stated thereon. (Should include a warrant number or case number).

10. In Philips v. Jones, 2001 U.S. Dist. Lexis 2840, Ray Charles Phillps, an ALDOC inmate, escaped from the Fountain Trusty Barracks on September 25, 1977. A

fugitive warrant for Phillips' arrest was executed by then Commissioner of the ALDOC, J.C. Locke, Jr., on September 26, 1977. A charge of escape against Phillips was "NO BILLED" during the spring, 1978 session of the Escambia County Grand Jury. Phillips was recaptured and returned to the Alabama prison system on November 15, 1997 to serve the remainder of his June 11, 1973 sentences.

11. In Phillps case, Betty Teague was Director of Central records, at that time. Teague affidavit states; "He is still wanted for completion of his original 30 year murder conviction." Compare Teague's affidavit in Phillps to, Holts' affidavit in this case, total opposite. However, both Teague and Holt held the same office. Respondents have, again violated petitioners' right to "Equal Protection".

12. Furthermore, the Alabama Court of Appeals clearly stated in its Memorandum Opinion of Twyman v. State, CR-04-1744, p.2, (one of the respondents exhibits), "Twyman was remanded to the custody of the Alabama Department of Corrections to serve the remaining 5 years, 8 months, and 5 days of his prior sentences." However, the records show petitioner's minimum release date of September 4, 2015, for respondents have calculated an additional 5 years, 8 months and 5 days, to the original sentence. Petitioner has been denied proper classification by the ALDOC since the day of his re-incarceration.

13. The ALDOC and ABPP loses all supervisory jurisdiction over a prisoner "no later than the date of the expiration of the maximum term or terms for which he was sentenced. See Vance v. United States Parole Com'n, 741 F.2d 1197, 1201 (9th Cir. 1984). According to section 15-22-32, Code of Alabama; "The Board of Pardons and Paroles shall, require such prisoner to serve out in prison the balance of the term for

which he was originally sentence." Petitioners' revocation hearing requested no such action. In fact, petitioner was review for parole in February 2005, but denied for no apparent reason.

14. Petitioner has introduced evidence of his illegal detention, placing the burden upon the respondents, to show a legal restraint. Petitioner, respectfully request this Court to allows the records to be expanded, for the jurisdiction of the ALDOC has been exceeded, and the process used by them is not authorized by any judgment, order, or decree.

15. Furthermore, respondents have a history of releasing inmates, through no fault of the inmate, re-incarcerating them, and attempting to cover the errors. See Giles v. State, 462 So.2d 1063 (Ala. Crim. App. 1985); Ex parte Agee, 474 So.2d 161 (Ala. 1985) and McCall v. State, 594 So.2d 733 (Ala.Crim.App. 1992).

### CONCULSION

Wherefore, Premises Considered, Petitioner prays this Court will grant this request, enabling this court to dispose of this petition.

Done this the 19th day of October, 2007.   *Robert Turnyman, Jr.*

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Attorney General Office for the State of Alabama and the Alabama Department of Correction Legal, by the placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Turnyman, Jr.*
147435   C2-14A
P.O. Box 8
Elmore, Alabama 36025

Robert Twyman, Jr.
147435 C2-14A
P. O. Box 8
Elmore, Alabama 36025

3610140711-11 B007

Office of the Clerk
United Stated District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama
36101-0711

### § 12-25-38. Revocation of post-release supervision status.

(a) Offenders who fail to comply with the conditions of post-release supervision as specified by the Board of Pardons and Paroles may have their release status revoked.

(b) At any time during the period of post-release supervision, the Board of Pardons and Paroles may issue a warrant and may cause the offender to be arrested for violating any of the conditions of post-release supervision.

(c) Any probation officer, police officer, or other officer with power of arrest, when requested by the probation officer or other supervising officer, may arrest an offender under post-release supervision without a warrant. To arrest the offender without a warrant, the arresting officer shall have a written statement by the probation officer or other supervising officer declaring that the offender under post-release supervision, in his or her judgment, has violated the conditions of post-release supervision. The statement shall be sufficient warrant for the detention of the person under post-release supervision in the county jail or other appropriate place of detention until the offender under post-release supervision is brought before the Board of Pardons and Paroles; provided that no person detained under this section shall be held in the county jail for more than 20 days, and if his or her detention exceeds 20 days, he or she shall be immediately transferred to a state correctional facility. The probation officer or other supervising officer shall forthwith report the arrest and detention to the Board of Pardons and Paroles and shall submit in writing a report demonstrating how the offender under post-release supervision violated the terms of his or her release status.

