IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr.,

    Petitioner,

v.                                     Civil Action No. 2:06 CV-833-MEF

Alabama Department of
Corrections, *et al.*,

    Respondents.

## PETITIONER'S REQUEST FOR DOCUMENTS

Comes Now, Petitioner in the above styled captions, pursuant to Rule 34(b)(1)(E), Fed.R.Civ.P., request respondents to product true and correct copies of the following documents to this Court and petitioner.

1. Petitioner's Application for Pardon from the Alabama Board of Pardons and Paroles (ABPP) and their final decision. (*In 1996 a Ms. Haywood of the Talladega County Probation & Parole Office, applied petitioner for a pardon, before his supervision was transferred to the State of Georgia. The ABPP made a decision in 1999*).

2. The ABPP actual document voided it declaration of delinquency, for petitioner in 1998, and the notification of this action to the Alabama Department of Corrections (ALDOC). (*Petitioner has viewed a document of that nature within his institutional file*).

3. The documents pertaining to the parole hearing of petitioner held at the Talladega County Jail on March 9, 2004 and the 13-page recommendation submitted to the ABPP, supposedly prepared March 9, 2004. (*The documents*

1

*will show when/where/how the purposed "Fugitive warrant" was discovered, along with other questionable facts).*

4. The order/summons/document from the ALDOC to the Talladega County official requesting petitioner to be transferred to Kilby Correctional Facility as a parole violator. *(The female deputy who transported Petitioner stated that, the purposed "fugitive warrant" was used as authorization, this would acknowledge how respondents obtained custody of petitioner).*

5. Any/all other tangible objects pertaining to the above requested items.

## CONCLUSION

WHEREFORE, Premises Considered, Petitioner Pray's this Court allows this request to be included in the granted motion for expansion of the records. Furthermore, petitioner respectfully asks respondents to submit all requested documents within 30 days.

Done this the 30 day of October 2007.    *Robert Twyman, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on the Attorney General Office for the State of Alabama and the Alabama Department of Corrections Legal Division, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twyman, Jr.*
147435    C2-14A
P. O. Box 8
Elmore, Alabama 36025

## **BRIEF ARGUMENT IN SUPPORT OF REQUESTED DOCUMENTS**

Petitioner's requesting certain documents in order to prove his present incarceration has been fabricated and is illegal, in violation of State and Federal Laws.

## FACTS

In respondents, Response to Petitioner's Motion for More Definite Statement, dated November 30, 2006, p. 3 states; "The respondents are in constant communication with various criminal justice agencies." Therefore, respondent should have no problems producing the requested documents.

Respondents alleged in their Response to Petitioner's Motion for More Definite Statement, p. 2. "The 'probable cause' is stated in the warrant as; 'THE STATE PARDONS AND PAROLE BOARD,..'" The ABPP stated they voided its declaration of delinquency. There's no probable cause, if the ABPP voided its declaration, meaning the purposed fugitive warrant *(the poisonous tree)* has no authority.

In respondents first Response of November 8, 2006, p.15, shows a document which Linda F. Hill, requested ABPP, "If Declared Delinquent Forward Warrant To:"... The ABPP never forwarded such warrant. At the Parole Court Hearing, the purposed fugitive warrant of the ALDOC was used by those officials, to obtain jurisdiction. On this same day of the hearing, a 13 page recommendation *(the fruit) was prepared* alleging petitioner guilty as a parole violator, in part, and re-instatement in another parts.

With all true and correct, requested documents, this will enable the Court to acknowledge, respondents had no legal rights to incarcerate or detain petitioner in this case.

## ARGUMENTATIVE ISSUES

The deliberate use by the Government of an administrative warrant for the purpose of gathering evidence in a case must meet stern resistance by the courts. See Abel v. U.S. 362 US 217 (1959).

The ALDOC has failed to comply with the statute governing Warrants of Arrest, statutes recognized by the Alabama Courts as establishing a right to due process. Respondents action was contrary to sections 15-7-3 & 15-7-4, Code of Alabama, and to "clearly established Federal law, as determined by the Supreme Court of the United States." See Coolidge v. New Hampshire, 403 U.S. 443 (1971); cf. Collins v. Hendrickson, 371 F.Supp. 2d 1326, 1351 (M.D. Fla. 2004).

Followings from the foregoing cases that some showing of deliberate or intentional misconduct is required to state a Fourth Amendment claim against an officer who wrongfully, without jurisdiction, secures a warrant.

To invalidate a warrant based on incorrect information provided in a supporting affidavit one must show that officer's intentionally or recklessly included false information or omitted necessary true information. See Fleming v. Dowdell, 434 F.Supp. 2d 1138 (M.D. Ala. 2005).

In Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990) the Court held; "prison officials cannot "stand by idly after an inmate has raised the prospect that

In Anderson v. State, 710 So.2d 491 (Ala.Cr.App. 1997), there were allegations of his present incarcerated pursuant to a fugitive warrant issued by ALDOC, being invalid. The Alabama Court of Criminal Appeals further explained that;

> "Sentence of inmate erroneously released without violation of condition of his parole and through no fault of inmate" own continues to run while inmate is free, and thus, time should be credited as if inmate were serving that time in confinement rather than at liberty."

In Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985) (en banc) the court stated; "that prison officials who are under a duty to investigate claims of computational errors in the calculation of prison sentences may be liable for their failure to do so when a reasonable request is made."

It was decided by the Supreme Court of Louisiana, in State v. Baptiste, 26 La. Ann. 134, that a mere communication from the Secretary of the Senate to the Governor, informing him that a recommendation for pardon had been received and acted upon favorably is sufficient evidence of the completeness of the act of pardon, no actual delivery being deemed necessary in order to give it validity. See Ex parte Powell, 73 Ala. 517 (Ala. 1883).

Done this the 30 day of October, 2007.

Robert Twyman, Jr.
147435   C2-14A
P.O. Box 8
Elmore, Alabama 36025

Robert Twyman, Jr.
147435 C-14-A
P.O. Box 8
Elmore, Alabama 36025

361101+0711-11 E007

Office of the Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama  36101-0711



