IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Robert Twyman, Jr., | * | |
| Petitioner, | * | |
| Vs. | * | Civil Action No. 2:06-CV-833-MEF |
| Alabama Department of Corrections<br>Corrections, *et al.*, | * | |
| Respondents. | * | |

## MOTION FOR ORDER COMPELLING REQUESTED DOCUMENTS

Comes Now, petitioner in the above styled cause, pursuant to Rule 37(B)(iv), Fed.R.Civ.P., moves this Court to order respondents to product requested documents, and shows good cause in the following, to-wit:

### FACTS

1. On/or about October 30, 2007, petitioner respectfully requested the respondents to produce certain documents that are relevant to this cause.

2. In the request for documents, petitioner illustrated as to what the documents would show and that material has a serious impact upon this cause.

3. Respondents have not objected or responded to petitioner's request.

4. Respondents should've responded to the documents requested reasonably and should not produce documents in a manner designed to hide or obscure the existence of particular documents.

5. The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issue in any civil action may be based on a full and accurate understanding of the true facts, therefore embody a fair and just result.

6. Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

7. Cause of respondents non-actions, petitioner respectfully asks this Court to Order the respondents to reply, to petitioner's Motion to Request for Documents.

Done this the 4 day of December, 2007.

*Robert Twyman, Jr.*

1

## MATERIAL FACTOR IN SUPPORT OF PETITIONER'S CAUSE
### I. FACTOR

Petitioner contends that the plain meaning of the term "warrant" means a document that is based upon probable cause and supported by sworn facts.

Pursuant to section 36-15-1(7), Code of Alabama, defendant Troy King, Attorney General for the State of Alabama has a duty to ensure constitutional validity of State statutes. Petitioner has continually complained as to the constitutional validity of section 15-22-31(a), Code of Alabama, allowing the Commissioner of the ALDOC, to issue warrants. Petitioner introduced section 12-25-38(a), Code of Alabama, to this court, another State statute, which allows the Board of Pardons and Parole to issue warrants.

The courts are the arms of government charged with issuing warrants, this requirement is directed to court officials as well as law enforcement. See *Berg v. County of Allegheny*, 219 F.3d 261, 271 (3rd Cir. 2000). Both State statutes, which allows the ALDOC and ABPP to issue warrants, are in violation of the Fourth and Fourteenth Amendments of the United States Constitution. No Legislative act may under-mind the United States Constitution.

The Warrant Clause of the Fourth Amendment unambiguously provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or thing to be seized." U.S. Const. Amend. IV; see also *United States v. Pickard*, 207 F.2d 472, 475 (9th Cir. 1953) (noting that the Warrant Clause secures an individual's rights "to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation'"); *Ex parte Burford*, 7 U.S. (3 Cranch) 448, 453 (1806) ("warrant of commitment was illegal, for want of stating some good cause certain, support by oath".)

In *Groh v. Ramires*, 540 U.S. 551 (2004), the Supreme Court recently affirmed that every warrant must meet the requirement of the Warrant Clause, and be based upon probable cause, supported by oath or affirmation. See also, *Albrecht v. United States*, 275 U.S. 1, 4-6 (1927) (holding an arrest warrant invalid because it was issued based upon affidavits which had been sworn to before an official "not authorized to administer oaths in federal criminal proceeding"). Thus, where a warrant is issued unsupported by oath or

affirmation, it is invalid under the Fourth Amendment. See *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988) (explaining that Warrant clause "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed").

Where respondents has used the word "warrant," it has incorporated the Fourth Amendment's prohibition against the issuance of warrants based on something less than probable cause supported by sworn facts.

The Supreme Court has made clear that no statute can purport to authorize the issuance of any warrant based upon less than that required by the Fourth Amendment. *Nathanson v. United States*, 290 U.S. 41, 47 (1933) ("The amendment applies to warrants under any statute; revenue, tariff, and all others. No warrant inhibited by it can be made effective by an act of Congress or otherwise.") See *United States v. Knights*, 534 U.S. 112, 122 (2001).

Although, while on parole, petitioner was subject to lesser Fourth Amendment protection, he was nonetheless protected by the Fourth Amendment. See *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004).

Petitioner has shown approximately (200) two hundred years of United States Supreme Court case law, acknowledging the Warrant Clause of the Fourth Amendment has not change and can not be changed by a State statute. Respondents do not have the authority to issue a warrant without the assistance of the Judicial Branch of government. Petitioner's in the custody of the ALDOC, in violation of the United States Constitution, and Attorney General Troy King has knowledge of this matter.

## II. FACTOR

The evidence from the requested documents would strongly suggest that it was the ALDOC departure from establishing recordkeeping procedures that cause the purposed "Fugitive Warrant" to remain in their computer system after the ABPP had voided their declaration of delinquency.

The ALDOC showed interest in the return of petitioner to their custody either by agreement between the Sovereigns State, by detainer, the National Crime Information Computer or any other affirmative action. A lapse of more than (5) five years was

equivalent to a pardon or commutation of petitioner's sentence and a waiver of jurisdiction.

