IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr.,                          §

    Petitioner,                          §

Vs.                                          §          Civil Action No. 2:06-CV-833-MEF

Alabama Department of                        §
Corections, et

    Respondents.                         §

## PETITIONER'S TRAVERSE TO RESPONDENTS RESPONSE TO ORDER

Comes Now, Petitioner in the above styled cause, moves this Court with his Traverse to the Respondents Response, and shows good cause in the following, to-wit.

Petitioner respectfully asks this Court to take notice of respondents Certificate of Service, attached to their Response to Order, dated December 21, 2007. Respondents mailed petitioner copy to the Draper Correctional Facility. On December 11, 2007, respondents submitted their Response to Petitioner's Motion for Order Compelling Requested Documents, to petitioner at the Elmore Correctional Center. Furthermore, petitioner has not received a copy of (DOC. 39) from the respondents. Petitioner requests this Court to forward to him at the Elmore Correctional Center a copy of (DOC. 39).

### FACTS

Neither one of respondents Kathy Holts affidavits, March 3, 2005, December 14, 2006, or December 14, 2007, made any such statement to whether the information which was being proved is true or correct. Those affidavits shows nothing. Respondent Holt was not, the ALDOC Correctional Records Director when most of those events occured. Ms Betty Teague was the Records Director. The respondents are attempting to confuse this Court.

Respondents attachment #3, shows DOW 11/04/97. Attachment #2 shows ABPP declared petitioner delinquent 11/10/97. Why cause petitioner s Georiga parole officer Walker had issued a warrant for, failing to report for the month of November, 1997. Petitioner had been arrested by the Cobb County Ga., Police Department , for Aggrivated Assault of Veronia Evans, the last of October 1997. The charge was dismissed, before Thanksgiving and petitioner was released from Cobb Jail. However, Officer Walker, forgot to remove the warrant from the records. Petitioner had reported to Walker. December 1997 and January 1998. When arrested 1/22/98, petitioner contacted Walker, he came to the jail, admitted he forgot to remove the warrant in November 1997, removed the hold, petitioner was released from Cobb Jail.

Respondents attachment #6 shows where the untitled document was
process into the NCIC, and a warrant number was issued. It shows that the Cobb PD arrested petitioner and "Marie" verified the untitled document.

Respondents attachment #6 does not show where this untitled document was entered into the NCIC, nor a warrant number. Nor, does any person name, signature, etc, appears to verified the untitled receiving such a document.

Petitioner asks this Court to take "Judicial Notice" that respondents have never shown any document, from any law official in Talladega County, Alabama with a signature to verify petitioner was arrested as a parole violator. Respondents can not produce such a document for (petitioner) Robert Twyman, Jr., was never arrested in Talladega County, Alabama as a parole violator.

Respondents attachment #8, shows an Atlanta, Ga., address. Nowhere, does those documents show any official in the State of Georiga or Alabama, signed that they ever received such documents. This attachment shows nothing. The attachment clearly request a response within 60 days, information details, etc.. From the appearance of this attachment #8 no other person, then the one who printed the attachment, and the person whom placed that Atlanta Address verified received said documents.

This Court should take notice of Respondents attachment #2, 4, 5 and 7, each from ABPP. Those documents show in the bottom left hand conor to whom they were distribution. Somewere distributed to the ACJIC, which petitioner has quoted the Code of Alabama has required concerning warrants, and parole violator. None of the ALDOC documents show if they were distributed.

Respondents attachment #5, shows the ABPP declared petitioner delinquent 6/8/98 for Aggravated Assault and Disorderly Conduct, and the ALDOC supposely issued a Fugitive Warrant to that effect. If the warrant had completed with the "Warrant Clause" of the Fourth Amendment of the U.S. Constitution, and the Code of Alabama, to the describes of the offense, September 15, 1998, the warrant would become invalid, for petitioner was released from Cobb Jail, not being trialed, convicted, or sentenced for Aggravated Assault, or Disorderly Conduct in the State of Georiga. Respondents did not submit a Fugitive Warrant to this Court or petitioner concerning attachment #9.

