IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr., §
    Petitioner, §
Vs. §   Civil Action No. 2:06cv833-MEF
Alabama Department of Corrections, §
    Respondents. §

## PETITIONER'S SUPPLEMENTAL RESPONSE

Comes Now, Petitioner in the above styled cause, pursuant to Rule 7(a), of the Rules Governing Section 2254 Cases, moves this Court for the authentication of certain documents, which have been producted to this Court through the Respondent's Response to Request for Documents, and shows good cause in the following, to-wit:

First, petitioner **THANKS** this Honorable Court for submitting to him a copy of Respondents' Response to Request for Documents, (Doc. No. 39).

Second, petitioner asks this Court to allow his Supplemental response, in order for him to address Respondent's Response to Request for Documents.

### FACTS

Petitioner seeks this Court full attention, as to Doc. No. 39. Page 9 shows "Authorization to Issue Warrant For paroled Prisoner." This document from the ABPP to the ALDOC, requesting a warrant be issued for the petitioner, dated 6/5/98. At the top of the document, shows this Court filing date of 11/29/07. More important, above this Courts' filing date, there's a computer enter date of "02/20/2004    10:26    334353391    INTERSTATE COMPACT    PAGE 02." That is, the date inwhich the document was entered into the Interstate Compact Unit computer system. In the 13-page recommendation of the parole hearing, which respondents will not submit to this court, page 6 states;

> "Officer Hill stated that when she ran his name through NCIC, the fugitive warrant did not show up; however, the office computer indicated Parolee Twymon was delinquent and wanted. She subsequently contacted the Interstate Compact Unit. The Interstate Compact Unit contacted the Department of Corrections and learned that the fugitive warrant was still good."

Doc. No. 39, page 9, the document inwhich started the procedure to declare petitioner a parole violator. The procedure did not start until that document was placed into the Interstate Compact computer, which was 2/20/04. However, the document was dated 6/5/98, by a Director of the ABPP whom was no longer in office, in 2004, the document had not been renewed, by the ABPP new Director. Respondents have no authority

to wait over 5 years, then file such a document, without violating petitioner rights to due process and subjecting him to excessive punishment.

Doc. No. 39, page 9, shows conclusive evidence that petitioner was not entered into the Interstate Compact Unit computer as a parole violator until 2/20/04. That why petitioner had a valid Alabama Drivers License, Ohio State I.D. and his name never appeared in the NCIC before 2004, as wanted. Petitioner was not a fugitive from justice, until someone arbitrarly and capricously, entered the document into the Interstate Compact computer, 2/20/04.

Respondents behavior have shown their evil motive, willfully, malicious, and reckless indifference, to violate petitioner federally protected rights afforded by the United States Constitution. Pages 4,7,8, and 10 of Doc. No. 39, were dated after the "Authorization to Issue Warrant For Paroled Prisoner". was entered into the Interstate Compact Unit computer, 2/20/04. Apparently, pages 5 and 6 has never been verified as been received by anyone in the State of Georiga. Nor, has respondents shown that any law enforcement official in Talladega County, Alabama properly arrested petitioner as a parole violator.

This Court's procedures is a good example as how most commonsence people, keep records, as to when data is received as filed. However, if respondents adversely, remotely or attempt to argue that the 2/20/04 date is which information was taken out of the computer, that some document should/must show a date in 1998, where information was also taken out, to issue a so-called fugitive warrant.

The review of respondents records, shows the process used to incarcerate petitioner in 2004, is not authorized by any judgment, order or decress nor by any provision of the State or Federal law. Petitioner entitled to be discharged from the custody of the ALDOC under a writ of habeas corpus, because respondents has used fabricated evidence, "arranged after the fact," to imprison and continue to detain petitioner in total disregard of his rights to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

## CONCLUSION

Wherefore, the premises considered, Petitioner Prays this Court will GRANT this request.

Done this the 17 day of January, 2008.

*Robert Turman, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17 day of January 2008, served a true and correct copy of the foregoing in the Alabama Department of Corrections, Legal Division and the Attorney General Office for the State of Alabama, by placing the same in the U.S. Mail postage prepaid and properly addressed,

*Robert Twyman, Jr.*
147435    C2-14A
P.O. Box 8
Elmore, Alabama 36025

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama
36130-1501

Attorney General Office
State of Alabama
11 South Union Street
Montgomery, Alabama
36130-152

Robert Twyman, Jr.
147435  C2-14A
P.O. Box 8
Elmore, Alabama 36025



MONTGOMERY AL 361

17 JAN 2008 PM 1 T

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711