IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Robert Twyman, Jr., §
     Petitioner, §
Vs. § Civil Action No. 2:06cv833-MEF
Alabama Department of Corrections, §
     Respondents. §

PETITIONER'S AMENDMENT TO SUPPLEMENTAL RESPONSE

    Comes Now, Petitioner in the above styled cause, moves this Court with his amendment with an attached opinion from the Eleventh Circuit Court of Appeal, with very similar violations of parole to the case at bar, with claims of constitutional violation and proceeding so infested with errors of facts and law of a "fundamental" character that renders the entire proceeding irregular and invalid.

    1. Petitioner continue to establish before this court, that the denial of his constitutional rights, entitle that he shall be discharged from the respondents custody.

    2. The ABPP stated in their answer to a prior petition, that the declaration of delinquency of parole of the petitioner, was void. However, the ALDOC has stated in this petition, the declaration of delinquency, was not void. This Court needs to resolve this dispute.

    3. Respondent further relied upon § 15-22-31(a), Code of Alabama, as authorization to issue warrants. Petitioner has stated this process, violates the Fourth Amendment of the United States "Warrant Clause". This Court has stated it will resolve this issue.

    4. Respondents have submitted to this court "Authorization to Issue Warrant for Paroled Prisoner,¶ with an entrance date of 2/20/04, into the Interstate Compact, a week after petitioner had been incarcerated as a parole violator. See §15-22-1.1, Arts VIII & Ix, Code of Alabama.

    5. Petitioner states, respondents have used blank and out-dated documents to create a "Misinformation of Constitutional magnitude."

    6. Those errors now constitute "a fundamental defect which inherently resulted in a complete miscarriage of justice."

7. In the facts of Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005), shows similar events as petitioner which lead to a parole violations. This Court should notice how, quickly the Georgia Interstate Compact Service acted and the Board issue an arrest warrant. Also, the result of the State Court Writ of Habeas Corpus and how Holmes was reparoled within 11 monts of his re-incarceration.

8. Petitioner has served approximately 4 years, being reconsider for parole in 2006, but set off for 3 more years. Furthermore, respondents placed an addition 5 years, 8 months and 5 days to a sentence, which the application fro pardon and the final decision, has apparently disappeared.

9. The writ of habeas corpus is granted in order to enable a citizen, who is restrained of his liberty, to have a speedy investigation into the cause of his detention and to secure his release, unless he is lawfully detained. Ala. Const. Art. I, §17; Ala. Code §§ 15-21-1 through 34.

10. The 'suspension" of the writ, which is prohibited by our constitution, means the denial to the citizen of the right to demand an investigation into the cause of his detention.

11. All that he has a right to demand is that his case be investigated, according to the usual mode of procedure in the courts of justice, and that justice shall be administered, without sale, denial, or dely.

12. The writ cannot be bound down by technical pleading, nor its swift and effective relief hindered by captious objection or finespun theries of procedure.

WHEREFORE, the premises considered, Petitioner Pray this Court will acknowledge this amendment.

Done this the 29 day of January, 2008

*Robert Tweyman, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that I have this 29 day of January 2008. served a true and correct copy of the foregoing on the Alabama department of Corrections, Legal Division and the Attorney General Office for the State of Alabama(**except a copy of the HOLMES case**) by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Tweyman, Jr.*
147435   C2-14A
P.O. Box 8
Elmore, Alabama 36025

Robert Twyman, Jr.
147935 C3-14A
P.O. Box 8
Elmore, Al. 36025



29 JAN 2008 PM 1 T
MONTGOMERY AL 361

U.S. District Court
Middle District of Ala.
P.O. Box 711
Montgomery, Al. 36101-0711

36101+0711

PAUL HOLMES, Plaintiff-Appellee, versus BOB CROSBY, GARFIELD HAMMONDS, JR., EUGENE P. WALKER, BETTY ANN COOK, WALTER S. RAY, BOBBY WHITWORTH, Defendants-Appellants.
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
418 F.3d 1256; 2005 U.S. App. LEXIS 13017
No. 04-15233 Non-Argument Calendar
June 27, 2005, Decided
June 27, 2005, Filed

### Editorial Information: Prior History

Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 03-01754-CV-RWS-1.

