IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 APR - 1  A 9: 26

| Robert Twyman, Jr., | § | |
|---|---|---|
| Petitioner, | § | DEBRA P. HACKETT, CL |
| | | U.S. DISTRICT COURT |
| V. | § | Case No. 2:06-CV-833MIDDLE DISTRICT ALA |
| Alabama Department of Corrections, *et al.*, | § | |
| Respondents. | § | |

## PETITIONER'S FACTS AS TO WHY THIS
## WRIT OF HABEAS CORPUS
## SHOULD BE GRANTED

Comes Now, petitioner in the above styled cause, moves this Court, after the granting of his second request for expansion of records, and shows good cause in the following, why this writ should be granted;

PETITIONER WILL BE REFERRING TO THE INTERSTATE COMPACT (IC) HANDBOOK, WHICH WAS ATTACHED TO THE MOTION FOR EXPANSION OF THE RECORDS.

1. Respondents Response to Request for Documents, attachment of the Authorization to Issue Warrant For Paroled Prisoner, shows it was entered into the IC, 2/20/04. However, this document was issued by the ABPP Director, on 6/5/98.

2. Petitioner again brings to this Court attention; in *Twyman v. Campbell*, 2:04-CV-341-F, the ABPP void its declaration of delinquency. Any/all document pertaining to that cause was voided. In *State v. Thomas*, 833 So.2d 104, 107 (Ala.Crim.App. 2002), the Alabama Court of Criminal Appeals stated; "That the order of delinquency is void and inmate is reinstated on parole ... "Void" means "[o]f no legal effect; null." *Black's Law Dictionary*, 1568 (7th ed, 1999)." The court construe the order as nullifying the declaration of delinquency and restoring...to parole, as if there had never been a declaration of delinquency.

3. According to the Collateral estoppel doctrine, the issue of petitioner revocation of parole of 1998 in Cobb County, Ga., was determined by a valid judgment between ABPP and GBPP and cannot be again litigated between the parties in future litigation.

1

4. The ABPP and GBPP allowed petitioner to transfer his parole from the State of Alabama to the State of Georgia, by way of an IC agreement. The interstate office has a duty to ensure the accuracy of record keeping. See IC Handbook, pg. 5.

5. The GBPP has a duty of submitting an annual progress report, to the ABPP. See IC handbook, pg. 6. Closure can only occur when certain events occur. See IC handbook, pg. 7 and 14. If, petitioner had absconded from supervision, GBPP had a duty to inform the ABPP

6. In *McCorvey v. State*, 675 So.2d. 81, 83 (Ala.Crim.App. 1995), once the Correction Records Director of the ALDOC, was notified by the ABPP, *McCorvey* was entered into the NCIC within 10 days. In *Holmes v. Crosby*, 418 F.3d 1256 (N.D, Ga. 2005), when the Florida authorities closed interest in *Holmes* case, the following day, the GBPP issued an arrest warrant and Order of Temporary Revocation of Parolee; *Holmes* parole was based upon the Georgia Interstate Compact Service. Both *McCorvey* and *Holmes*, cases are in the records.

In this case, it was over (5) five years before anyone attempted to enter anything concerning the petitioner status of parole into the IC, ACJIC, or NCIC. Furthermore, the information that was entered had been determined by a judgment between ABPP and GBPP, in 1998.

7. The Respondents Response to Request for Documents shows confirmation being sent to the Talladega County Jail, 2/25/04 and the Talladega Parole Office, 2/26/04. However, no confirmation appeared to be sent to the ABPP. Also, there's a computer type letter from the ALDOC stating "We will extradite." (**Notice:** A Fugitive Warrant from one ALDOC Commissioner and a letter from another ALDOC Commissioner appears in the records). Under the IC agreement, petitioner had pre-signed a waiver of extradition. See IC handbook pg. 8. Petitioner was in the State of Alabama. Confined at the Talladega County Jail, (the jail address appears on the letter), for "failure to pay Child support," according to respondent's response 11/8/06 pg. 14, (Talladega County jail Inmate Grievance Form) of records on appeal CR-04-1744, at the date of the Commissioner letter. The letter's misleading, and being improperly used.

8. In CR-04-1744, pg. 15, shows that Probation Officer Linda F. Hill, requested a "Declared Delinquent Warrant" from the ABPP, dated 3/1/04. No warrant was ever

issued. The warrant that appeared in the records is from 1998, which Hill apparently found in her office computer.

9. According; to IC handbook, pg. 8, petitioner should be held for a "reasonable time" until receipt of the sending state revocation warrants. The official at Talladega County Jail, sent petitioner to the Kilby Correctional Facility with a copy of the 1998, so-called Fugitive Warrant.

10. Petitioner was a part of the IC contract. Respondent has produced a document, which were entered into the IC computer base. Copies of the IC contract and the final disposition of that contract, will show why GBPP closed interest in petitioner case. Petitioner allegations of "lack of interest" and "wavier of jurisdiction could be answered from the final disposition of the IC contract. It, will show when/why GBPP closed interest and what procedure, if any should've followed.

11. Petitioner has a theory as to how certain officials have "intentionally" and "maliciously" conspired; to unconstitutionally confine him to the custody of the ALDOC, and the records shows evidence of such acts.

12. The record shows, where State and Federal agencies were notified of certain events. Whereas, §41-9-601, (Misuse of information) Code of Alabama and Title 28 U.S.C. §534, has been violated, for certain document which were outdated and void has been placed in the NCIC network.

13. In Petitioner Brief Argument in Support, reveals the ALDOC has a history of placing false information in the IC and NCIC network, to re-incarcerate people having previously served time in their system, and sentences has been completed.

## CONCLUSION

Wherefore, he premises considered, Petitioner Prays this Court would order respondents to justify their unconstitutional actions, if they cannot, petitioner is due his immediate release from their custody.

It is so prayed:

Done this the 31st day of March 2008.

/s/ *Robert Feryman, fr.*

CERTIFICATION OF SERVICE

I hereby certify I have this 31st day of March 2008. served a true and correct copies of these Fact, Interrogatories, Second Interrogatories, Request for Documents, Theory, and Brief Argument on the ALDOC Legal Division and the Attorney General Office for the State of Alabama, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*Robert Twyman Jr.*
147435  C2-14A
P.O. Box 8
Elmore, Alabama 36025

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama
36130

Attorney General Office
State of Alabama
11 South Union Street
Montgomery, Alabama
36130

4

P.O. Box 8
Elmore, Alabama
     36025



3rd Class

Office of the Clerk
U.S. District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama
          36101-0711

