IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT TWYMAN, JR. | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 2:06-cv-833-MEF |
| | § | |
| ALABAMA DEPARTMENT OF CORRECTION, et al., | § | |
| | § | |
| Respondents. | § | |

## MOTION TO SECURE PETITIONERS' RELEASE FROM ILLEGAL CUSTODY

Comes Now, Petitioner in the above styled cause, moves this Court for his discharge from the Alabama Department of Corrections under the writ of habeas corpus, for the records shows the process is so defected as a matter of law, it voids all circumstance labeling him as a parole violator and shows good cause in the following, to-wit;

### THE PETITIONER'S ILLEGAL INCARCERATED PURSUANT TO INFORMATION/WARRANT INSUFFICIENT TO CONFER JURISDICTION

In CR-04-1744, of the respondents Response dated 11/8/05 p.18, the Display Warrant Information shows the parole violation warrant was cancelled on 3/24/04.

*Black's Law Dictionary*, 6th Edition;

**Cancel**. To obliterate' to strike or cross out. To destroy the effect of an instrument by defacing, obliterating, expunging, or erasing it. To revoke or recall; to annul or destroy, make **void** or invalid, or set aside. To rescind; **abandon**; repeal; surrender; waive; **terminate**.

**Terminate**. To put an end to; to make to cease; to end.

**Void.** Null; ineffectual, nugatory; having no legal force or binding effect; unable, in law to support the purpose for which it was intended. An instrument or transaction which is wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it.

**Abandon.** to desert, surrender, forsake, or cede. To relinquish or give up with intent of never again resuming one's right or interest. To give up or to cease to use. To give up

1

absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert. It includes the intention, and also the external act by which it is carried into effect.

The parole warrant was used for authorization to detain petitioner and place him into the custody of the ALDOC. Petitioner was in the custody of the ALDOC before (CR-04-1744 pg. 34) 4/15/04, when the ABPP supposedly violated petitioner parole, upon charges which had been cancelled on 3/24/04.

Also, CR-04-1744 pg. 34 shows a copy of the "Action of the Board Subsequent to Parole Court' was forwarded to the ACJIC. However, "Respondent' Answers to Petitioner's Request for Documents" dated 5/2/08 attachment #2 shows none of those acts are listed in the ACJIC records. Respondents lacked jurisdiction, to detain petitioner as a parole violator.

Whereas, the records shows petitioner is in the custody of the ALDOC by virtue of a cancelled parole warrant. Therefore, the ABPP act of revoking parole was void, having no force and effect of law. Petitioner should've been released from the custody of the ALDOC, 3/25/04.

### THE ALABAMA CRIMINAL JUSTICE INFORMATION CENTER RAP SHEET REVEALS THE TRUE FACTS PETITIONER IS NOT A PAROLE VIOLATOR

A close review of petitioner rap sheet shows "Possible Alabama Probationer." No where in that records does it show petitioner has ever been arrested or revoked as a parole violator. The rap sheet shows petitioner was placed upon parole 5/27/96, without any violation since that date. See Arrest #4, 6, and 8 supervision-custody, ACJIC rap sheet.

However, respondents has furnished this Court with certain document; Response to Request for Documents, 11/29/07. pg. 4, 7, 8; and Response to Order dated 12/21/07, attachment # 3&4. All (5) documents supposedly were entered into the NCIC network. But, none of those documents appear in the petitioners' ACJIC rap sheet. The records shows petitioner was "continued under parole supervisor 1/27/98 and the parole warrant was "Cancel" 3/24/04.

The reason none of those events are documented in the rap sheet, petitioner was cleared of all charges

§ 41-9-625. Identifying data; collection. Code of Alabama

2nd paragraph.

If any person arrested or taken into custody is subsequently released without charge or cleared of the offense through criminal justice proceedings, such disposition shall be reported by all state, county and municipal criminal justice agencies to ACJIC within 30 days of such action, and all such information shall be eliminated and removed.

Respondents Response to Order 12/21/07 attachment #4&#7 both shows copies of those documents were forwarded to the ACJIC. However, the rap sheet shows not records of those copies.

Petitioners' rap sheet shows "Advisory Notice: Possible Alabama Probationer" and that his last arrest was 2/13/04, FTA Child Support with no date of disposition.

The rap sheet further shows petitioner being housed at "Institution/069 Elmore Correctional Facility", "offense/809C Poss. Control Substance." Petitioner's in the custody of the ALDOC. pursuant to possession of controlled substance convictions that expired, 12/24/89. See arrests #4 & #6 of the ACJIC rap sheet.

§ 41-9-601. Misuse of information. Code of Alabama.

Any person who willfully requests, obtains or seeks to obtain criminal offender record information under false pretenses or who willfully communicates or seeks to communicate criminal offender record information to any agency or person except in accordance with this article, or any member, officer, employee or agent of the ACJIC, the ACJIC or any participating agency who willfully falsifies criminal offender record information or any records relating thereto shall, for each offense, be fined not less than $5,000.00 nor more than $10,000.00 or imprisoned in the state penitentiary for not more than five years or both.

Whereas, the record shows petitioner's in the custody of the ALDOC by virtue of a process in direct conflict with the ACJIC records. The ALDOC, who presently has custody of petitioner is not the person authorized by law to detain him, according to information made available by the ACJIC rap sheet.

## CONCLUSION

Wherefore, the premises considered, Petitioner Prays this Court will GRANT this Writ, for he presently been deprived of his rights, and has been detained of his freedom, for an unreasonable period of time by a process not authorized by any provision of law. There's no legal cause for the imprisonment or the restraint of the petitioner by the respondents; he must be discharged from the custody of the Alabama Department of Corrections.

It Is So Prayed:

Done this the 12th day of May 2008.

*/s/ Robert Bergman Jr.*

## CERTIFICATION OF SERVICE

I hereby certify that I have this 12th day of May, 2008 served a true and correct copy of this Motion to Secure Petitioner Release from Illegal Custody on the ALDOC, Legal Division, and the Attorney General Office for the State of Alabama, by placing the same in the U.S. Mail postage prepaid and properly addressed.

*/s/ Robert Bergman Jr.*
147435 C2-14A
P.O. Box 8
Elmore, Alabama 36025

Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama
36130

Attorney General Office
11 South Union Street
Montgomery, Alabama
36130