In The United States District Court
For The Middle District of Alabama
Northern Division

Robert Twyman, Jr.
   Petitioner,

V.            Case No. 2:06-CV-833-MEF

Alabama Dept. of Corr., et al.,
   Respondents.

## Petitioners' Motion for an Determination of the Sufficiency of Respondents Answered Admissions

Comes Now, Petitioner in the above styled cause, moves this Court pursuant to Rule 36, Fed. R. Civ. P., for an determination of respondents answers to Admissions, and shows good cause in the following, to-wit:

### Facts

1. Rule 36, states the answers must be filed "within 30 days after being served." It appears, respondents were outside the time frame. They answered in 35 days. Respondent mailed petitioner copy to the wrong address, they have done this before. Eventhough, their Certificate of Service show Elba, they mailed it to E.C.C.

2. Petitioner's admissions were manifested from the records, presently before this Court.

3. In the past, petitioner has submitted several State cases citing, where respondents used intentionally untrue information to detain inmates. In McCorvey v. State, 675 So. 2d 81 (Ala. Crim. App. 1995) (the NCIC network, untrue information).

4. Respondents have filed numerous documents an effort to show petitioner, was wanted as a parole violator, none shows in the NCIC rap sheet.

5. This Court should take notice, of the rap sheet. It shows petitioner has never been arrested under a Fugitive Warrant. The alleged aggravated assault charge do not appear. Furthermore, the rap sheet states petitioner currently on parole.

## Petitioner's Rebuttal to Respondents Answers

Admission #1. Ms. Holt, stated in the answered interrogatories she became the Director of Central Records in 2003. It's relevant Ms. Holt does not have any personal knowledge of petitioner being a parole violator in 1997 or 1998.

Admission #2 + 3. Respondents objections should be overruled and ordered to answer, accordingly.

Admission #4. Ms. Holt stated, "she is the custodian of all inmates' Central Records files and documents." She should acknowledge by the documents speaking for themselves, each/every Inmate Summary of petitioners', before this court, shows CC-87-124 + CC-87-123 Pass Control Substance (5) year sentences are completed, with a indication of a (*) star beside each case.

Admission #6. This Court should request respondents to refrain their answer. The NCIC printout's of the petitioner. The Advisory Notice: Possible Alabama Probationer, is of the petitioner.

Admission #7. Respondents should refrain this answer. For, pg. 3 NCIC, second paragraph, Notice and Warning, § 41-9-625, Code of Ala. (deflected information shall be eliminated and removed), also Title 28 U.S.C. § 534. "See Petitioner's Motion to Secure...., second issue, according to respondents (5) documents were entered into the NCIC network, however NONE appears in the rap sheet." CR-04-1744 pg. 34, shows a copy of "Board of Pardons and Parole Action of the Board Subsequent to Parole Court," submitted to ACJIC, alone with other agencies and petitioner. However, it doesn't appear on the rap sheet, apparently it was disseminated. Otherwise, the rap sheet would show Supervised Custody revoked, 4/15/04.

Admission #8. Apparently respondents are denying "nothing concerning any parole violations." In petitioner's rap sheet, the first two pages are the Interstate search. The second page states "The Criminal History Records is maintained and available from the following: Georgia + FBI. This record shows no arrest. The rest of the report pretains to the ACJIC records of petitioner. It shows no arrest concerning parole violations or Fugitive Warrants. The record shows current status - Paroled 5/27/96. If, petitioner had been revoked from parole, the record

2 of 5

would not state <u>current</u> status - Paroled. The records shows NO parole violations, as Ms. Holt admission of #5 stated.

Admission #10. Ms. Holt's "the custodian of all inmates' Central Records files," each Inmate Summary of petitioner that you attached to your affidavits, submitted under oath, showed a (✱) star by each petitioner's Poss Cont. Substance case acknowledged the sentence had been completed/expired. Petitioners' NCIC rap sheet dated 4/25/08 requested by Mr. Norman, the director of the IC unit for ABPP shows petitioner; Offense/809C Poss Control Substance, Current Status-Paroled, petitioner has never been arrest pursuant to any Fugitive Warrant, never arrested as a parole violator, or aggravated assault.

For petitioner's current status - Paroled, respondents theory of 5 years, 8 months and 5 days "dead time" is foolish, stupid and frivolous.

## Argument

Respondents appliance of a State law authorizing the ALDOC to issue a warrant, is in conflict with the U.S. Constitution and violates petitioners 4th + 14th amendment rights. Respondents appliance of a State law authorizing dead time, is in conflict with the U.S. Constitution and violates petitioners' 5th, 6th, 8th and 14th amendment rights. Pursuant to the "Supremacy Clause," when the U.S. Constitution is in conflict with a State law, the Constitution overrules. Respondents reasoning for incarcerating and detaining petitioner are of little weight or importance, compared to the basic principles and laws of this nation.

Petitioner moves this Court to take notice of respondents abuse of the Fed. R. Civ. P.. Respondent objections and denials of the admission are senseless. The only answer respondents provided which makes sense; "all documents speak for themselves." All, admissions refered to documents, that were produced to this Court by the respondents. The admission must be taken as true.

3 of 5

For respondents to object and deny under oath, admission of their own documents and the N.C.I.C. rap sheet, shows no genuine issues of material fact exist in their defense. There's a lack of substantive law identifier, their claim against petitioner, of Fugitive Warrant and Dead Time. This court should place sanctions against respondents. Rule 36, Fed. R. Civ. P., vest such power in this Court for effectively to narrow issues and speed the resolution of claim. See <u>Adm. Agri-Ind. LTD v. Harvey</u>, 200 F.R.D. 467 (M.D. Ala. 2001).

Respondents answers suggest an deliberate and intentional process to delay Justice.

### Relief Sought

Petitioner seeks relief in the form of:

a) This Court making a determination, as to whether respondents answer to the admission, were timely filed; or

b) Whether the objection and denial were sufficience, pursuant to the Fed. R. Civ. P..

c) Petitioner Motion to Compel Document, 5/12/08, be granted, in order to show; the basis to incarcerate petitioner, in 2004; who/why placed erroneous information into the I.C. network composing petitioner as wanted for parole violations; the conclusion of the I.C. contract between Al., Ga., and petitioner and the determination of petitioner application for a Pardon.

d) Petitioner be granted leave from this Court to file Motion for Summary Judgment; if necessary

e) a pretrial conference, before an Evidentiary Hearing.

### Conclusion

Wherefore, the premises considered, petitioner prays this Court will take great consideration upon this motion. Cause of respondents neglect, violation of the U.S. Constitution, and their aimless efforts of wasting time, this court will perform the necessities, whereas, this cause will be ended.

Done this the 30th day of June, 2008    Robert Coggman, Jr.

4 of 5

## Certification of Service

I hereby certify that I have this 30th day of June, 2008 served a true and correct copy of this Motion for a determination of the sufficiency of Respondents Answered to Admissions, on the ALDOC Legal Division and the Attorney General Office for the State of Alabama, by placing the same in the U.S. Mail postage prepaid and properly addressed.

                                      Robert Newyman, Jr.
                                      147435 A1-4B
                                      P.O. Box 710
                                      Elba, Alabama
                                          36323

ALDOC                          Attorney General Office
Legal Division                11 South Union Street
P.O. Box 301501            Montgomery Alabama
Montgomery, Alabama        36130
36130

5 of 5

Robert Twyman, Jr.
147435  A1-4B
P.O. Box 710
Elba, Alabama
     36323



Office of the Clerk
U.S. District Court
P.O. Box 711
Montgomery, Alabama
        36101-0711

36101+0711-11  B007