(d) If the offender violates a condition of post-release supervision, the Board of Pardons and Paroles, after a hearing, may implement one or more of the following options:

(1) Continue the existing term of post-release supervision.

(2) Issue a formal or informal warning to the offender under post-release supervision that further violation may result in revocation of his or her post-release supervision status and a return to incarceration for a period of time not to exceed the remainder of the maximum sentence imposed at the time of sentencing. An offender shall not receive credit on his or her sentence for time served on post-release supervision.

(3) Conduct a formal or informal conference with the offender under post-release supervision to reemphasize the necessity of compliance with the conditions of his or her release status.

(4) Modify the conditions of post-release supervision, including, but not limited to, short periods of confinement.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(5) Revoke the post-release supervision status of the offender and order the offender returned to custody for such period of time as provided in subdivision (2).

(e) The Board of Pardons and Paroles may not revoke the release status of an offender and order additional confinement unless the board finds, on the basis of the original offense and the intervening conduct of the offender, either of the following:

(1) That no measure short of confinement will adequately protect the community from further criminal activity by the offender.

(2) That no measure short of confinement will avoid depreciating the seriousness of the violation.

(3) In lieu of a formal hearing, the Board of Pardons and Paroles may issue a standing order authorizing supervising officers to impose the sanctions listed in subdivisions (1), (2), or (3) of subsection (d) or any pre-approved sanction that does not include a period of confinement. All instances of non-compliance and disciplinary actions shall be immediately reported to the Board of Pardons and Paroles.

**History.** Acts 2003, No. 03-354.

**Editor's notes.** The Code Commissioner redesignated subdivision (6) of subsection (d), as enacted by Acts 2003, No. 03-354, as present subsection (e).

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

Grady MOODY v. STATE
Court of Appeals of Alabama
44 Ala. App. 26; 201 So. 2d 650; 1967 Ala. App. LEXIS 411
No. 4 Div. 571
May 9, 1967

---

**Editorial Information: Subsequent History**

Rehearing Denied June 27, 1967.

**Disposition**

　　　　Reversed and remanded.

**Counsel**　　　　　　　　　Jas. A. Mulkey, Geneva, for appellant.

　　　　　　　　　　　　　MacDonald Gallion, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

**Judges:** Johnson, Judge. Price, Presiding Judge, dissenting.

　　　　　　　　　　　　　Opinion

**Opinion by:**　　　　JOHNSON

{44 Ala. App. 26} {201 So. 2d 650} The Probate Court of Geneva County, Alabama, denied a writ of habeas corpus which was filed by Grady Moody against D. T. Braxton, Sheriff of Geneva County. This is an appeal from that judgment.

{44 Ala. App. 27} A warrant purportedly issued by a member of the Florida Probation and Parole Commission states:

"Having reasonable cause to believe that Grady Moody, Pr:69754 a prisoner of the State of Florida, paroled from Florida State Prison and now in the legal Custody of the Florida Probation and Parole Commission has violated the terms and conditions of his parole or has lapsed, or is probably about to lapse, into criminal ways or company, now, therefore pursuant to the provisions of Section 16, Chapter 20519, Laws of Florida, 1941, I hereby order that said prisoner be retaken and brought before me for examination as provided in said Section, and I hereby authorize and require you to retake him and for so doing, this shall be your sufficient warrant.

　　/s/ Raymond B. Marsh, Member of Florida Probation and Parole Commission"

Appellant contends that before the receiving state can allow the sending state to retake appellant, it must appear that the parole of appellant has been revoked.

{201 So. 2d 651} We shall not here decide this question for a study of this proceeding reveals that the demands asserted by the State of Florida herein emanate from the document purporting to be a warrant signed by one "Raymond B. Marsh, Member of Florida Probation and Parole Commission" ordering that appellant be retaken and brought before him for examination as provided by Section 16, Chapter 20519, Laws of Florida, 1941.