The Supreme Court has made clear that a mistakenly issued or executed warrant cannot provide probable cause for an arrest. See *Arizona v. Evan*, 514 U.S. 1 (1995); *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560 (1971).

> "This court also takes guidance in resolving this issue from the reasoning set forth in Justice O'Connor's concurrence in *Evans*. She notes that the invocation of the good-faith exception to the exclusionary rule should depend on the reasonableness of the police officers' reliance on the recordkeeping system itself. *Evans*, 514 U.S. at 17. Thus, the good-faith exception should not apply where there is "no mechanism to ensure [the recordkeeping's] system accuracy overtime" and where the system "routinely leads to false arrests." Id

See *United States v. Herring*, 451 F.Supp. 2d 1290 (M.D. Ala. 2005).

Petitioner can show that the ALDOC has a pattern, which range over 20 (twenty) years, leading to several false arrests. See *Giles v. State*, 462 So.2d 1063 (Ala.Cr.App. 1985); *Ex parte Agee*, 474 So.2d 161 (Ala.1985); *McCall v. State*, 594 So.2d 733 (Ala.Cr.App. 1992); *Caspers v. State*, 646 So.2d 688 (Ala.Cr.App. 1993); *McCorvery v. State*, 675 So.2d 81 (Ala.Cr.App. 1995) and *Anderson v. State*, 710 So.2d 491 (Ala.Cr.App. 1997). Each of those persons was arrest upon false instruments, cause of the ALDOC.

In *McCorvery*, supra, the ABPP notified the record director of the ALDOC, that *McCorvey*, had been released from federal authorities. The ABPP knew petitioner had been released, from Cobb County, Georgia. See *Twyman v. Campbell*, 2:04-CV-341-F. Were the ALDOC notified by the ABPP of petitioner's release?

Defendant Kim Thomas, General Counsel for the ALDOC Legal Division has personal knowledge of the violations alleged in this petition. Thomas appeared as the appellee counsel in *McCorvery*, (see attached copy). As Chief counsel of the ALDOC Legal Division, Thomas has: "a) willfully neglected a legal matter entrusted to him; b) engage in conduct involving dishonesty, fraud, deceit and misrepresentation; c) engage in conduct that is prejudicial to the administration of justice; and d) knowingly assist another in conduct that is a violation of Federal law."

Defendant Thomas has a responsibility as a "minister of justice" must exercise reasonable care to prevent anyone, under his control or direct supervision from making an extrajudicial statement not being supported by probable cause. This responsibility carries with it specific obligations to see that petitioner is afforded procedural justice.

Defendant Thomas should proceed according to the *Alabama Rules of Professional Conduct* and advise the other respondents to perform their legal obligation.

### III. FACTOR

The purposed "Fugitive Warrant" violated petitioner's Constitutional rights under the Fourth and Fourteenth Amendments; the evidence secured as an incident thereto should have been excluded from the parole court hearing.

A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregards as to its truth or falsity concerning the qualifications integrity of a judge. See *Alabama Rules of Professional Conduct*, Rule 8.2.

On December 14, 2007, respondents submitted their "Supplement to Response" outside the time allowed by the court, for their response. Respondents relied upon certain exhibits as their defense. The affidavit of defendant Kathy Holt which has no supporting facts. The Inmate Summary Sheet, a computer printout, without any supporting facts.

Defendant Tara Knee, a lawyer, has submitted to this Court statements knowingly to be false, with reckless disregards as to its truth and falsity concerning the qualification integrity of this Court. Those documents are in direct conflict with the Alabama Court of Criminal Appeals, Memorandum opinion of *Twyman v. State*, CR-04-1744, dated October 21, 2005.

See *Local Rules for the U.S. District Court for the Middle District of Alabama, Standards for Professional Conduct, and Lawyer's Duties to the Court*, Rule 5.

Respondents have failed to produce the information requested, by petitioner. Respondents failed to refute the facts alleged by petitioner. Therefore those facts must be taken as true. Respondents have not presented any genius issues. WHEREAS, in the interest of judicial efficiency because there are no factual disputes, the issues presented are purely a question of law. Petitioner's Due Relief.

## CONCLUSION

WHEREFORE, Premises Considered, Petitioner prays this Court grant said motion, and order respondents to comply with his request.

Done this the 4 day of December, 2007

*Robert Twyman Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4 day of December 2007, served a true and correct copy of the foregoing in the Alabama Department of Corrections, Legal Division and the Attorney General Office for the State of Alabama, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twyman Jr.*
147435   C2-14A
P.O. Box 8
Elmore, Ala.

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama
    36130-1501

Attorney General Office
State of Alabama
11 South Union Street
Montgomery, Alabama
    36130-0152

Robert Twyman, Jr.
147435 C2-14A
P.O. Box 8
Elmore, Al. 36025




Office of the Clerk
United States District Court
Middle District of Alabama
P. O. Box 711
Montgomery, Alabama

36101+0711-11 B007

> **Charles McCorvey v. State**
> COURT OF CRIMINAL APPEALS OF ALABAMA
> 675 So. 2d 81; 1995 Ala. Crim. App. LEXIS 359
> CR-94-1485
> October 20, 1995, RELEASED

**Editorial Information: Subsequent History**

Released for Publication May 31, 1996.