Respondents attachment #3 has a date which it was entered into the NCIC, but petitioner cannot actually see the date on the copy presented to him. From the date of this untitled document issued 11/04/97 until his arrest 1/22/98, totals 78 days. Respondents attachment #6 untitled document dates 6/9/98, shows no enter date of the NCIC. However, petitioner was in the Cobb Jail from March 26, 1998 until September 15, 1998. From 6/9/98 until 9/15/98, totals 99 days, but it appears the Cobb Co. official never received the untitled documents for they would have acknowledge it, same as

According to § 41-9-627, Code of Alabama, "The agency concerned also must annually, no later than January 31 of each year and at other times if requested by the commission, confirm to the ACJIC all arrest warrants of this type which continue to be outstanding."

Respondents are stating the Fugitive Warrant was outstanding, outstanding for 5 years, 8 months and 5 days. However respondents never filed the warrant with the ACJIC, or the NCIC.

Respondents attachment #4, shows petitioner was continued under parole supervision. Both incidents which petitioner was arrested in Cobb Co. Ga., where for Aggravated Assault of Veronia M. Evans. Both charges were dismissed. Petitioner was allowed to continue on parole the first charge, but over 5 years later violated for the second charge which occured within 6 months of the first charge. Petitioner has a right to Equal Protection, to be treated the same for both charges were dismissed.

Petitioner asks this court to acknowledge those facts, set forth in this Traverse, for review of the Respondents Response to Order  Respondents keeps stating "Dead Time". Would respondents, please give petitioner and this Court the meaning, are a clue as to what is "Dead Time". Petitioner cannot find "Dead Time" in the Code of Alabama.

Furthermore, petitioner asks this court to take notice of respondents record keeping, and the information inwhich was attached to their response, which respondent Holt, possibly has no personal knowledge.

a). The inmate time sheet of the petitioner's does not show where he was declared delinquent November 1997, nor being reinstated January 1998.

b). Attachment #6 shows no person signature, etc..

c). Attachment #7 shows a false statement of "... further consideration in 5-05." Petitioner was first consider for parole, on his present incarceration 2-06, and set-off until 2-09.

Attachment #8 does not show where any official has signed such document.

The affidavit and response, of respondents does not disput petitioner's claims. Respondents have submitted false, untrue document. in order to confuse this Court.

## ARGUMENT

In McMillian v. Johnson, 878 F.Supp. 1473 (M.D. Ala. 1995), Ralph Myer and Walter (Johnny D.) McMillian were both place on Death Row at the Holman Prison. Certain ALDOC official were defendants and found to be a part of an conspiracy to punish McMillian before he was tried.

3

Two men (Myer and McMillian) were placed on the ALDOC Death Row Unit, without even being trialed, convicted or sentenced, it is foreseeable to how petitioner was placed in the custody of the ALDOC as a paroler violator, without the proper procedure being followed.

Petitioners Constitution Rights to the Fourth, Fifth, Sixth Eighth and Fourteenth Amendments were violated by respondents. Being in their custody, cause of a so called warrant which does not comply with the "Warrant Clause" of the U.S. Constitution. Petitioner has never been properly arrested as a parole violator. Certain ABPP official used false ALDOC documents to conduct a parole Hearing, all in violation of the Code of Alabam and the U.S. Constitution. For none of the documents respondents have produced in this cause were verified as true or correct.

In Fleming v Dowdell 434 F.Supp 2d 1138 (M D Ala 2005) Fleming was in the custody of the ALDOC supposely a parole violator for over 5 years, after the U.S. District Court of Alabama, Northern District, had vacated his conviction.

### CONCLUSION

Respondents have producted no factual disputes, his allegations of being illegal restained of life, liberty and freedom have not been refuted.

WHEREAS, Petitioner Prays this Court will grant this Writ of Habeas Corpus.

Done this the 3 day of January 2008.

*Robert Turman, Jr.*

### CERTIFICATE OF SERVICE

I hereby certify that I have this 3 day of January 2008, served a true and correct copy of the foregoing in the Alabama Department of Corrections Legal Division and the Attorney General Office for the State of Alabama by placing the same in the U.S. Mail postage prepaid and properly addressed

*Robert Turman, Jr.*
147435    C2 14A
P O Box 8
Elmore Alabama 36025


Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama
    36130 1501

Attorney General Office
State of Alabama
11 South Union Street
Montgomery, Alabama
    36130-0152

Robert Iwyman, Jr
147935  C2-14A
P.O. Box 8
Elmore, Al. 36025

MONTGOMERY AL 361

03 JAN 2008 PM 3 T

HAPPY HOLIDAYS

United States District Court
Middle District of Alabama
Post Office Box 711
Montgomery, Al.
        36101-0711

36101+0711