### Summary:

### Posture:
Defendants, members of the Georgia Board of Pardons and Paroles and a parole officer, appealed a decision of the United States District Court for the Northern District of Georgia, which denied defendants' motion for summary judgment in plaintiff claimant's 42 U.S.C.S. § 1983 action. The claimant had asserted claims for false imprisonment and violation of due process rights.

### Cite overview:
State parole board members and a parole officer were entitled to summary judgment for § 1983 action because members and officer, acting within scope of duties, were entitled to absolute quasi-judicial immunity from damages suit and no declaratory relief was available for request for statement indicating defendants had violated due process rights.

### Overview:
The claimant's parole had been revoked, but on a petition for habeas relief, the claimant was re-paroled because of a breach of communication between Florida and Georgia regarding the claimant. The claimant then brought the present action, and defendants sought summary judgment arguing that there was no constitutional right to parole and that defendants were entitled to qualified immunity. On review, the court reversed the denial of summary judgment because the Board members had absolute quasi-judicial immunity from a suit for damages. Further, because the parole officer was acting within the scope of his duties when he testified during the parole revocation hearing, the officer also was entitled to absolute quasi-judicial immunity. Finally, as there was no declaratory relief available for the claimant's request for a statement indicating that defendants had violated his due process rights, summary judgment should have been granted on that claim also.

### Outcome:
The court reversed the denial of summary judgment and remanded for the district court to dismiss monetary claims against the Board members and the parole officer. The court also ordered that summary judgment should be granted on the claim for declaratory relief.

Concepts:
A federal appellate court reviews a district court's denial of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion.
To establish a claim under 42 U.S.C.S. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.
The United States Court of Appeals for the Eleventh Circuit has repeatedly held that individual members of a state parole board are entitled to absolute quasi-judicial immunity from a suit for damages.
The United States Supreme Court has interpreted 42 U.S.C.S. § 1983 to give absolute immunity to functions intimately associated with the judicial process. Although a parole hearing is not a criminal hearing or grand jury proceeding, The United States Court of Appeals for the Eleventh Circuit has read the

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Supreme Court's and its previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties.

**Counsel** For Bob Crosby, Appellant: Jacqueline Faye Bunn, Department of Law, Atlanta, GA.

For Paul Holmes, Pro Se, Snellville, GA.

**Judges:** Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

## Opinion

{418 F.3d 1256} PER CURIAM:

The defendants in this civil rights action, members of the Georgia Board of Pardons and Paroles and an individual parole officer (collectively the "Board"), appeal the district court's denial of their motion for summary judgment.

I. FACTS

On December 10, 1996, Plaint... Paul Holmes was released on parole after serving his sentence in Georgia for armed robbery and aggravated assault. In response to his request for relocation, he was permitted to serve his probation in Florida. Upon his release from prison, he was issued a parole certificate, which contained the conditions of his parole and a directive on how to contact the Georgia Interstate Compact Unit if he lost contact with his assigned parole officer.

In 1999, Florida authorities informed the Board of several parole violations {418 F.3d 1257} which Holmes allegedly committed. At a probable cause hearing, Holmes pleaded guilty to a single charge of violating his parole.1 Several months later, Georgia authorities inquired into the status of pending criminal charges against Holmes, and were informed that the charges were *nolle prossequi*. Georgia sent another letter to Florida requesting that Florida continue its parole supervision of Holmes. Florida did not respond expeditiously to this request, and subsequently released Holmes from his parole.

The Florida authorities eventually informed the Board that it had closed interest in Holmes's case and further indicated that the case could not be re-opened without more information on Holmes's location. When the Board received this information, a member of the Georgia Interstate Compact Service contacted the Miami Dade County Metro Police and attempted to locate Holmes at his last known address, which was his sister's residence. A man living at Holmes's sister's residence indicated that Holmes no longer lived there. The following day, the Board issued an arrest warrant and Order of Temporary Revocation of Parc'... Holmes based upon the Georgia Interstate Compact Service's research and belief that Holmes had absconded from parole supervision.

Holmes was arrested on Georgia's parole warrant on December 28, 2000 and subsequently returned to Georgia. Holmes was denied a preliminary hearing because of his "parole absconder" status. A final parole revocation hearing was not held until March 21, 2001. At the hearing, Holmes testified that he had written to the Board for instructions after being told that he was no longer on parole in Florida, but received no answer, and was never told that his parole supervision had been transferred to Georgia. The Chief Parole Officer in Georgia, Bob Crosby, testified that nothing had gone wrong in Holmes's case, and that Florida had closed interest in the case because authorities could not locate Holmes. Based on the testimony provided at the hearing, the Board revoked Holmes's parole.