The following stipulation appears on page 10 of the record:

"Ex Parte GRADY MOODY

CASE NUMBER 78

　　IN THE PROBATE COURT OF GENEVA COUNTY, ALABAMA

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

"It is agreed that this cause be submitted to Judge J. P. Faulk, Jr., Judge of the Probate Court of Geneva County, Alabama, for a decision thereon upon the following:

    1. The Petition of the Petitioner.

    2. The Writ of Habeas Corpus issued to Honorable D. T. Braxton, Sheriff of Geneva County, Alabama.

    3. The return to the Writ with the Exhibit annexed thereto.

    4. The Motion to strike the Return of the Sheriff.

    5. The Order of the Court denying the Motion to strike.

    6. Answer of the Petitioner to a Writ to the Return.

"And in addition this cause is submitted upon the following stipulation of facts:

    1. There are present in Court the following: Grady **Moody**, Petitioner; William M. Cheshire, Parole Supervisor of the **State** of Alabama; Honorable Edward W. Boswell, District Attorney, Circuit Court of Geneva County, Alabama; Honorable J. P. Faulk, Jr., Judge of the Probate Court of Geneva County, Alabama; D. T. Braxton, Sheriff of Geneva County, Alabama; James A. Mulkey and Jack W. Smith, Attorneys for the Petitioner; R. C. Henderson, who is the proper party directed to re-take the prisoner from Alabama back into the **State** of Florida.

    2. That it is agreed and stipulated by and between the parties that a compact between the Governors is authorized by the statute existing between the **State** of Florida and the **State** of Alabama.

    3. It is agreed that Mr. Henderson, the Officer directed to take the person involved is a duly accredited Officer of the **State** of Florida.

    {44 Ala. App. 28} 4. It is agreed that Grady **Moody**, is in fact a probationer or parolee of the **State** of Florida and is a person sought to be apprehended.

    5. It is further agreed that the sending **State**, that is the **State** of Florida has not revoked the probation or parole of Grady **Moody**, the person apprehended who is now in the custody of D. T. Braxton, Sheriff of Geneva County, Alabama.

"Done and dated on this the 25th day of February, 1966.

    /s/ Edward W. Boswell

DISTRICT ATTORNEY

    /s/ D. T. Braxton

SHERIFF OF GENEVA COUNTY, ALABAMA

    /s/ Jack W. Smith

ATTORNEY FOR GRADY **MOODY**

    /s/ James A. Mulkey

ATTORNEY FOR GRADY MOOSY"

{201 So. 2d 652} This stipulation appears to attempt to simplify the issues involved by stipulating and agreeing to numerous requisites pertaining thereto, proof of which would otherwise be necessary. However, the stipulations do not include an agreement that the purported warrant is true and authentic and is to be admitted in evidence without proof as required by law. The purported warrant is not

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

properly exemplified and has not been certified as provided by the laws of the **State** of Alabama. For this reason it should not have been received as evidence in the court below and for the same reason it cannot now be considered by this court on appeal.

Sec. 393, Tit. 7, Code of Alabama, 1940, provides as follows:

"All transcript of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the **State** of Alabama, or of the United **States**, when certified by the proper custodian thereof, must be received in evidence in all courts* * *"

We observe that the document purporting to be a warrant herein set out and purportedly signed by "Raymond B. Marsh, Member of Florida Probation and Parole Commission" has not been authenticated or proved in compliance with Tit. 7, Sec. 432, Code of Alabama, 1940, which reads as follows:

"Sec. 432 (7719) Manner of proving certain official documents. -- As an additional or alternative mode of proof, the following documents may be proven as follows:

"1. Acts of the executive of this **state**, by the records of the **state** department of the **state**; and of the United **States**, by the records of the **state** department of the United **States**, certified by the heads of these departments respectively. They may also be proved by public documents printed by order of the legislature or congress, or either house thereof.

"2. The proceedings of the legislature of this **state**, or of congress, by the journals of those bodies respectively, or either house thereof, or by published statutes, or resolutions, or by copies certified by the clerk or printed by their order.

"3. The acts of the executive, or the proceedings of the legislature of a sister **state**, in the same manner.

"4. The acts of the executive, or the proceedings of the legislature of a foreign country, by journals published by their authority, or commonly received in that country as such, or by a copy certified under the seal of the country or {44 Ala. App. 29} sovereign, or by a recognition thereof in some public act of the executive of the United **States**.

"5. Acts of a municipal corporation of this **state**, or of a board or department thereof, by a copy, certified by the legal keeper thereof, or by a printed book published by the authority of such corporation.

"6. Documents of any other class in this **state**, by the original, or by a copy certified by the legal keeper thereof.

"7. *Documents of any other class in a sister **state**, by the original, or by a copy, certified by the legal keeper thereof, together with the certificate of the secretary of **state**, judge of the supreme court, court of appeals, circuit or probate court, or mayor of a city of such **state**, that the copy is duly certified by the officer having the legal custody of the original.*" (Emphasis ours -- applicable in the case at hand.)