**Editorial Information: Prior History**

Appeal from Escambia Circuit Court. (CV-95-52.60). Joseph Brogden, TRIAL JUDGE.

| | |
|---|---|
| **Disposition** | REMANDED WITH INSTRUCTIONS.* |
| **Counsel** | For Appellant: Charles McCorvey, pro se. |
| | For Appellee: Jeff Sessions, atty. gen., and Kim Thomas, asst. gen. counsel, Department of Corrections.] |

**Judges:** PATTERSON, JUDGE. ALL JUDGES CONCUR.

Opinion

**Opinion by:** PATTERSON

{675 So. 2d 82} PATTERSON, JUDGE

> The appellant, Charles McCorvey, appeals from the circuit court's judgment dismissing his petition for a writ of habeas corpus in which he asserted that an error had been made in "the calculation of his minimum release date pursuant to the correctional incentive time he is legally due."

> McCorvey alleged the following facts:

>> May 14, 1989: He was convicted of a federal offense for which he was sentenced to 4 months' imprisonment and 2 years' supervised probation.

>> June 25, 1991: He was convicted of a felony in Alabama for which he was sentenced to 10 years' imprisonment. This conviction violated his federal probation and by agreement with the Alabama Department of Corrections, he was taken into federal custody to serve his federal sentence concurrently with his state sentence.

>> December 12, 1992: He was released from federal custody because his federal conviction was overturned. He returned to Chicago where he resumed his business, married, and began raising a family.

>> October 1994: He was arrested in North Carolina on a "fugitive escape hold" from Alabama after having been stopped by a state trooper, and he waived extradition to Alabama.

>> November 10, 1994: He was returned to the custody of the Alabama Department of Corrections.

> McCorvey asserted that his Alabama sentence began on August 22, 1991, which apparently is the date that he was taken into federal custody for violation of his federal probation; that he should have earned correctional incentive time credit on his state sentence pursuant to Ala. Code 1975, § 14-9-41, as if he were physically present in the Alabama prison system; and that if he was credited as he argued he should have been, he would have been released in September 1994. He

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

further argued:

"It appears to petitioner that respondent is attempting to assert that the time he was released from federal custody until the time he was arrested in North Carolina, a span of one year and ten months, is **'dead' time** because he was on 'escape.' However, petitioner was never even charged, much less indicted for escape. Indeed, there was no escape."

The record contains the Department's response to an inquiry by McCorvey in which it informed McCorvey that he had been returned to Alabama to complete of his 10-year sentence and not for an escape and that McCorvey could not receive correctional incentive time for the time he was not in custody between December 12, 1992, the date of his release from federal custody, and November 10, 1994, the date he was returned to the custody of the Alabama Department of Corrections.

The state attached to its motion to dismiss McCorvey's petition the affidavit of the corrections records director of the Alabama Department {675 So. 2d 83} of Corrections. She explained that because the Department had originally received information that McCorvey was in the custody of authorities in Fulton County, Georgia, the Department's detainer was placed with Georgia officials rather than with federal authorities; that she was notified on May 17, 1994, by the Alabama Board of Pardons and Parole that McCorvey had been released by the federal authorities; that McCorvey's last known contact with the Mobile Sheriff's Department was on May 31, 1993, when he was released on bond on city charges; that he was entered into the national crime information computer on May 27, 1994; that he was arrested on October 24, 1994; and that his scheduled release date is February 6, 1997.

McCorvey is correct in his assertion that the Alabama Supreme Court has held that the sentence of an inmate erroneously released without violation of a condition of his parole and through no fault of the inmate's own continues to run while the inmate is free. See Ex parte Agee, 474 So. 2d 161, 163 (Ala. 1985) (relying on White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)). See also McCall v. State, 594 So. 2d 733 (Ala.Cr.App. 1992); Giles v. State, 462 So. 2d 1063 (Ala.Cr.App. 1985). Thus, the time should be credited as if the inmate was serving that time in confinement rather than at liberty. Part and parcel to that credit is the award of correctional incentive time for any inmate meeting the requirements of § 14-9-41.

Because the unrefuted allegations, if taken as true, would warrant relief, McCorvey was entitled to a hearing on the merits to ascertain facts sufficient to apply the principle enunciated in Agee. See Capers v. State, 646 So. 2d 688 (Ala.Cr.App. 1993); McCall; Giles. Accordingly, this cause is remanded to the circuit court with the instructions that a hearing be held to determine whether McCorvey's factual allegations are true. If they are true, McCorvey is entitled to habeas corpus relief. Because McCorvey alleges that if given relief, he is due to be immediately released, the circuit court should take all necessary action to see that the circuit court makes due return to this court at the earliest possible time and within 21 days of the release of this opinion.

REMANDED WITH INSTRUCTIONS.

ALL JUDGES CONCUR.

## Footnotes

Footnotes

* Note from the reported of decisions: On December 29, 1995, the Court of Criminal Appeals, on return to remand, dismissed the appeal.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.