Holmes applied for a writ of habeas corpus. The state court reversed the findings the Board made at the initial hearing and ordered the Board to provide Holmes with another final parole revocation hearing. At the second hearing on October 3, 2001, Holmes contended that although he knew he was supposed to report, he did not know to whom. The hearing officer agreed that "there seem[ed] to be a serious breach in communication between Florida and Georgia in reference to [Holmes]." Thus, the Board reparoled Holmes 2

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

On June 23, 2003, Holmes filed a 42 U.S.C. § 1983 action against Bob Crosby and the following members of the Board: (1) Garfield Hammonds, Jr.; (2) Eugene Walker; (3) Betty Ann Cook; (4) Bobby Whitworth; and (5) Walter S. Ray all in their individual capacities. Holmes asserted claims for false imprisonment and violation of his due process rights. He requested both monetary and declaratory relief.3

{418 F.3d 1258} The Board moved for summary judgment, arguing that there was no constitutional right to parole and that Crosby and the Board members were entitled to qualified immunity. The district court denied the Board's motion for summary judgment.4 The Board now appeals.

II. DISCUSSION

A. Standard of Review

We review a district court's denial of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *Evanston Ins. Co. v. Stonewall Surplus Lines Ins. Co.*, 111 F.3d 852, 858 (11th Cir. 1997).

B. Absolute Quasi-Judicial Immunity

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

On appeal, the Board members contend that they are not only entitled to qualified immunity, but that they are also entitled to absolute quasi-judicial immunity.5 We repeatedly have held that individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages. *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988); *see also Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990); *Sultenfuss v. Snow*, 894 F.2d 1277, 1278-79 (11th Cir. 1990), *vacated and affirmed on other grounds after rehearing en banc*, 35 F.3d 1494 (11th Cir. 1994). Thus, we hold that the district court erred in permitting the claims for monetary damages to proceed against the individual Board members.

We have not yet determined, however, whether a parole officer is also entitled to quasi-judicial immunity. We held in *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984) that probation officers receive immunity in preparing presentence investigation reports. Additionally, we held in *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999), that witnesses in criminal trials and grand jury proceedings are afforded absolute immunity even if their testimony is false. We also stated that "the Supreme Court has interpreted § 1983 to give absolute immunity to functions intimately associated with the judicial process." *Id.* (internal quotations omitted).6 Although a parole hearing is not a criminal hearing or grand jury proceeding, we read the Supreme Court's and our previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties. Thus, because Crosby was acting within the scope of his duties when he testified, we conclude that the district court erred in {418 F.3d 1259} permitting the claims for monetary damages to proceed against Crosby.7

III. CONCLUSION

Accordingly, we REVERSE the denial of summary judgment and REMAND for the district court to dismiss the monetary claims against the Board members and Crosby on the basis of absolute quasi-judicial immunity. Furthermore, once the monetary damages are dismissed, the only remaining claim is for declaratory relief. As there is no declaratory relief available, summary judgment should be granted on this claim.

Footnotes

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Footnotes for Opinion

1   Holmes admitted to refusing to undergo urine testing in violation of his parole. The remaining charges were found to lack probable cause.

2   Holmes had been incarcerated on the parole violation for eleven months.

3   Specifically, he requested monetary relief in the amount of $ 100,000 jointly and severally against each of the defendants for compensatory damages and $ 20,000 against each of the defendants for punitive damages. The only declaratory relief he requested was a statement indicating that the defendants had violated his constitutional right to due process.

4   The district court denied summary judgment to the Board members in their individual capacities but granted summary judgment to the Board members in their officials capacities. A review of Holmes's complaint, however, indicates that he did not sue the Board members in their official capacities. Thus, we decline to address this issue.

5   The Board asserted this defense in its "Mandatory Disclosures" below, and therefore this issue was properly raised before the district court.

6   We also note that in *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985), the Supreme Court observed that several federal appellate courts have held that state parole officials have absolute immunity.

7   Because we hold that Crosby and the Board members are entitled to absolute quasi-judicial immunity, their alternative qualified immunity defense is moot.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.