For the lack of compliance with paragraph 7 above, we hold that the purported warrant is not duly certified and cannot, therefore, be received in evidence. {201 So. 2d 653} This cause is, therefore, due to be and the same is

Reversed and remanded.

## Dissent

**Dissent by:**          PRICE

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

PRICE, Presiding Judge (dissenting).

Tit. 42, Sec. 27, Code of Alabama, 1940, provides that no formalities will be required of a sending state for retaking any person on probation or parole other than establishing the authority of the officer and the identity of the person to be retaken. These facts were established here. I am of the opinion the judgment entered by the court below is correct and should be affirmed. I, therefore, respectfully dissent.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**Grady MOODY v. STATE**
Court of Appeals of Alabama
44 Ala. App. 26; 201 So. 2d 650; 1967 Ala. App. LEXIS 412
No. 4 Div. 571
June 27, 1967

---

**Editorial Information: Subsequent History**

44 Ala. App. 26 at 29.

**Editorial Information: Prior History**

Original Opinion of May 9, 1967, Reported at 44 Ala. App. 26.

**Disposition**
    Application overruled.

**Judges:** Johnson, Judge.

Opinion

**Opinion by:**    JOHNSON

{44 Ala. App. 29} {201 So. 2d 653} On Rehearing

    JOHNSON, Judge.

The life giving and moving force behind the main proceedings before us is the warrant, and there was here no stipulation or proof of its legality or authority. The identity of Mr. Henderson as an Officer of the State of Florida was "agreed", and it was further agreed that he was the party authorized to return the appellant to the State of Florida. It was also agreed that Grady Moody is the probationer or parolee of the State of Florida and the person sought to be apprehended. However, there was no proof as to the validity of the warrant under which Henderson's authority arose.

A warrant, as defined by the 4th Edition of Black's Law Dictionary, page 1756, is "a writ or precept" issued by "competent authority". Precept is defined in Black's Law Dictionary as "order or direction". The "competent authority" on this warrant is one Mr. Marsh, designated as a "Member of Florida Probation and Parole Commission".

Tit. 42, Sec. 27, Code of Alabama, 1940, states that "no formalities" are required between the states except the identity of the "person to be retaken" and the "authority of the Officer".

The record contains no proof that Raymond B. Marsh was a member of the Florida Probation and Parole Commission, and the official under the laws of the State of Florida clothed with the legal authority to issue such warrant.

This court has not gone beyond or behind the "agreed" stipulations of the trial court and, in fact, recognizes and accepts for full value the facts that were stipulated. It would also have recognized and given full value to the facts, had they been stipulated in the record, of the official status and authority of Raymond B. Marsh who signed the warrant.

Because of the failure to so stipulate in the record and the importance thereof, such must be proven as provided by Tit. 7, Sec. 432, par. 7, Code of Alabama, 1940, which reads:

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

"Documents of any other class in a sister **state**, by the original, or by a copy, {44 Ala. App. 30} certified by the legal keeper thereof, together with the certificate of the secretary of **state**, judge of the supreme court, court of appeals, circuit or probate court, or mayor of a city of such **state**, that the copy is duly certified by the officer having the legal custody of the original."

After a careful perusal of Williams v. **State**, 215 Ala. 586, 112 So. 193, we find no factual analogy between the situation therein and the case at bar. We certainly find no authority in *Williams*, supra, which would eliminate the necessity for some sort of certification of the warrant in this cause by the **State** of Florida and signed by Mr. Marsh such as required by Tit. 7, Sec. 432, Code of Alabama, 1940. Neither, in our judgment, should the issuance of a warrant in proceedings of this nature fall within the category of Tit. 42, Sec. 27, Code of Alabama, 1940, which provides as follows:

"* * * no formalities will be required other than establishing the authority {201 So. 2d 654} of the officer and the identity of the person to be retaken.* * *"

As we have heretofore **stated**, the warrant is an indispensible order to generate life or legal existence in proceedings of this kind and is, therefore, certainly more than a mere formality.

Appellee also contends that this court should decide the question of whether "the sending **State** conduct an ex parte revocation of the probation before the receiving **State** can legally send him back?" We think not. Tit. 42, Sec. 27, Code of Alabama, 1940, also **states** in part as follows:

"The decision of the sending **state** to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving **state**."

This **State** cannot question Florida's actions if they wish to retake appellant and no ex parte revocation is necessary or questionable from Alabama. For the reasons herein set out, this application is due to be and the same is hereby overruled.

Application overruled.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.